1  RUSSELL J. FRACKMAN
   YAKUB HAZZARD
2  MITCHELL SILBERBERG & KNUPP LLP
   11377 West Olympic Boulevard
3  Los Angeles, CA 90064-1683
   Telephone: (310) 312-2000
4  Facsimile: (310) 312-3100

5  KAREN L. STETSON
   2350 Prairie Avenue
6  Miami, FL 33140
   Telephone: (305) 532-4845
7  Facsimile: (305) 604-0598

8  Attorneys for Plaintiffs

9

                                    98-6507

                          CIV-MIDDLEBROOKS
                              MAGISTRATE JUDGE
                                  BROWN

10              UNITED STATES DISTRICT COURT

11              SOUTHERN DISTRICT OF FLORIDA

12

13  SONY MUSIC ENTERTAINMENT INC., a        CASE NO.
    corporation; A & M RECORDS, INC., a
14  corporation; BMG MUSIC, d/b/a THE RCA   COMPLAINT FOR DECLARATORY
    RECORD LABEL, a general partnership;    RELIEF; INFRINGEMENT OF
15  CAPITOL RECORDS, INC., a corporation;   COPYRIGHTS; CONTRIBUTORY
    ELEKTRA ENTERTAINMENT, a division of    INFRINGEMENT OF COPYRIGHTS;
16  WARNER COMMUNICATIONS, INC., a          VICARIOUS INFRINGEMENT OF
    corporation; MCA RECORDS, INC., a       COPYRIGHTS; CONVERSION;
17  corporation; POLYGRAM RECORDS, INC.,    COMMON LAW COPYRIGHT
    a corporation; and WARNER BROS.         INFRINGEMENT; UNFAIR
18  RECORDS INC., a corporation,            COMPETITION; FALSE
                                            DESIGNATION OF ORIGIN; AND
19                      Plaintiffs,         CIVIL CONSPIRACY

20       v.                                 DEMAND FOR JURY TRIAL

21  GLOBAL ARTS PRODUCTIONS, an entity
    of unknown form; DANNY JORDAN, an
22  individual; SATURN RECORDS, an entity of
    unknown form; STACK-O-HITS, an entity of
23  unknown form; and JACK MILLMAN, an
    individual,
24
                        Defendants.
25

26

27

28

Mitchell Silberberg &
Knupp LLP

0002436.1

Plaintiffs aver:

1.     Plaintiffs bring this suit to address defendants' unauthorized copying and distribution of popular recordings of such well-known artists as Simon & Garfunkel, The Who, Dean Martin, The Doors and Linda Rondstadt, among others.  Defendants' copying and distribution is part of a larger scheme whereby the defendants provide fraudulent licenses to third-parties purportedly granting authority to the third-parties to further copy and distribute the same recordings.  Defendants not only obtain immediate payment for the copies and the bogus licenses, but they also receive on-going royalty payments for continued sales of the recordings. The defendants include two individuals, Danny Jordan and Jack Millman, who function through three fictitious companies, defendants Global Arts Productions, Saturn Records and Stack-O-Hits.  Plaintiffs, which are record companies that own the rights to the recordings that are being copied and  licensed, ultimately seek injunctive relief to halt the unlawful conduct, declaratory relief so that the defendant' lack of rights can be clearly established, and civil damages to compensate plaintiffs for defendants' conduct.

## JURISDICTION AND VENUE

2.     This civil action seeks damages, declaratory relief and injunctive relief for, inter alia, copyright infringement under the Copyright Act of the United States (17 U.S.C. § 101, et seq.) and false designation of origin under the Lanham Act (15 U.S.C. § 1125(a), et seq.).

3.     This Court has jurisdiction of this action under 17 U.S.C. § 101, et seq., 15 U.S.C. § 1125(a),  28 U.S.C. §§ 1338(a) and (b), and 28 U.S.C. § 2201, et seq.

4.     This Court has supplemental jurisdiction over the related claims pursuant to 28 U.S.C. § 1367(a), in that they all are so related to the above federal claims that they form

Mitchell Silberberg &
Knupp LLP

0002436.1

part of the same case or controversy.  Alternatively, this Court has jurisdiction pursuant to 28

U.S.C. § 1332(a) in that the amount in controversy exceeds $75,000, exclusive of interest and

costs, and is between citizens of different states.

5.     This Court has personal jurisdiction over all the defendants in that

multiple acts of infringement complained of herein occurred in the State of Florida and in this

District.  In addition, the defendants either reside in or are doing business in the State of Florida

and in this District.

6.     Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c).

**The Plaintiffs**

7.     Plaintiff SONY MUSIC ENTERTAINMENT INC. is a corporation duly

organized and existing under the laws of the State of Delaware, with its principal place of

business in New York, New York, and is duly qualified to transact business in the State of

Florida.

8.     Plaintiff A & M RECORDS, INC. is a corporation duly organized and

existing under the laws of the State of Delaware, with its principal place of business in

Los Angeles, California, and is duly qualified to transact business in the State of Florida.

9.     Plaintiff BMG MUSIC d/b/a THE RCA RECORD LABEL is a New York

general partnership with its principal place of business in New York, and is duly qualified to

transact business in the State of Florida.

10.     Plaintiff CAPITOL RECORDS, INC. is a corporation duly organized and existing under the laws of the State of Delaware, with a place of business in New York, New York, and is duly qualified to transact business in the State of Florida.

11.     Plaintiff ELEKTRA ENTERTAINMENT GROUP is a division of Warner Communications Inc., a corporation duly organized and existing under the laws of the State of Delaware, with its principal place of business in New York, New York, and is duly qualified to transact business in the State of Florida.

12.     Plaintiff MCA RECORDS, INC. is a corporation duly organized and existing under the laws of the State of California, with its principal place of business in Los Angeles County, California, and is duly qualified to transact business in the State of Florida.

13.     Plaintiff POLYGRAM RECORDS, INC. is a corporation organized and existing under the laws of the State of Delaware, with its principal place in New York, New York, and is duly qualified to transact business in the State of Florida.

14.     Plaintiff WARNER BROS. RECORDS INC. is a corporation duly organized and existing under the laws of the State of Delaware, with its principal place of business in Los Angeles County, California, and is duly qualified to transact business in the State of Florida.

**The Defendants**

15.     Defendant DANNY JORDAN ("JORDAN") is an individual residing and doing business within this District.

Mitchell Silberberg &
Knupp LLP

0002436.1

- 4 -

16.     Defendant GLOBAL ARTS PRODUCTIONS ("GLOBAL ARTS") is an entity of unknown form, doing business in the State of Florida, and has engaged in certain of the activities hereinafter described within this District; and that GLOBAL ARTS is, and at all times relevant herein was, owned, controlled, dominated and operated by defendant JORDAN.

