1  RUSSELL J. FRACKMAN
   YAKUB HAZZARD
2  MITCHELL SILBERBERG & KNUPP LLP
   11377 West Olympic Boulevard
3  Los Angeles, CA 90064-1683
   Telephone: (310) 312-2000
4  Facsimile: (310) 312-3100

5  KAREN L. STETSON
   2350 Prairie Avenue
6  Miami, FL 33140
   Telephone: (305) 532-4845
7  Facsimile: (305) 604-0598

8  Attorneys for Plaintiffs

9

**98-6507**

**CIV-MIDDLEBROOKS**

MAGISTRATE JUDGE
BROWN

10          UNITED STATES DISTRICT COURT

11          SOUTHERN DISTRICT OF FLORIDA

12

13  SONY MUSIC ENTERTAINMENT INC., a          CASE NO.
    corporation; A & M RECORDS, INC., a
14  corporation; BMG MUSIC, d/b/a THE RCA     **PLAINTIFFS' MOTION FOR**
    RECORD LABEL, a general partnership;      **EXPEDITED DISCOVERY AND TO**
15  CAPITOL RECORDS, INC., a corporation;     **EXCEED LIMITATIONS OF LOCAL**
    ELEKTRA ENTERTAINMENT, a division of      **RULE 26.1(G)(2); AND**
16  WARNER COMMUNICATIONS, INC., a
    corporation; MCA RECORDS, INC., a         **MEMORANDUM OF POINTS AND**
17  corporation; POLYGRAM RECORDS, INC.,      **AUTHORITIES IN SUPPORT**
    a corporation; and WARNER BROS.           **THEREOF**
18  RECORDS INC., a corporation,

19                      Plaintiffs,

20          v.

21  GLOBAL ARTS PRODUCTIONS, an entity
    of unknown form; DANNY JORDAN, an
22  individual; SATURN RECORDS, an entity of
    unknown form; STACK-O-HITS, an entity of
23  unknown form; and JACK MILLMAN, an
    individual,
24
                        Defendants.
25

26

27

28

Mitchell Silberberg &
Knupp LLP

0002940.1

**MOTION**

Plaintiffs respectfully request this Court's entry of an Order requiring defendants to respond to the attached written discovery to be served with the Complaint within twenty (20) days from service, and permitting them to exceed the subject matter limitations of Local Rule 26.1(G)(2). The written discovery is limited to seven document requests and eight interrogatories that are necessary to enable plaintiffs to seek preliminary injunctive relief and prevent continuing irreparable harm. (Copies of the document requests and interrogatories are attached hereto.) The subject discovery is discrete in its focus and seeks information that is readily available to defendants. Plaintiffs request the expedited written discovery in order to address defendants' continued and wide-spread unauthorized use of plaintiffs' intellectual property.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    INTRODUCTION**

Plaintiffs A & M Records, Inc., BMG Music, Capitol Records, Inc. Elektra Entertainment, MCA Records, Inc., Polygram Records, Inc., Sony Music Entertainment Inc. and Warner Bros. Records Inc. are nine record companies engaged in the business of producing and selling recordings. Plaintiffs have brought this action to protect valuable and unique intellectual property rights in their recordings. Specifically, plaintiffs seek to stop a conspiracy by which defendants have unlawfully copied and purported to authorize others to copy and sell recordings owned by plaintiffs.

Defendants apparently contend that they acquired rights to copy and license to others plaintiffs' recordings through various tax shelters created in the 1970's and early 1980's.

1  (These tax shelters later were disallowed by the tax authorities.)   Prior to the filing of this

2  action, plaintiffs sought from defendants voluntary disclosure of any materials upon which

3  defendants based their claim.  Defendants initially agreed to provide such information and

4  indicated that it was readily available.  Thereafter, defendants changed their minds and refused

5  to provide any documentation supporting their claims.  Plaintiffs doubt that defendants

6  possess any of the rights at issue.  Therefore, plaintiffs seek an order permitting them to

7  conduct immediate <u>limited</u> discovery on defendants' alleged claim of rights to plaintiffs'

8  recordings at issue in this action.  (These recordings are specifically identified in Schedules A

9  and B to the Complaint.)  If, as plaintiffs suspect, no such information exists, plaintiffs then

10  will immediately seek preliminary injunctive relief.

