UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| SONY MUSIC ENTERTAINMENT, INC. a corporation; A & M RECORDS, INC., a corporation; BMG MUSIC, d/b/a THE RCA RECORD LABEL, a general partnership; CAPITOL RECORDS, INC. , a corporation; ELEKTRA ENTERTAINMENT, a division of WARNER COMMUNICATIONS, INC., a corporation; MCA RECORDS, INC., a corporation; POLYGRAM RECORDS, INC., a corporation; and WARNER BROS. RECORDS, INC., a corporation,<br>      Plaintiffs<br><br>VERSUS<br><br>GLOBAL ARTS PRODUCTIONS, an entity of unknown form; DANNY JORDAN, an individual; SATURN RECORDS, an entity of unknown form; STACK-O-HITS, an entity of unknown form; and JACK MILLMAN, an individual,<br><br>      Defendants | CIVIL ACTION NO. 98-6507 *Middlebrooks*<br><br>**DEFENDANT GLOBAL ARTS PRODUCTIONS' MOTION TO DISMISS UNDER:**<br><br>**(1) F. R.C.P. RULE 12(B)(2)**<br>**(2) F.R.C.P. RULE 12(B)(3)**<br>**(3) F.R.C.P. RULE 12(B)(5)**<br><br>**MOTION FOR MORE DEFINITE STATEMENT** |

**NOW COMES** Defendant GLOBAL ARTS PRODUCTIONS, through the special appearance of undersigned counsel, who hereby motions this Court to dismiss the Plaintiffs' Complaint and, in support thereof, says as follows:

1. Defendant DANNY JORDAN has on even date filed a Motion to Dismiss the instant litigation under the Federal Rules of Civil Procedure. Said Motion was made upon specific grounds including, but not limited to, the following:

 a. Pursuant to the Return of Service Affidavit by Jean-Marie Jean Batiste of Bill Greenberg Special Services, Inc., the Plaintiffs' Complaint was served upon



"Melissa Florio" on May 21, 1998 at 5:19 P.M. This is the only evidence of proof-of-service relied upon by the Plaintiffs to support any contention that the Plaintiffs' Complaint has been properly served upon Defendant DANNY JORDAN. Thus, according to the admissions of the Plaintiffs' own process server, the Plaintiffs' Complaint has not been personally served upon Defendant DANNY JORDAN and the Plaintiffs' Complaint should be dismissed under Rule 12 (B) (5) of the Federal Rules of Civil Procedure for insufficient service of process.

b.  Moreover, contrary to the allegations of the Plaintiffs' Complaint, Defendant DANNY JORDAN is a resident of the State of California and holds a California driver's license. Moreover, the Plaintiffs' Complaint makes the general allegation that Defendant DANNY JORDAN is "doing business within this District" but offers no further details, specific information or proof; In fact, Defendant DANNY JORDAN is not doing business within this District and these allegations are as untrue as those concerning the residence of Defendant DANNY JORDAN. Plaintiffs' Complaint alleges that Defendant DANNY JORDAN entered into various license agreements in this District and said license agreements contained Florida choice of law provisions. See Paragraph 30 of Plaintiffs' Complaint. However, in contravention of certain Florida Rules of Civil Procedure mandating that Plaintiffs provide and attach copies of written documents relating to material allegations of a civil action complaint, Plaintiffs' Complaint does not contain any copies of any of these agreement; furthermore, Plaintiffs have not alleged that they were parties to these agreements and, therefore, had the standing to choose this District as the appropriate forum for this litigation. Accordingly, the Plaintiffs' Complaint should

      be dismissed under Rule 12 (B) (2) of the Federal Rules of Civil Procedure due to this Court's lack of personal jurisdiction over Defendant DANNY JORDAN.

c.    As stated in the preceding Paragraph, Defendant DANNY JORDAN is a resident of the State of California and, according to the address on his California driver's license, would more properly be within the personal jurisdiction of the United States District Court for the Central District of California if this litigation were assumed be have merit. Upon information and belief, Plaintiffs are nationally-based record companies who have substantial contacts in the State of California; in fact, one of the law firms representing Plaintiffs is located within the jurisdiction of the United States District Court for the Central District of California. Venue in Florida works an extreme prejudice against Defendant DANNY JORDAN who is not a resident of this District because Defendant DANNY JORDAN would undergo excessive expense to litigate this action so far from his domicile; Plaintiffs would not suffer any such prejudice. Accordingly, this case should be dismissed under Rule 12 (B) (3) for improper venue.

d.    For the purposes of his Motion to Dismiss, Defendant, DANNY JORDAN admitted that he or Defendant GLOBAL ARTS PRODUCTIONS has entered into transactions for certain audio recordings which may have been described as the subject matter of this litigation **but that any such transaction occurred in Germany and not the United States. In fact, Plaintiff SONY MUSIC ENTERTAINMENT, INC., through its foreign affiliate, brought a claim for copyright infringement (similar to that brought in the instant Complaint) against the corporate affiliate of Defendant DANNY JORDAN or GLOBAL ARTS PRODUCTIONS and the**

