UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| SONY MUSIC ENTERTAINMENT, INC. a corporation; A & M RECORDS, INC., a corporation; BMG MUSIC, d/b/a THE RCA RECORD LABEL, a general partnership; CAPITOL RECORDS, INC. , a corporation; ELEKTRA ENTERTAINMENT, a division of WARNER COMMUNICATIONS, INC., a corporation; MCA RECORDS, INC., a corporation; POLYGRAM RECORDS, INC., a corporation; and WARNER BROS. RECORDS, INC., a corporation,<br>                Plaintiffs<br><br>VERSUS<br><br>GLOBAL ARTS PRODUCTIONS, an entity of unknown form; DANNY JORDAN, an individual; SATURN RECORDS, an entity of unknown form; STACK-O-HITS, an entity of unknown form; and JACK MILLMAN, an individual,<br>                Defendants | CIVIL ACTION NO. 98-6507 *Middlebrooks*<br><br>DEFENDANT GLOBAL ARTS PRODUCTIONS' MEMO OF LAW IN SUPPORT OF MOTION TO DISMISS UNDER:<br><br>(1) F.R.C.P. RULE 12(B)(2)<br>(2) F.R.C.P. RULE 12(B)(3)<br>(3) F.R.C.P. RULE 12(B)(5)<br><br>MOTION FOR MORE DEFINITE STATEMENT |

**NOW COMES** Defendant GLOBAL ARTS PRODUCTIONS, through the special appearance of undersigned counsel, who hereby submits this Memorandum of Law in Support of his Motion to Dismiss the Plaintiffs' Complaint and, in support thereof, says as follows:

Rule 12(B) of the Federal Rules of Civil Procedure permits a defendant to request dismissal of a Complaint on certain grounds:

> Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: (1) lack of jurisdiction over the subject matter, (2) lack of jurisdiction over the person, (3) improper venue, (4) insufficiency of process, (5) insufficiency of service



of process, (6) failure to state a claim upon which relief can be granted...

Rule 12 (B) of the Federal Rules of Civil Procedure.

As set forth in the instant Motion to Dismiss, Defendant GLOBAL ARTS PRODUCTIONS was never properly served with the Complaint. Hence the Motion to Dismiss under Rule 12 (B) (5) is appropriate relief.

In the instant Motion, evidence is provided that Defendant DANNY JORDAN is a resident of the State of California and, further, Plaintiffs allege that Defendant GLOBAL ARTS PRODUCTIONS is the alter ego or otherwise controlled by Defendant DANNY JORDAN; it stands to reason that Defendant GLOBAL ARTS PRODUCTIONS is located where Defendant DANNY JORDAN is located. Therefore, the United States District Court for the Southern District of Florida does not have personal jurisdiction over this Defendant. Hence, the Motion to Dismiss under 12 (B)(2) is appropriate relief.

Likewise, venue is improper because of Defendant GLOBAL ARTS PRODUCTIONS' location and the extreme prejudice of litigating this action over 2500 miles away. The Plaintiffs would suffer no hardship or prejudice by having the case litigated in a more convenient forum. Hence, the Motion to Dismiss under 12 (B) (3) is appropriate relief.

In the alternative, this Court should consider the import of Rule 12 of the Federal Rules of Civil Procedure with respect to the vagueness and ambiguity of the Complaint:

> If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading. The motion shall point out the defects complained of and the details desired.

Rule 12 (E) of the Federal Rules of Civil Procedure.

In the instant Motion, Defendant GLOBAL ARTS PRODUCTIONS has pointed out that

the Complaint does not contain any allegations to identify any products which contain any infringing copyrights that are or have been sold in the United States; does not contain any allegations which specify which transactions occurred within the United States; does not contain any allegations which set forth the dates on which the alleged infringements or alleged wrongful conduct occurred; and does not contain any allegations which set forth where the alleged infringements or other alleged wrongful conduct occurred.  Presumably, these omissions were intended to "protect" the Complaint from legal attack by motion for dismissal, motion for judgment on the pleadings, or motion for summary judgment.  If the Motion to Dismiss is not granted, this Court should require the Plaintiffs to make a more definite statement that will include these allegations and eliminate the vagueness and ambiguity of the Complaint.

By: _____
DAVID T. SEIF, ESQ.
Attorney for Defendants
Coastal Tower, Suite 723
2400 East Commercial Boulevard
Fort Lauderdale, FL 33308
Telephone: (954) 776-7377

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished to Russell J. Frackman and Yakub Hazzard of Mitchell, Silberburg & Knupp, LLP at 11377 West Olympic Boulevard, Los Angeles, CA 90064-1683 and Karen L. Stetson at 2350 Prairie Avenue, PO Box 2731, Miami Beach, FL 33140.  Dated this 17 day of June, 1998.

By: _____
DAVID T. SEIF, ESQ.
FL Bar No.: 990655