UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.  98-6507-Civ-Middlebrooks

**NIGHT BOX**
**FILED**

**JUN 19 1998**

**CARLOS JUENKE**
**CLERK, USDC / SDFL / MIA**

SONY MUSIC ENTERTAINMENT INC.,
et al.,

      Plaintiffs,

vs.

GLOBAL ARTS PRODUCTIONS, et al.,

      Defendants.

_____/

## PLAINTIFFS' MOTION TO COMPEL
## COMPLIANCE WITH JUNE 2, 1998 DISCOVERY ORDER

Plaintiffs, Sony Music Entertainment Inc., et al. (hereafter "Plaintiffs"), hereby move to

compel Defendants Danny Jordan, Jack Millman, Stack-O-Hits and Saturn Records (hereafter

"Defendants") to provide discovery pursuant to this Court's June 2, 1998 discovery Order.  To

date, Defendants have failed to provide any discovery responses whatsoever.  Since the Plaintiffs'

discovery requests were narrowly focused to obtain the most critical documents and interrogatory

answers, Defendants can have no objection as to burden, vagueness or relevance.  Efforts to

negotiate the Defendants' production of documents and responses to interrogatories have failed

to yield any results.  Given the limited nature of the discovery requests and the on-going copyright

infringement, compelling the previously-ordered discovery will not prejudice the Defendants.

KAREN L. STETSON, ESQ., P.O. Box 2731, Miami Beach, Florida 33140
Telephone (305) 532-4845     Fax (305) 604-0598

## Background

As described in the Complaint, Plaintiffs brought this action for copyright infringement against Defendants who are participating in the wholesale, unauthorized duplication of Plaintiffs' popular recordings.  Defendants sell to third parties copies of popular recordings with bogus licenses that purport to "authorize" the further duplication and distribution of Plaintiffs' recordings.  Using the copied recording and the bogus license, third-parties have then engaged, and are continuing to engage, in massive copyright infringement by further reproducing and distributing to the public pirated copies of Plaintiffs' recordings.

Prior to filing the Complaint, Plaintiffs' counsel engaged Defendant Jordan in discussions regarding the allegations described above.  Notwithstanding the Plaintiffs' ownership of the copyrights, Defendant Jordan claimed to have a valid license to engage in the reproduction and distribution of the recordings at issue.  Initially, Jordan agreed to provide the documentation which he claimed was immediately available.  They are documents which any legitimate business would and should have readily accessible.  Subsequently, but prior to the filing of the Complaint, Defendant Jordan refused to provide the requested documentation supporting his claim of license.  It is on this basis that Plaintiffs sought and obtained expedited discovery with the aim of filing a motion for preliminary injunction.

## Argument

Due to the exigent nature of this case, the Court recognized the need for expedited responses to Plaintiffs' First Set of Interrogatories and First Request for Production of Documents and ordered expedited discovery on June 2, 1998.  Defendant Danny Jordan's responses were due on June 10, 1998.  Defendants Jack Millman, Saturn Records and Stack-O-

KAREN L. STETSON, ESQ., P.O. Box 2731, Miami Beach, Florida 33140
Telephone (305) 532-4845    Fax (305) 604-0598

Records' responses were due on June 11, 1998.  Only <u>after</u> Defendant Danny Jordan's responses were due and <u>the day</u> Defendants Jack Millman, Saturn Records and Stack-O-Records' responses were due, Plaintiffs' counsel was contacted by David Seif, who initially stated that he believed he "might" be representing the defendants.  (The defendants apparently had other counsel in Detroit and in California, who did not contact Plaintiffs' counsel, but decided to wait until the last minute to retain Florida counsel).

Even though the time for Defendants to respond to the expedited discovery had effectively run and, even though, as described in Plaintiffs' Motion for Expedited Discovery, Plaintiffs were being harmed on a continuing basis by Defendants' conduct, rather than burden the Court, Plaintiffs agreed to stipulate to a brief extension of time for Defendants to provide the ordered discovery.  After lengthy negotiations spanning several days, however, Defendants refused to execute a Stipulation intended to memorialize an extension of time, defense counsel claiming he lacked authority to execute the Stipulation or agree to its provisions.  Specifically, Defendants refused to commit that all of the documents and discovery would be produced on any specific date in the future.  Under the circumstances, Plaintiffs could not agree to the essentially open-ended extension of time Defendants proposed.  Since then, Defendants have not communicated to Plaintiffs' counsel when the Court-ordered discovery will be forthcoming.  Neither have the Defendants sought any protection from the Court with respect to its Order of June 2, 1998.

Based on the Defendants' conduct described above, it is apparent that Defendants have flagrantly failed to abide by this Court's June 2nd Order.  The failure to provide Court-ordered discovery subjects Defendants to all of the remedies provided under Rule 37(b)(2) of the Federal Rules of Civil Procedure.  <u>Malautea v. Suzuki Motor Co., Ltd.,</u> 987 F.2d 1536, 1542 (11th Cir.),

-3-

*cert. denied,* 510 U.S. 863 (1993) ("[Rule 37(b)(2)] gives district judges broad discretion to fashion appropriate sanctions for violation of discovery orders . . ." .).  In accordance with Rule 37(b)(2), Plaintiffs request the immediate production of all documents and answers to interrogatories by Defendants, together with whatever additional relief the Court deems appropriate in the circumstances.  Moreover, in light of Defendants' failure to timely respond to Plaintiffs' discovery requests, Defendants have waived any and all objections they may have had to Plaintiffs' First Set of Interrogatories and First Request for Production.  See Godsey v. United States, 133 F.R.0D. 111, 113 (S.D. Miss. 1990) ("[d]iscovery objections are waived if a party fails to object timey to interrogatories, production requests, or other discovery efforts"); Perry v. Golub, 74 F.R.D. 360, 363 (D.C. Ala. 1976) ("It is clear that a defendant's failure to file a timely objection to [a] request for production constitute[s] a waiver of the objections.").  See also Rule 33(b)(4) of the Federal Rules of Civil Procedure (waiver of objections to interrogatories due to untimely response).  Therefore, all discovery should be ordered at this time to be immediately provided without any objections.

**Conclusion**

Based on the foregoing discussion and recitation of authorities, Plaintiffs respectfully request this Court's entry of an Order compelling Defendants to produce all documents requested in Plaintiffs' First Request for Production of Documents and to answer all interrogatories contained in Plaintiffs' First Set of Interrogatories immediately and without objection.

Attorneys for Plaintiffs

RUSSELL J. FRACKMAN

-4-

YAKUB HAZZARD
MITCHELL SILBERBERG & KNUPP LLP
11377 West Olympic Boulevard
Los Angeles, CA 90064
Telephone: (310) 312-3110
Facsimile: (310) 312-3788

and

KAREN L. STETSON
P.O. Box 2371
Miami Beach, FL 33140
Telephone: (305) 674-9683
Facsimile: (305) 604-0598


By: _____
Karen L. Stetson


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of Plaintiffs' Motion to Compel was

served by facsimile and mail to David Seif, Esq., 2400 E. Commercial Blvd., Suite 723, Ft.

Lauderdale, FL 33308, this 19th day of June, 1998.


_____
Karen L. Stetson


-5-

<u>**CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 26.1(I)**</u>

I HEREBY CERTIFY that I have conferred with opposing counsel in a good faith effort to resolve the issues raised in the foregoing Motion to Compel without success.

Karen L. Stetson

-6-