17.     GLOBAL ARTS is a fictitious entity or shell through which JORDAN does business; and that GLOBAL ARTS is merely the alter ego of JORDAN.

18.     Defendant JACK MILLMAN ("MILLMAN") is an individual residing in the State of Arizona and has engaged in certain of the activities hereinafter described within this District.

19.     Defendant SATURN RECORDS ("SATURN") is an entity of unknown form doing business within the State of Florida and has engaged in certain of the activities hereinafter described within this District; and that SATURN is, and at all times relevant herein was, owned, controlled and operated by MILLMAN.

20.     Defendant STACK-O-HITS ("STACK-O-HITS") is an entity of unknown form doing business within the State of Florida and has engaged in certain of the activities hereinafter described within this District; and that STACK-O-HITS is, and at all times relevant herein was, owned, controlled and operated by MILLMAN.

## **COMMON ALLEGATIONS**

### The Plaintiffs' Business

21.     Plaintiffs are engaged in the business of producing sound recordings, and manufacturing, distributing, selling, and/or licensing the distribution and sale of their sound

Mitchell Silberberg & Knupp LLP

0002436.1

1  recordings in phonorecords (including, without limitation, compact discs).  Plaintiffs are among

2  the leading manufacturers of  such phonorecords.  The names and reputations of plaintiffs as

3  manufacturers of sound recordings of high artistic and technical quality are widely and favorably

4  known in the State of Florida, as well as throughout the United States and the world.

5

6         22.    In the course of its business, each plaintiff obtained ownership of the

7  United States  copyrights or exclusive reproduction, adaptation, and/or distribution rights under

8  United States copyrights, in various sound recordings embodied in phonorecords (the

9  "Copyrighted Recordings"), including the Copyrighted Recordings identified on Schedule A

10  hereto and by this reference incorporated herein.  Among the well-known recording artists whose

11  recorded performances are embodied in the Copyrighted Recordings are, The Who, Linda

12  Ronstadt, Joe Cocker, Kool and the Gang, ZZ Top, and Barry White.

13

14         23.    Plaintiffs also have entered into various agreements by which they

15  obtained the sole, exclusive, and complete right to manufacture, distribute, and sell phonorecords

16  embodying certain recorded musical performances of popular recording artists which initially

17  were "fixed" prior to February 15, 1972 (the "Pre-1972 Recordings"), and, therefore, are subject

18  to protection under state common and statutory law, including those Pre-1972 Recordings

19  identified in Schedule B hereto and by this reference incorporated herein.  Among the well-

20  known recording artists whose recorded performances are embodied in the Pre-1972 Recordings

21  are, Simon and Garfunkel, Neil Diamond, The Doors, The Mamas and The Papas,  Perry Como,

22  and Dean Martin.

23

24         24.    Plaintiffs have made substantial investments to produce or otherwise

25  obtain rights to the recordings from which their phonorecords are made.  Phonorecords

26  manufactured and sold by plaintiffs conform to the highest musical and technical standards and

27  are produced and manufactured by plaintiffs at substantial cost and expense.

28

25.     From the dates their phonorecords originally were released through the date of the filing of this complaint, plaintiffs have manufactured and sold to the public numerous phonorecords embodying the Pre-1972 Recordings and Copyrighted Recordings.

26.     Plaintiffs also have made substantial investments to advertise, promote and market phonorecords under plaintiffs' names and trademarks. The public is familiar with plaintiffs' trademarks and trade names, as well as the titles of the phonorecords and the names of the performers and groups of performers whose performances are embodied in the phonorecords distributed by plaintiffs.  As a result of the expenditure of such sums by plaintiffs, plaintiffs have become associated with the Copyrighted Recordings and Pre-1972 Recordings.

Defendants' Unlawful Conduct

27.     Each of the defendants has engaged in a series of transactions and jointly participated in a common scheme to manufacture, duplicate, and distribute phonorecords that contain unauthorized copies of the Copyrighted Recordings and the Pre-1972 Recordings.

28.     Defendants implemented their plan and scheme in the following manner: Defendants MILLMAN, SATURN and STACK-O-HITS knowingly prepared and/or participated in the preparation of false license agreements according to which MILLMAN, SATURN, STACK-O-HITS and/or other entities controlled by MILLMAN purported to acquire perpetual, worldwide non-exclusive rights to reproduce, manufacture or distribute, as well as license others to reproduce, manufacture or distribute, recordings embodying the Copyrighted Recordings and the Pre-1972 Recordings.  Said defendants claimed that such license agreements initially were prepared in connection with certain "tax shelter" investments established in the 1970's and early 1980's.  These tax shelters subsequently were disallowed by U.S. taxing authorities.

29.     Defendants MILLMAN, SATURN and STACK-O-HITS thereafter transferred or assigned these purported tax shelter licenses to JORDAN and GLOBAL ARTS and purported thereby to transfer certain rights in and to the Copyrighted Recordings and Pre-1972 Recordings.  In fact, no such rights were transferred. Using these  purported licenses, defendants MILLMAN, SATURN and STACK-O-HITS reproduced and/or distributed to defendants JORDAN and GLOBAL ARTS unauthorized copies of the Copyrighted Recordings and Pre-1972 Recordings for the purpose of facilitating and permitting further unauthorized reproduction and distribution.

30.     Defendants JORDAN and GLOBAL ARTS thereafter purported to further license rights in and to the Copyrighted Recordings and Pre-1972 Recordings to others for further reproduction and distribution.  These license agreements were entered into within this District and contained Florida choice of law provisions.  Pursuant to these license agreements, said defendants provided their third party licensees with copies of the purported tax shelter license agreements, and also agreed to make or made and provided to them unauthorized copies of the Copyrighted Recordings and the Pre-1972 Recordings.   The third party licensees thereafter further duplicated and distributed the Copyrighted Recordings and Pre-72 Recordings and paid to some of the defendants in this District substantial royalty payments and other compensation as a result of their sale of the Copyrighted Recordings and the Pre-1972 Recordings.

## COUNT I

### DECLARATORY RELIEF

[Against All Defendants]

31.     Plaintiffs incorporate herein by this reference each and every averment contained in paragraphs 1 through 30, inclusive.

- 8 -

32.     An actual controversy has arisen and now exists between plaintiffs, on the one part, and defendants, and each of them, on the other part, concerning their respective right, title, and interest in and to the Copyrighted Recordings and the Pre-1972 Recordings.   Plaintiffs contend that defendants do not now have, and never have had any rights, titles, or interests in and to the Copyrighted Recordings or the Pre-1972 Recordings.

33.     Defendants are continuing to duplicate, manufacture and distribute, and/or purport to license others to duplicate, manufacture and distribute, without plaintiffs' permission, the Copyrighted Recordings and the Pre-1972 Recordings.