11

12         Specifically, plaintiffs seek an order compelling defendants to produce, on an

13  expedited basis, the documents on which they base their claim to plaintiffs' recordings and to

14  propound eight interrogatories to each of the defendants, also seeking basic information

15  concerning defendants' alleged rights in the recordings.  If, as they have asserted, defendants

16  do have such rights, the requested documents and information must be readily available to

17  them.   Plaintiffs request that the Court order the defendants to serve their responses to the

18  discovery and produce the requested documents within twenty days of service.

19

20  **II.     <u>SUMMARY OF FACTS</u>**

21

22         Collectively, plaintiffs are the owners of the copyrights or exclusive

23  reproduction, adaptation, and/or distribution rights under copyrights in various recordings

24  (the "Copyrighted Recordings").  Plaintiffs have never issued any licenses to or otherwise

25  permitted any of the defendants to manufacture, duplicate, distribute, or authorize others to

26  manufacture, duplicate or distribute any of the Copyrighted Recordings.

27

28

Mitchell Silberberg &
Knupp LLP

- 2 -

0002940.1

1    In addition, plaintiffs have entered into various agreements by which they

2  obtained the sole, exclusive, and complete right to manufacture, distribute, and sell, recordings

3  embodying certain recorded musical performances of popular and renowned artists which

4  initially were "fixed" prior to February 15, 1972 (the "Pre-1972 Recordings"), and therefore

5  subject to protection under state common and statutory law.   As with the Copyrighted

6  Recordings, plaintiffs have never issued any licenses to or otherwise permitted any of the

7  defendants to manufacture, duplicate, distribute, or authorize others to manufacture, duplicate

8  or distribute any of the pre-1972 Recordings.

9

10    As alleged in the Complaint, defendants engaged in a series of transactions and

11  jointly participated in a common scheme to manufacture, duplicate, distribute, records that

12  contain unauthorized copies of plaintiffs' Copyrighted Recordings and plaintiffs' Pre-1972

13  Recordings, or purport to authorize others to do so.   As a result of these series of transactions

14  and common scheme, unauthorized copies of plaintiffs' Copyrighted Recordings and Pre-1972

15  Recordings are being manufactured, distributed, and offered for sale.   Further, many of those

16  unauthorized copies of plaintiffs' Copyrighted Recordings and Pre-1972 Recordings

17  misleadingly bear the name of defendant Global Arts.

18

19    Pursuant to the conspiracy, defendant Millman, and his companies Stack-O-

20  Hits and Saturn Records, purported to acquire rights in and to the Copyrighted Recordings

21  and Pre-1972 Recordings through false license agreements.   Millman, Stack-O-Hits and Saturn

22  then purported to license rights in those recordings to others, including defendant Jordan and

23  his company Global Arts Productions.   In furtherance of the conspiracy, Millman made copies

24  of the Copyrighted Recordings and Pre-1972 Recordings, and delivered those copies to Jordan

25  and Global Arts.   Jordan and Global Arts then purported to re-license rights in the

26  Copyrighted Recordings and Pre-1972 Recordings to others for further manufacture and

27  distribution.   In connection with those purported licenses, Jordan and Global Arts made or

28

Mitchell Silberberg &
Knupp LLP            0002940.1

- 3 -

made available unauthorized copies of the Copyrighted Recordings and Pre-1972 Recordings to their licensees.