        **German courts have upheld the validity of the rights of Defendant DANNY JORDAN or GLOBAL ARTS PRODUCTIONS to enter into such a transaction.** Defendant DANNY JORDAN asserted that the instant Complaint is actually seeking to obtain legal redress for transactions that were not engaged in within the United States and are not the subject matter of United States law. Moreover, Defendant DANNY JORDAN asserts that Plaintiff SONY MUSIC ENTERTAINMENT, INC. is attempting to reverse an unfavorable judicial determination that was made in Germany in the appropriate forum and jurisdiction. Accordingly, the instant Complaint should be dismissed under Rule 12 (B) (1) for lack of subject matter jurisdiction over the German transactions.

e.    In addition to the statements of the previous Paragraph, Defendant DANNY JORDAN asserted that, inasmuch as the German court has already rendered a judgment on the validity of the transaction in Germany, Plaintiff SONY MUSIC ENTERTAINMENT, INC. should be collaterally estopped from bringing the same claim before this Court or *res judicata* effect should be accorded to that rendered judgment. Moreover, Defendant DANNY JORDAN asserted that the other Plaintiffs, whose claims would only be based upon transactions in Germany, should also be compelled to bring their civil action in a competent court in Germany, or under applicable German law. Finally, the Complaint does not contain any allegations to identify any products which contain any infringing copyrights that are or have been sold in the United States; does not contain any allegations which specify which transactions occurred within the United States; does not contain any allegations which set forth the dates on which the alleged infringements or alleged

wrongful conduct occurred; and does not contain any allegations which set forth where the alleged infringements or other alleged wrongful conduct occurred. Accordingly, since the instant Complaint does not mention applicable German law or any of these specifics, this case should be dismissed under Rule 12 (B) (6) for failure to state a claim upon which relief can be granted.

2. In the event that this Court were to dismiss the Plaintiffs' Complaint as to Defendant DANNY JORDAN for any of the grounds that are set forth above, this Court should then address the basis for venue and personal jurisdiction for this Complaint as to Defendant GLOBAL ARTS PRODUCTIONS.

3. Specifically, Plaintiffs' Complaint admits that Defendant GLOBAL ARTS PRODUCTIONS is an entity of unknown form and goes on to state that Defendant GLOBAL ARTS PRODUCTIONS is merely the alter ego of Defendant DANNY JORDAN; therefore, as Defendant DANNY JORDAN is a resident of the State of California, the Plaintiffs' allegations as to Defendant GLOBAL ARTS PRODUCTIONS would mean that Defendant GLOBAL ARTS PRODUCTIONS should be located in California and not Florida. Moreover, Plaintiffs' Complaint contains no other allegations which would support this District as the proper jurisdiction for these causes of action against Defendant GLOBAL ARTS PRODUCTIONS. Accordingly, the Plaintiffs' Complaint should be dismissed under Rule 12 (B) (2) of the Federal Rules of Civil Procedure due to this Court's lack of personal jurisdiction over Defendant GLOBAL ARTS PRODUCTIONS.

4. Furthermore, venue in Florida works an extreme prejudice against Defendant GLOBAL ARTS PRODUCTIONS who is located in or doing business in this District because Defendant GLOBAL ARTS PRODUCTIONS would undergo excessive expense to litigate

this action so far from his domicile; Plaintiffs would not suffer any such prejudice. The Plaintiffs would suffer no similar prejudice because Plaintiffs are nationally-owned and operated corporations who, presumably, have minimal business contacts in each of the United States. Accordingly, this case should be dismissed under Rule 12 (B) (3) for improper venue.

5. The Complaint has not been personally served upon Defendant GLOBAL ARTS PRODUCTIONS and the Plaintiffs' Complaint should be dismissed under Rule 12 (B) (5) of the Federal Rules of Civil Procedure for insufficient service of process.

6. In the alternative, the Court should require that Plaintiffs file a more definite statement of the allegations to identify any products which contain any infringing copyrights that are or have been sold in the United States; the allegations which specify which transactions occurred within the United States; the allegations which set forth the dates on which the alleged infringements or alleged wrongful conduct occurred; and the allegations which set forth where the alleged infringements or other alleged wrongful conduct occurred.

**WHEREFORE** Defendant GLOBAL ARTS PRODUCTIONS hereby respectfully requests that this Court enter an Order dismissing the Plaintiffs' Complaint. In the alternative, Defendant GLOBAL ARTS PRODUCTIONS hereby respectfully requests that this Court enter an Order requiring that Plaintiffs file a more definite statement of the allegations to identify any products which contain any infringing copyrights that are or have been sold in the United States; the allegations which specify which transactions occurred within the United States; the allegations which set forth the dates on which the alleged infringements or alleged wrongful conduct occurred; and the allegations which set forth where the alleged infringements or other alleged wrongful conduct occurred.

By: _____
DAVID T. SEIF, ESQ.
Attorney for Defendants
Coastal Tower, Suite 723
2400 East Commercial Boulevard
Fort Lauderdale, FL 33308
Telephone: (954) 776-7377

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished to Russell J. Frackman and Yakub Hazzard of Mitchell, Silberburg & Knupp, LLP at 11377 West Olympic Boulevard, Los Angeles, CA 90064-1683 and Karen L. Stetson at 2350 Prairie Avenue, PO Box 2731, Miami Beach, FL 33140. Dated this 17 day of June, 1998.

By: _____
DAVID T. SEIF, ESQ.
FL Bar No.: 990655