34.     In order to prevent further injury to their rights in the unique and valuable property comprising the Copyrighted Recordings and the Pre-1972 Recordings, and in order to avoid a multiplicity of actions, plaintiffs desire a judicial determination and a declaration that defendants do not now have, and never have had, any rights, titles, or interests in and to the Copyrighted Recordings and the Pre-1972 Recordings, and that plaintiffs have the exclusive rights, titles, or interests in and to the Copyrighted Recordings and the Pre-1972 Recordings, or such other declaration as the Court deems appropriate.

## COUNT II

### INFRINGEMENT OF COPYRIGHTS

[Against All Defendants]

35.     Plaintiffs incorporate herein by this reference each and every averment contained in paragraphs 1 through 30, inclusive.

36.     Plaintiffs are, and at all relevant times have been, the copyright owners or owners of exclusive rights under copyright with respect to the Copyrighted Recordings.   Each plaintiff has applied for and/or received from the Register of Copyrights Certificates of

Mitchell Silberberg &
Knapp LLP

- 9 -

0002436.1

Copyright Registration for the Copyrighted Recordings. Each plaintiff has the exclusive rights, among other things, "to reproduce the [Copyrighted Recordings] in . . . phonorecords" and "to distribute copies or phonorecords of the [Copyrighted Recordings] to the public by the sale or transfer of ownership, or by rental, lease or lending." In addition, plaintiffs have the right "to prepare a derivative work in which the actual sounds fixed in the [Copyrighted Recordings] are rearranged, remixed, or otherwise altered in sequence or quality."

37.     Defendants, and each of them, have, without the permission or consent of plaintiffs, manufactured, reproduced and/or adapted, or have caused the manufacture, reproduction and/or adaptation of, works (including derivative works) embodying copies of the Copyrighted Recordings.

38.     Defendants, and each of them, without the permission or consent of plaintiffs, have distributed, or have caused the distribution of, works (including derivative works) embodying copies of the Copyrighted Recordings.

39.     The infringement of each of plaintiffs' rights in and to the Copyrighted Recordings constitutes a separate and distinct act of infringement.

40.     The foregoing acts of infringement have been willful, intentional, and purposeful, in disregard of and indifference to the rights of plaintiffs.

41.     The acts of defendants complained of herein constitute infringement of plaintiffs' registered copyrights and exclusive rights under copyright, in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

42.     By reason of the infringements by defendants of plaintiffs' copyrights and exclusive rights under copyright, each plaintiff has sustained and continues to sustain substantial,

1  immediate and irreparable injury and harm, and said defendants unlawfully and wrongfully have

2  derived income and have been unjustly enriched.  Unless enjoined, said acts of defendants will

3  continue to cause plaintiffs great and irreparable harm.  Plaintiffs have no adequate remedy at

4  law.

5

6         43.    As a direct and proximate result of said defendants' infringement of

7  plaintiffs' copyrights and exclusive rights under copyright, plaintiffs are entitled to damages and

8  defendants' profits pursuant to 17 U.S.C. § 504(b) for each separate infringement.  Alternatively,

9  plaintiffs are entitled to statutory damages pursuant to 17 U.S.C. § 504(c), in the  amount of

10  $100,000 with respect to each work involved in this action, for all infringements with respect to

11  the work concerned, or for such other amounts as may be proper under 17 U.S.C. § 504(c).

12  Plaintiffs further are entitled to their attorneys' fees and costs pursuant to 17 U.S.C. § 505.

13

14  **COUNT III**

15  **CONTRIBUTORY INFRINGEMENT OF COPYRIGHTS**

16  [Against All Defendants]

17

18         44.    Plaintiffs incorporate herein by this reference each and every averment

19  contained in paragraphs 1 through 30, and 36 through 41, inclusive.

20

21         45.    Defendants, and each of them, have engaged in the business of knowingly

22  and systematically authorizing, aiding and abetting, and/or materially contributing to the

23  manufacture, reproduction, adaptation and/or distribution of unauthorized copies (including

24  derivative works) of the Copyrighted Recordings.  More specifically, each of the defendants

25  knowingly and intentionally mastered, duplicated, licensed and/or distributed purported master

26  recordings and false "licenses" for the sole or primary purpose of inducing, enabling, and aiding

27  and abetting others, including, but not limited to, the other defendants, to manufacture, duplicate

28

Mitchell Silberberg &
Knupp LLP

- 11 -

0002436.1

and distribute publicly in commerce, unauthorized copies (including derivative works) of the Copyrighted Recordings.

46.     The aforesaid acts and conduct of each of the defendants, have induced, caused, and materially contributed to the infringement of plaintiffs' copyrights and exclusive rights under copyright.

47.     The foregoing acts of infringement have been willful, intentional, and purposeful, in disregard of and indifference to the rights of plaintiffs.

48.     By reason of the infringement by defendants of plaintiffs' copyrights and exclusive rights under copyright, each plaintiff has sustained and continues to sustain substantial, immediate and irreparable injury and harm, and defendants lawfully and wrongfully have derived income and have been unjustly enriched.  Unless enjoined, said acts of defendants will continue to cause plaintiffs great and irreparable harm.  Plaintiffs have no adequate remedy at law.

49.     The acts of each of the named defendants, complained of herein, constitute contributory infringement of plaintiffs' copyrights and plaintiffs' exclusive rights under copyright in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106  and 501.

50.     As a direct and proximate result of the contributory infringements by said defendants of plaintiffs' copyrights and exclusive rights under copyright, plaintiffs are entitled to damages and defendants' profits pursuant to 17 U.S.C. § 504(b) for each separate infringement. Alternatively, plaintiffs are entitled to statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of $100,000 with respect to each work involved in this action, for all infringements with respect to the work concerned, or such other amounts as may be proper under 17 U.S.C. § 504(c). Plaintiffs further are entitled to their attorneys' fees and costs pursuant to 17 U.S.C. § 505.

## COUNT IV

## VICARIOUS INFRINGEMENT OF COPYRIGHTS

[Against Defendants JORDAN, MILLMAN, STACK-O-HITS, and SATURN]

51.     Plaintiffs incorporate herein by this reference each and every averment contained in paragraphs 1 through 30, and 36 through 41, inclusive.

52.     At all times relevant herein, defendants JORDAN, MILLMAN, STACK-O-HITS, and SATURN, and each of them, were in a position to supervise and/or control the conduct of defendant GLOBAL ARTS; defendants JORDAN, MILLMAN, STACK-O-HITS, SATURN, and each of them, failed to exercise such supervision and/or control; and as a direct and proximate cause of such failure, defendant GLOBAL ARTS infringed plaintiffs' copyrights, as set forth above.