Plaintiffs have no record of licenses being issued to any of defendants. Prior to filing the instant action, representatives of the plaintiffs confronted Jordan and Global Arts about their unauthorized activities. Jordan claimed rights in the Copyrighted Recordings and Pre-1972 Recordings through Millman and his companies. Jordan also claimed to have documents evidencing those alleged rights. However, despite plaintiffs' request for specific documentation and his initial agreement to provide such documentation, Jordan has refused to provide anything supporting his or Millman's purported rights in the Copyrighted Recordings and Pre-1972 Recordings.

## III.   GOOD CAUSE EXISTS TO PERMIT PLAINTIFFS TO OBTAIN EXPEDITED DISCOVERY

A plaintiff is entitled to expedited discovery where it can show (1) irreparable injury, (2) some probability of success on the merits, (3) some connection between the expedited discovery and the avoidance of irreparable injury, and (4) some evidence that the injury that will result without expedited discovery looms greater than the injury that the defendant will suffer if the expedited relief is granted. Fox v. Mow Trading Corp., 749 F.Supp. 473, 475 (S.D.N.Y. 1980). Here, plaintiffs easily satisfy each of the elements.

First, there is no question that the infringement of plaintiffs unique and valuable intellectual property rights constitutes irreparable injury. Indeed, because of the irreparable injury which naturally flows from copyright infringement, injunctive relief is a standard remedy in infringement action. 17 U.S.C. §502(a); Wainright Securities, Inc. v. Wall Street Transcript Corp., 558 F.2d 91 (2d Cir. 1977) (where a prima facie case of infringement

is made, a preliminary injunction should issue since irreparable injury is presumed). Similarly, defendants unlawful exploitation of plaintiffs' rights in the Pre-1972 Recordings causes irreparable injury entitling the plaintiffs to injunctive relief. <u>CBS, Inc. v. Garrod</u>, 622 F.Supp. 532 (M.D. Fla. 1985) (granting summary judgment against defendants and enjoining defendants from exploiting plaintiff's pre-1972 recordings).

Second, plaintiffs are likely to prevail in the instant action. It is undisputed that plaintiffs own the rights in and to the Copyrighted Recordings and Pre-1972 Recordings, and have never issued any licenses to any of the defendants to manufacture, distribute or exploit those recordings. Thus, the only remaining issue is whether defendants have any independent claim of rights in the Copyrighted Recordings and Pre-1972 Recording. If, as plaintiffs suspect, defendants cannot substantiate their purported rights, defendants' liability to plaintiffs will be unquestionable, leaving only the issue of damages for determination at trial.

Third, expedited discovery, in anticipation of a motion for preliminary injunction, is the best possible way to halt defendants' unlawful activity. If the discovery confirms plaintiffs' belief that the defendants do not have any rights in the Copyrighted Recordings or the Pre-1972 Recordings, plaintiffs will seek a preliminary injunction to protect their unique and value intellectual property.

Finally, without expedited discovery, plaintiffs will continue to be subjected to defendants' infringing activities. This clearly outweighs any inconvenience that defendants might suffer by having to respond to written discovery in an expedited manner when they have already indicated that such materials are readily available. Each day that defendants and their licensees continue unlawfully to exploit plaintiffs' Copyrighted Recordings and Pre-1972 Recordings causes plaintiffs further injury. By contrast, defendants will suffer little, if any, inconvenience if plaintiffs' motion is granted. The document requests and interrogatories are

1    limited to basic documentation and information concerning defendants' claim of the rights

2    they are purporting to exercise.  The documents are basic business records, and the

3    information should be readily available to the defendants, certainly within twenty days.

4    Moreover, based on prior communications, defendants are aware of plaintiffs' claims here, and

5    that plaintiffs seek this information, which defendants have refused to supply.

6

7           Under these circumstances, plaintiffs have satisfied the requirements for the

8    limited expedited discovery they seek.

9

10   **IV.    CONCLUSION**

11

12          For all of the foregoing reasons, plaintiffs respectfully request that the Court

13   grant plaintiffs' motion.