53.     At all times relevant herein, defendants JORDAN, MILLMAN, STACK-O-HITS, SATURN, and each of them, derived substantial financial benefit from defendant GLOBAL ARTS' infringements of plaintiffs' copyrights, in that, among other things, some or all of the profit that defendant GLOBAL ARTS derived from such infringing conduct was conveyed to defendants JORDAN, MILLMAN, STACK-O-HITS, SATURN, and each of them.

54.     The acts of defendants JORDAN, MILLMAN, STACK-O-HITS, and SATURN, and each of them, have been willful, intentional, and purposeful, in disregard of and indifference to the rights of plaintiffs.

55.     By reason of the infringement by defendants of plaintiffs' copyrights and exclusive rights under copyright, each plaintiff has sustained and continues to sustain substantial, immediate and irreparable injury and harm, and said defendants lawfully and wrongfully have derived income and have been unjustly enriched.  Unless enjoined, said acts of defendants will

1 | continue to cause plaintiffs great and irreparable harm.  Plaintiffs have no adequate remedy at

2 | law.

3

4 | 56.    The acts of defendants JORDAN, MILLMAN, STACK-O-HITS, and

5 | SATURN, and each of them, constitute vicarious infringement of plaintiffs' copyrights and

6 | exclusive rights under copyright, in violation of Sections 106 and 501 of the Copyright Act, 17

7 | U.S.C. §§ 106 and 501.

8

9 | 57.    As a direct and proximate result of said defendants' vicarious infringement

10 | of plaintiffs' copyrights and exclusive rights under copyright, plaintiffs are entitled to damages

11 | and defendants' profits pursuant to 17 U.S.C. § 504(b) for each separate infringement.

12 | Alternatively, plaintiffs are entitled to statutory damages in the  amount of $100,000 with respect

13 | to each work involved in this action, for all infringements with respect to the work concerned, or

14 | for such other amounts as may be proper under 17 U.S.C. § 504(c).  Plaintiffs further are entitled

15 | to their attorneys' fees and costs pursuant to 17 U.S.C. § 505.

16

17 | **COUNT V**

18 | **CONVERSION**

19 | [Against All Defendants]

20

21 | 58.    Plaintiffs incorporate herein by this reference each and every averment

22 | contained in paragraphs 1 through 30, inclusive.

23

24 | 59.    Plaintiffs are the owners of the right to manufacture, distribute and sell

25 | phonorecords embodying the Pre-1972 Recordings.

26

27

28

Mitchell Silberberg &
Knupp LLP

- 14 -

0002436.1

60.     By copying, distributing and purporting to license others to copy and distribute copies of the Pre-72 Recordings, defendants, and each of them, have unlawfully converted for their own use plaintiffs' property rights in and to the Pre-1972 Recordings.

61.     As a direct and proximate result of defendants' conversion of plaintiffs' property rights in and to the Pre-1972 Recordings, plaintiffs have been damaged in an amount in excess of $75,000.

62.     By reason of defendants' acts of conversion, each plaintiff has sustained and continues to sustain substantial, immediate and irreparable injury and harm, and said defendants lawfully and wrongfully have derived income and have been unjustly enriched. Unless enjoined, said acts of defendants will continue to cause plaintiffs great and irreparable harm.  Plaintiffs have no adequate remedy at law.

63.     Defendants, and each of them, have wilfully and intentionally done the acts averred above with full knowledge of plaintiffs' rights, titles and interests in and to the Pre-1972 Recordings, intentionally or with reckless indifference to the rights of plaintiffs.  By reason thereof, plaintiffs are entitled to recover exemplary and punitive damages against defendants, and each of them.

## COUNT VI

### COMMON LAW COPYRIGHT INFRINGEMENT

[Against All Defendants]

64.     Plaintiffs incorporate herein by this reference each and every averment contained in paragraphs 1 through 30,  inclusive.

65.     Plaintiffs are the owners of the common law copyright in and to the Pre-1972 Recordings.

66.     Defendants, and each of them, have, without the permission or consent of plaintiffs, manufactured, reproduced, adapted and/or distributed, or have purported to license others to manufacture, duplicate, adapt and/or distribute copies (including derivative works) of the Pre-1972 Recordings.

67.     As a direct and proximate result of defendants' infringement of plaintiffs' property rights in and to the Pre-1972 Recordings, plaintiffs have been damaged in an amount in excess of $75,000.

68.     By reason of the infringement by defendants of plaintiffs' common law copyrights, each plaintiff has sustained and continues to sustain substantial, immediate and irreparable injury and harm, and said defendants lawfully and wrongfully have derived income and have been unjustly enriched.  Unless enjoined, said acts of defendants will continue to cause plaintiffs great and irreparable harm.  Plaintiffs have no adequate remedy at law.

69.     Plaintiffs are informed and believe, and on that basis aver, that defendants, and each of them, have wilfully and intentionally done the acts averred above with full knowledge of plaintiffs' right, title and interest in and to the Pre-1972 Recordings, with the intent maliciously to deceive and defraud plaintiffs (or with reckless indifference to the rights of plaintiffs), and defendants therefore have been guilty of fraud, oppression or malice.  By reason thereof, plaintiffs are entitled to recover exemplary and punitive damages against defendants, and each of them.

Mitchell Silberberg &
Knupp LLP

- 16 -

0002436.1

## COUNT VII

### UNFAIR COMPETITION

[Against All Defendants]

70.     Plaintiffs incorporate herein by this reference each and every averment contained in paragraphs 1 through 30, inclusive.

71.     Defendants, and each of them, with full knowledge of plaintiffs exclusive rights in and to the Pre-1972 Recordings and without plaintiffs' consent, have been and now are unlawfully appropriating and pirating plaintiffs' property by duplicating, manufacturing, distributing and selling phonorecords embodying the Pre-1972 Recordings, or by causing the duplication, distribution, and sale of phonorecords embodying the Pre-1972 Recordings bearing the name of defendant GLOBAL ARTS rather than plaintiffs' names.

72.     Defendants, and each of them, have been engaged and continue to engage in the manufacture, distribution, marketing and selling of rights in and to the Pre-1972 Recordings in direct competition with plaintiffs.  The aforesaid acts of defendants constitute a wrongful, unlawful, and unconscionable appropriation, and taking by defendants, for their own benefit and profit, the Pre-1972 Recordings which are the product of plaintiffs' work, skill, experience and substantial expenditures, and which are the property of plaintiffs.

73.     The foregoing acts and conduct of defendants, and each of them, are an appropriation and invasion of the property rights of plaintiffs in and to the Pre-1972 Recordings, and constitute unfair competition.