14

15   DATED:  April 30, 1998                    MITCHELL SILBERBERG & KNUPP LLP
16                                             RUSSELL J. FRACKMAN
                                               YAKUB HAZZARD
17
                                                      and
18
                                               KAREN L. STETSON
19
                                               By: _____
20                                                 YAKUB HAZZARD
                                                   Attorneys for Plaintiffs
21

22

23

24

25

26

27

28

Mitchell Silberberg &
Knupp LLP

0002940.1

- 6 -

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of Plaintiffs' Motion for Expedited Discovery and to Exceed Limitations of Local Rule 26.1(G)(2); and Memorandum of Points and Authorities in Support Thereof was served with the Complaint herein on Defendants Global Arts productions, Danny Jordan, Saturn Records, Stack-O-Hits, and Jack Millman.

KAREN L. STETSON

## DOCUMENTS AND THINGS TO BE PRODUCED

1.      The articles of incorporation and bylaws of GLOBAL ARTS.

2.      All DOCUMENTS, including without limitation agreements, licenses or bills of sale, referring or relating to JORDAN'S and/or GLOBAL ARTS' right, title and interest in and to any of PLAINTIFFS' RECORDINGS.

3.      All DOCUMENTS, including without limitation agreements, licenses or bills of sale between JORDAN and/or GLOBAL ARTS, on the one part, and MILLMAN, SATURN, and/or STACK-O-HITS, on the other part, referring or relating to any of PLAINTIFFS' RECORDINGS.

4.      A sample of each PHONORECORD embodying any of PLAINTIFFS' RECORDINGS.

5.      A copy of each master tape embodying any of PLAINTIFFS' RECORDINGS, including, without limitation, any box or package in which the master tape was received and/or is stored.

6.      All DOCUMENTS, including without limitation agreements, licenses, bills of sale, assignments, or other documents, relating or referring to any license, sale, assignment, transfer or lease of any of PLAINTIFFS' RECORDINGS from JORDAN and/or GLOBAL ARTS to any other person or entity.

7.      All DOCUMENTS, including, without limitation, royalty or accounting statements, reflecting, referring to, or relating to the number of PHONORECORDS embodying any of PLAINTIFFS' RECORDINGS and/or payments received or executed by JORDAN and/or GLOBAL ARTS for or from the sale, license or other exploitation of any of PLAINTIFFS' RECORDINGS.

0003270.1

## INTERROGATORIES

   1. Identify each of PLAINTIFFS' RECORDINGS for which YOU now claim or ever have claimed the right to license, manufacture, distribute and/or sell PHONORECORDS.

   2. For each of PLAINTIFFS' RECORDINGS which YOU claim or have claimed rights in YOUR response to Interrogatory No. 1 above, set forth in detail the nature of the rights claimed and each and every basis for YOUR claim of rights.

   3. Identify by date, title, persons addressed, persons signatory, and any other description sufficient to identify them, each and every document that evidences, refers to or reflects YOUR claimed rights in PLAINTIFFS' RECORDINGS.

   4. State the last name, and present or last known business and residence addresses and telephone numbers of each person who you believe has any knowledge or information concerning the rights claimed by YOU in PLAINTIFFS' RECORDINGS, and describe the nature of the information each such person possesses.

   5. State the name and present or last known business and residence addresses and telephone numbers of each person or entity to whom YOU have issued a license, sold or transferred any rights in any of PLAINTIFFS' RECORDINGS, and the date of each such license or transfer.

   6. Describe the terms of each license or transfer identified in YOUR response to Interrogatory No. 5.

   7. Identify by date, title, persons addressed, persons signatory, and any other description sufficient to identify them, each and every document that evidences, refers to or reflects the term of each license or transfer identified in response to Interrogatory No. 5.

   8. State the name and present or last known business and residence addresses and telephone numbers of each person who has or who YOU believe has any knowledge or information concerning the licenses or transfers identified in your response to Interrogatory No. 5.

0003271.1