74.     As a direct and proximate result of the acts and conduct of defendants herein-above averred, plaintiffs are further entitled to recover all proceeds and other compensation received or to be received by defendants from all sales, dispositions or other uses

1    of the Pre-1972 Recordings.  Plaintiffs request the Court to order the defendants to render an

2    accounting to ascertain the amount of such profits and compensation.

3

4            75.     As a direct and proximate result of defendants' unfair competition,

5    plaintiffs have been damaged, and defendants have been unjustly enriched, in an amount in

6    excess of $75,000 for which damages and/or restitution is appropriate.  Such damages and/or

7    restitution include a declaration by this Court that defendants are constructive trustees for the

8    benefit of plaintiffs and an order that defendants convey to plaintiffs all the gross receipts

9    received from the sale of phonorecords embodying the Pre-1972 Recordings.

10

11           76.     By reason of defendants' acts of unfair competition, each plaintiff has

12   sustained and continues to sustain substantial, immediate and irreparable injury and harm, and

13   said defendants unlawfully and wrongfully have derived income and have been unjustly

14   enriched.  Unless enjoined, said acts of defendants will continue to cause plaintiffs great and

15   irreparable harm.  Plaintiffs have no adequate remedy at law.

16

17           77.     Defendants, and each of them, have wilfully and intentionally done the

18   acts averred above with full knowledge of plaintiffs' right, title and interest in and to the Pre-

19   1972 Recordings intentionally or with reckless indifference to the rights of plaintiffs.  By reason

20   thereof, plaintiffs are entitled to recover exemplary and punitive damages against said

21   defendants, and each of them.

22

23                              **COUNT VIII**

24                     **FALSE DESIGNATION OF ORIGIN**

25              [Against Defendants GLOBAL ARTS and JORDAN]

26

27           78.     Plaintiffs incorporate herein by this reference each and every averment

28   contained in paragraphs 1 through 30, inclusive.

Mitchell Silberberg &
Knapp LLP

- 18 -

0002436.1

79.     As a result of plaintiffs' efforts and expenditures, plaintiffs have come to be identified with the Copyrighted Recordings and the Pre-1972 Recordings.  Further, plaintiffs have implemented stringent quality control programs for phonorecords which embody the Copyrighted Recordings and the Pre-1972 Recordings.

80.     Defendants GLOBAL ARTS and JORDAN, and each of them, with full knowledge of plaintiffs' rights and the fact that they do not own any rights in and to the Copyrighted Recordings and Pre-1972 Recordings are falsely representing to the general public that they are the owners of the Copyrighted Recordings and the Pre-1972 Recordings. Specifically, GLOBAL ARTS and JORDAN have falsely represented to their licensees that they own rights or have licenses in and to the Copyrighted Recordings and the Pre-1972 Recordings. In addition, many of the phonorecords distributed by such licensees bear the false and misleading designation, "courtesy of GLOBAL ARTS," and do not contain plaintiffs' names.

81.     The aforementioned conduct is:  (a) likely to cause confusion and mistake; and (b) likely to deceive the general public that GLOBAL ARTS and/or JORDAN have rights, title and interest in and to the Copyrighted Recordings and Pre-1972 Recordings.  By those acts, defendants GLOBAL ARTS and JORDAN intentionally and willfully have attempted to trade upon the goodwill created by plaintiffs in the Copyrighted Recordings and the Pre-1972 Recordings.

82.     Defendants GLOBAL ARTS' and JORDAN'S conduct constitutes the use of a false designation of origin and false description of or representation in violation of 15 U.S.C. § 1125(a). Such acts cause, and will continue to cause, irreparable injury to plaintiffs unless enjoined by this Court.  Plaintiffs have no adequate remedy at law.

83.     As a direct and proximate result of defendant GLOBAL ARTS' and JORDAN'S violation of 15 U.S.C. § 1125(a), plaintiffs are entitled to damages and defendants'

1 profits, as provided by 15 U.S.C. § 1125(a).  Such damages and profits are to be trebled in view

2 of said defendants' knowing acts, as provided by 15 U.S.C. § 1117(b).  Plaintiffs further are

3 entitled to their attorneys' fees and costs pursuant to 15 U.S.C. § 1117(b).

4

5                              **COUNT IX**

6                          **CIVIL CONSPIRACY**

7                         [Against All Defendants]

8

9          84.     Plaintiffs incorporate herein by this reference each and every averment

10 contained in paragraphs 1 through 30, 32 through 34, 36 through 41, 45 through 47, 52 through

11 54, 59 and 60, 65 and 66, 70 through 73, and 79 through 82, inclusive.

12

13         85.     The defendants knowingly and willfully conspired and agreed among

14 themselves to commit the acts averred above.

15

16         86.     Defendants did the acts and things averred above pursuant to, and in

17 furtherance of, the aforementioned conspiracy and agreement.

18

19         87.     As a direct and proximate result of the wrongful acts averred above,

20 plaintiffs have suffered damages in an amount which exceeds $75,000, exclusive of interest and

21 costs.

22

23         88.     By reason of defendants' conspiracy, each plaintiff has sustained and

24 continues to sustain substantial, immediate and irreparable injury and harm, and said defendants

25 lawfully and wrongfully have derived income and have been unjustly enriched.  Unless enjoined,

26 said acts of defendants will continue to cause plaintiffs great and irreparable harm.  Plaintiffs

27 have no adequate remedy at law.

28

Mitchell Silberberg &
Knapp LLP

                                    - 20 -

0002436.1

89.     Defendants, and each of them, have wilfully and intentionally done the acts averred above with full knowledge of plaintiffs' right, title and interest in and to the Copyrighted Recordings and Pre-1972 Recordings intentionally or with reckless indifference to the rights of plaintiffs.  By reason thereof, plaintiffs are entitled to recover exemplary and punitive damages against said defendants, and each of them.

WHEREFORE, plaintiffs pray for judgment against defendants, and each of them, jointly and severally, as follows:

I.      On Count I:

For a declaration that defendants do not now have, and never have had, any right, title or interest in and to the Copyrighted Recordings and the Pre-1972 Recordings, and that any purported license issued by defendants' is invalid.

II.     On Counts II through IV and IX:

1.      For a preliminary and a permanent injunction enjoining defendants, and each of them, and their respective agents, servants, employees, officers, attorneys, successors, licensees and assigns, and all persons acting in concert or participation with each or any of them, from (i) directly or indirectly infringing in any manner any of plaintiffs' copyrights (whether now in existence or hereafter created), including, without limitation, the Copyrighted Recordings listed on Schedule "A"; and (ii) from causing, contributing to or participating in the infringement of any of plaintiffs' respective copyrights, including by unauthorized distribution to the public by sale, license or other transfer of ownership, by manufacture, rental, lease or lending or by preparation of any unauthorized copies (including derivative works) of any of plaintiffs' copyrighted works, including without limitation, the Copyrighted Recordings listed on Schedule "A," or by purporting to license or authorize others to do the foregoing.

1        2.     For an order requiring defendants to deliver up on oath, to be impounded

2   during the pendency of this action, and thereafter to be surrendered to plaintiffs or to be

3   destroyed:  (i) all phonorecords embodying any part of any sound recording used in violation of

4   any of plaintiffs' rights under copyright in the Copyrighted Recordings; (ii) all plates, molds,

5   matrices, master tapes or other articles by means of which phonorecords containing the

6   Copyrighted Recordings may be reproduced; (iii) all covers, artwork and packaging used in

7   connection with phonorecords embodying any sound recording used in violation of any of

8   plaintiffs' rights under copyright in the Copyrighted Recordings in connection therewith; (iv) all

9   licenses, bills of sale and all other documents purporting to authorize the manufacture, sale or

10  distribution of the Copyrighted Recordings; and (v) all books and records documenting the

11  manufacture, sale or receipt of phonorecords embodying or representing that they embody any of

12  plaintiffs' Copyrighted Recordings.

13

14       3.     For damages in such amount as may be found, and requiring defendants to

15  account for and pay over to plaintiffs all profits derived from all acts of copyright infringement;

16  alternatively, for statutory damages in the amount of $100,000 with respect to each copyrighted

17  work involved in the action, for all infringements with respect to the copyrighted work

18  concerned, or for such other amount as may be proper pursuant to 17 U.S.C. § 504(c).

19

20       4.     For the imposition of a constructive trust on all proceeds received by

21  defendants for the conduct alleged herein.

22

23       5.     For prejudgment interest according to law.

24

25  III.    On Counts V through VII and IX:

26       1.     For a preliminary and a permanent injunction enjoining defendants, and

27  each of them, and their respective agents, servants, employees, officers, attorneys, successors,

28  licensees and assigns, and all persons acting in concert or participation with each or any of them,

Mitchell Silberberg &
Knupp LLP

- 22 -

0002436.1

1    from (i) directly or indirectly reproducing in any manner any of plaintiffs' Pre-1972 Recordings,

2    including without limitation those listed on Schedule "B"; and (ii) from causing, contributing to

3    or participating in the reproduction or distribution of any of plaintiffs' Pre-1972 Recordings,

4    including without limitation those listed on Schedule "B", or by purporting to license or

5    authorize others to do the foregoing.

6

7            2.       For an order requiring defendants to deliver up on oath, to be impounded

8    during the pendency of this action, and thereafter to be surrendered to plaintiffs  r to be

9    destroyed:  (i) all phonorecords embodying any of plaintiffs' Pre-1972 Recordings; (ii) all plates,

10   molds, matrices, master tapes or other articles by means of which phonorecords containing

11   plaintiffs' Pre-1972 Recordings may be reproduced; (iii) all covers, artwork and packaging used

12   in connection with phonorecords embodying any of plaintiffs' Pre-1972 Recordings, and all

13   materials in connection therewith; (iv) all licenses, bills of sale and all other documents

14   purporting to authorize the manufacture, sale or distribution of any of plaintiffs' Pre-1972

15   Recordings; and (v) all books and records documenting the manufacture, sale or receipt of

16   phonorecords embodying or representing that they embody any of plaintiffs' Pre-1972

17   Recordings.

18

19           3.       For compensatory damages and restitution.

20

21           4.       For punitive and exemplary damages.

22

23           5.       For an accounting.

24

25           6.       For a constructive trust.

26

27   IV.     On Counts VIII and IX:

28           1.       For compensatory and treble damages;.

Mitchell Silberberg &
Knupp LLP
                                              - 23 -

0002436.1

1        2.    For a permanent injunction restraining and enjoining from falsely

2  representing the origin of the Copyrighted Recordings and the Pre-1972 Recordings.

3

4        3.    For an accounting.

5

6        4.    For a constructive trust.

7

8        5.    For plaintiffs' attorneys' fees.

9

10  V.    <u>On All Counts</u>:

11        1.    For plaintiffs' costs of suit incurred herein.

12

13        2.    For plaintiffs' attorneys' fees.

14

15        3.    For such other and further relief and the Court may deem just and proper.

16

17                    MITCHELL SILBERBERG & KNUPP LLP
RUSSELL J. FRACKMAN
YAKUB HAZZARD

18                        and

19                    KAREN L. STETSON

20

21                    By: _____

22                      RUSSELL J. FRACKMAN
Attorneys for Plaintiffs

23

24

25

26

27

28

Mitchell Silberberg &
Knupp LLP

0002436.1

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury.

DATED:  April 27, 1998

MITCHELL SILBERBERG & KNUPP LLP
RUSSELL J. FRACKMAN
YAKUB HAZZARD

and

KAREN L. STETSON

By: _____
RUSSELL J. FRACKMAN
Attorneys for Plaintiffs

- 25 -

Mitchell Silberberg &
Knupp LLP

0002436.1

<u>RIAA V. GLOBAL ARTS</u>

Revised:  05/13/98 1:13pm

<u>SCHEDULE A</u>

| <u>RECORD COMPANY</u> | <u>ARTIST</u> | <u>TITLE</u> | <u>SR#</u> |
|---|---|---|---|
| PolyGram Records, Inc. | Barry White | Baby, We Better Try And Get It Together | SR 210-264 |
| PolyGram Records, Inc. | Barry White | Bring Back My Yesterday | Pending |
| PolyGram Records, Inc. | Barry White | Can't Get Enough of Your Love Babe | SR 147-882 |
| PolyGram Records, Inc. | Barry White | Don't Make Me Wait Too Long | SR 147-882 |
| PolyGram Records, Inc. | Barry White | Honey Please, Can't Ya See | SR 147-882 |
| PolyGram Records, Inc. | Barry White | I'll Do For You Anything You Want Me To | SR 147-882 |
| PolyGram Records, Inc. | Barry White | I'm Gonna Love You Just A Little More Babe | SR 147-882 |
| PolyGram Records, Inc. | Barry White | I've Found Someone | SR 147-882 |
| PolyGram Records, Inc. | Barry White | I've Got So Much To Give | SR 147-882 |
| PolyGram Records, Inc. | Barry White | It's Ecstasy When You Lay Down Next To Me | SR 147-882 |
| PolyGram Records, Inc. | Barry White | Just The Way You Are | SR 147-882 |
| PolyGram Records, Inc. | Barry White | Let The Music Play | SR 147-882 |
| PolyGram Records, Inc. | Barry White | Love Serenade | SR 147-882 |
| PolyGram Records, Inc. | Barry White | Love's Theme | SR 147-882 |
| PolyGram Records, Inc. | Barry White | My Sweet Summer Suite | SR 147-882 |
| PolyGram Records, Inc. | Barry White | Never Never Gonna Give Ya Up | SR 147-882 |
| PolyGram Records, Inc. | Barry White | Oh What A Night For Dancing | SR 147-882 |
| PolyGram Records, Inc. | Barry White | Satin Soul | SR 147-882 |
| PolyGram Records, Inc. | Barry White | Sho' You Right | SR 147-882 |
| PolyGram Records, Inc. | Barry White | Standing In The Shadows of Love | Pending |
| A&M Records, Inc. | Barry White | The Right Night | SR 85-664 |
| PolyGram Records, Inc. | Barry White | What Am I Gonna Do With You? | SR 147-882 |
| PolyGram Records, Inc. | Barry White | You See The Trouble With Me | SR 147-882 |
| PolyGram Records, Inc. | Barry White | You're The First, The Last, My Everything | SR 147-882 |
| PolyGram Records, Inc. | Barry White | Your Sweetness Is My Weakness | SR 147-882 |
| Capitol Records, Inc. | Joe Cocker | Midnight Rider | SR 78-851 |

| RECORD COMPANY | ARTIST | TITLE | SR# |
|---|---|---|---|
| Capitol Records, Inc. | Joe Cocker | Shelter Me | Pending |
| Capitol Records, Inc. | Joe Cocker | Unchain My Heart | Pending |
| Capitol Records, Inc. | Joe Cocker | Up Where We Belong (With Jennifer Warnes) | Pending |
| Capitol Records, Inc. | Joe Cocker | When The Night Comes | Pending |
| Capitol Records, Inc. | Joe Cocker | You Are So Beautiful | Pending |
| PolyGram Records, Inc. | Kool and the Gang | Celebration | SR 88-469 |
| PolyGram Records, Inc. | Kool and the Gang | Cherish | SR 88-469 |
| PolyGram Records, Inc. | Kool and the Gang | Fresh | SR 88-469 |
| PolyGram Records, Inc. | Kool and the Gang | Get Down On It | SR 30-574 |
| PolyGram Records, Inc. | Kool and the Gang | Joanna | SR 88-469 |
| PolyGram Records, Inc. | Kool and the Gang | Ladies Night | SR 11-740 |
| PolyGram Records, Inc. | Kool and the Gang | Let's Go Dancin' (Ooh La, La, La) | SR 42-546 |
| PolyGram Records, Inc. | Kool and the Gang | Misled | SR 69-703 |
| PolyGram Records, Inc. | Kool and the Gang | Steppin' Out | SR 30-574 |
| PolyGram Records, Inc. | Kool and the Gang | Take It To The Top | SR 22-488 |
| PolyGram Records, Inc. | Kool and the Gang | Take My Heart (You Can Have It If You Want It) | SR 30-574 |
| PolyGram Records, Inc. | Kool and the Gang | Too Hot | SR 88-469 |
| Elektra Entertainment | Linda Ronstadt | Blue Bayou | SR 23-376 |
| Elektra Entertainment | Linda Ronstadt | Desperado | N-38949 |
| Elektra Entertainment | Linda Ronstadt | Heat Wave | N-38949 |
| Elektra Entertainment | Linda Ronstadt | Love Is A Rose | N-38949 |
| Elektra Entertainment | Linda Ronstadt | That'll Be The Day | N-38949 |
| Elektra Entertainment | Linda Ronstadt | Tracks Of My Tears | N-38949 |
| MCA Records, Inc. | The Who | Who Are You | SR 59-012 |
| MCA Records, Inc. | The Who | You Better You Bet | SR 224-399 |
| Warner Bros. Records | ZZ Top | Gimme All Your Lovin' | SR 45-132 |
| Warner Bros. Records | ZZ Top | Legs | SR 45-132 |

<u>**RIAA V. GLOBAL ARTS**</u>                    Revised:  05/13/98 11:25am

<u>**SCHEDULE B**</u>

| <u>**RECORD COMPANY**</u> | <u>**ARTIST**</u> | <u>**TITLE**</u> |
| --- | --- | --- |
| Capitol Records, Inc. | Dean Martin | Memories Are Made Of This |
| Capitol Records, Inc. | Dean Martin | That's Amore |
| Capitol Records, Inc. | Dean Martin | Volare (Nel Blu Di Pinto Di Blu) |
| A&M Records, Inc. | Joe Cocker | Cry Me A River |
| A&M Records, Inc. | Joe Cocker | Darling Be Home Soon |
| A&M Records, Inc. | Joe Cocker | Delta Lady |
| A&M Records, Inc. | Joe Cocker | High Time Went |
| A&M Records, Inc. | Joe Cocker | She Came In Through The Bathroom Window |
| A&M Records, Inc. | Joe Cocker | The Letter |
| Elektra Entertainment | Linda Ronstadt | Silver Treads And Golden Needles |
| Sony Music Entertainment Inc. | Neil Diamond | Cherry Cherry |
| Sony Music Entertainment Inc. | Neil Diamond | Girl You'll Be A Woman Soon |
| Sony Music Entertainment Inc. | Neil Diamond | Red Red Wine |
| Sony Music Entertainment Inc. | Neil Diamond | Shilo |
| Sony Music Entertainment Inc. | Neil Diamond | Solitary Man |
| Sony Music Entertainment Inc. | Neil Diamond | Thank The Lord For The Nighttime |
| Sony Music Entertainment Inc. | Neil Diamond | The Boat That I Row |
| Sony Music Entertainment Inc. | Neil Diamond | You Got To Me |
| BMG Music | Perry Como | Catarina |
| BMG Music | Perry Como | Catch A Falling Star |
| BMG Music | Perry Como | Don't Let The Stars Get In Your Eyes |
| BMG Music | Perry Como | Dream on Little Dreamer |
| BMG Music | Perry Como | Go'Around (Yeah, Yeah) |
| BMG Music | Perry Como | Hello Young Lovers |
| BMG Music | Perry Como | Hoop-Dee-Doo |
| BMG Music | Perry Como | Hot Diggity |

| RECORD COMPANY | ARTIST | TITLE |
| --- | --- | --- |
| BMG Music | Perry Como | I Love You & Don't You Forget It |
| BMG Music | Perry Como | It's Impossible |
| BMG Music | Perry Como | Killing Me Softly With Her Song |
| BMG Music | Perry Como | Love Makes The World |
| BMG Music | Perry Como | Magic Moments |
| BMG Music | Perry Como | Papa Loves Mambo |
| BMG Music | Perry Como | Round And Round |
| BMG Music | Perry Como | Try To Remember |
| BMG Music | Perry Como | Wanted |
| Sony Music Entertainment Inc. | Simon & Garfunkel | Baby Driver |
| Sony Music Entertainment Inc. | Simon & Garfunkel | Benedictus |
| Sony Music Entertainment Inc. | Simon & Garfunkel | Bridge Over Troubled Water |
| Sony Music Entertainment Inc. | Simon & Garfunkel | Cecilia |
| Sony Music Entertainment Inc. | Simon & Garfunkel | El Condor Pasa |
| Sony Music Entertainment Inc. | Simon & Garfunkel | I Am A Rock |
| Sony Music Entertainment Inc. | Simon & Garfunkel | Kathy's Song |
| Sony Music Entertainment Inc. | Simon & Garfunkel | Peggy-O |
| Sony Music Entertainment Inc. | Simon & Garfunkel | Richard Cory |
| Sony Music Entertainment Inc. | Simon & Garfunkel | So Long Frank Lloyd Wright |
| Sony Music Entertainment Inc. | Simon & Garfunkel | Somewhere They Can't Find Me |
| Sony Music Entertainment Inc. | Simon & Garfunkel | Sparrow |
| Sony Music Entertainment Inc. | Simon & Garfunkel | The Boxer |
| Sony Music Entertainment Inc. | Simon & Garfunkel | The Sounds Of Silence |
| Sony Music Entertainment Inc. | Simon & Garfunkel | Wednesday Morning - 3 A.M. |
| Elektra Entertainment | The Doors | Crystal Ship |
| Elektra Entertainment | The Doors | Hello I Love You |
| Elektra Entertainment | The Doors | L.A. Woman |
| Elektra Entertainment | The Doors | Light My Fire |
| Elektra Entertainment | The Doors | Love Her Madly |
| Elektra Entertainment | The Doors | Riders In The Storm |

| RECORD COMPANY | ARTIST | TITLE |
|---|---|---|
| Elektra Entertainment | The Doors | Roadhouse Blues |
| Elektra Entertainment | The Doors | Touch Me |
| Elektra Entertainment | The Doors | Wait For The Sun |
| Elektra Entertainment | The Doors | When The Music Is Over |
| MCA Records, Inc. | The Mamas & The Papas | California Dreamin' |
| MCA Records, Inc. | The Mamas & The Papas | Creeque Alley |
| MCA Records, Inc. | The Mamas & The Papas | Dancing In The Street |
| MCA Records, Inc. | The Mamas & The Papas | Dedicate To The One I Love |
| MCA Records, Inc. | The Mamas & The Papas | Dream A Little Dream Of Me |
| MCA Records, Inc. | The Mamas & The Papas | Glad To Be Unhappy |
| MCA Records, Inc. | The Mamas & The Papas | I Call Your Name |
| MCA Records, Inc. | The Mamas & The Papas | I Saw Her Last Night |
| MCA Records, Inc. | The Mamas & The Papas | Look Through My Window |
| MCA Records, Inc. | The Mamas & The Papas | Midnight Voyage |
| MCA Records, Inc. | The Mamas & The Papas | Monday Monday |
| MCA Records, Inc. | The Mamas & The Papas | My Girl |
| MCA Records, Inc. | The Mamas & The Papas | Twelve-Thirty |
| MCA Records, Inc. | The Mamas & The Papas | Words Of Love |
| MCA Records, Inc. | The Who | Anyway, Anyhow, Anywhere |
| MCA Records, Inc. | The Who | I Can See For Miles |
| MCA Records, Inc. | The Who | I'm A Boy |
| MCA Records, Inc. | The Who | Let's See Action |
| MCA Records, Inc. | The Who | My Generation |
| MCA Records, Inc. | The Who | Picture Of Lily |
| MCA Records, Inc. | The Who | Pinball Wizard |
| MCA Records, Inc. | The Who | Substitute |
| MCA Records, Inc. | The Who | The Seeker |
| MCA Records, Inc. | The Who | Won't Get Fooled Again |

F:\NKS\GLOBAL\SCHEDULE.B

# CIVIL COVER SHEET  98-6507

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

SONY MUSIC ENTERTAINMENT INC., ET AL.

### DEFENDANTS  CIV-MIDDLEBROOK

GLOBAL ARTS PRODUCTION, ET AL.  MAGISTRATE JUDGE
BROWN

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  NEW YORK
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT  BROWARD
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED

A-Broward / 98 cv 6507 / middlebrooks / Brown

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Mitchell Silberberg & Knupp L.L.P.
Los Angeles, CA (310) 312-2000
Karen L. Stetson, Miami, FL (305) 532-4845

ATTORNEYS (IF KNOWN)

**(d)** CIRCLE COUNTY WHERE ACTION AROSE:  DADE,   MONROE,  (BROWARD),  PALM BEACH,  MARTIN,   ST. LUCIE,   INDIAN RIVER,   OKEECHOBEE HIGHLANDS

## II. BASIS OF JURISDICTION  (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN  (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT  (PLACE AN "X" IN ONE BOX ONLY)

| A CONTRACT | A TORTS | | FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | B☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury — Med Malpractice | B☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury — Product Liability | B☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | B☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | B☐ 630 Liquor Laws | | B☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | | B☐ 640 R.R. & Truck | **A PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | B☐ 650 Airline Regs | ☒ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| B☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | B☐ 660 Occupational Safety/Health | ☒ 830 Patent ☒ 840 Trademark | ☐ 810 Selective Service |
| B☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending ☐ 380 Other Personal Property Damage | B☐ 690 Other | | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | | **A LABOR** | **B SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act ☐ 893 Environmental Matters |
| **A REAL PROPERTY** | **A CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | B☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| B☐ 220 Foreclosure | ☐ 442 Employment | **HABEAS CORPUS:** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | B☐ 530 General A☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | A☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 444 Welfare | B☐ 540 Mandamus & Other | A☐ 791 Empl. Ret. Inc. Security Act | A☐ 871 IRS — Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | B☐ 550 Civil Rights | | | A OR B |
| ☐ 290 All Other Real Property | | B☐ 555 Prison Condition | | | |

## VI. CAUSE OF ACTION  (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

17 U.S.C. Sec. 101, et seq.; 15 U.S.C. Sec. 1125(a), et seq. Complaint for declaratory relief, copyright and trademark infringement, unfair competition and civil conspiracy.

LENGTH OF TRIAL 7-10 days estimated (for both sides to try entire case)

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ YES   ☐ NO

## VIII. RELATED CASE(S) IF ANY  (See instructions)

JUDGE _____  DOCKET NUMBER _____

DATE  5/19/98

SIGNATURE OF ATTORNEY OF RECORD  Karen L. Stetson

FOR OFFICE USE ONLY

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

692300 B 150.00

05/18/98