1  RUSSELL J. FRACKMAN
   YAKUB HAZZARD
2  MITCHELL SILBERBERG & KNUPP LLP
   11377 West Olympic Boulevard
3  Los Angeles, CA 90064-1683
   Telephone: (310) 312-2000
4  Facsimile: (310) 312-3100

5  KAREN L. STETSON
   2350 Prairie Avenue
6  Miami, FL 33140
   Telephone: (305) 532-4845
7  Facsimile: (305) 604-0598

8  Attorneys for Plaintiffs

9

10                    UNITED STATES DISTRICT COURT

11                    SOUTHERN DISTRICT OF FLORIDA

12

13  SONY MUSIC ENTERTAINMENT INC., a          CASE NO. 98-6507-Civ-Middlebrooks
    corporation; A & M RECORDS, INC., a
14  corporation; BMG MUSIC, d/b/a THE RCA      **PLAINTIFFS' MOTION AGAINST**
    RECORD LABEL, a general partnership;       **DEFENDANTS GLOBAL ARTS**
15  CAPITOL RECORDS, INC., a corporation;      **PRODUCTIONS AND DANNY JORDAN**
    ELEKTRA ENTERTAINMENT, a division of       **FOR ISSUE SANCTIONS, OR IN THE**
16  WARNER COMMUNICATIONS, INC., a             **ALTERNATIVE, AN ORDER**
    corporation; MCA RECORDS, INC., a          **PRECLUDING EVIDENCE, FOR**
17  corporation; POLYGRAM RECORDS, INC.,       **REFUSAL TO COMPLY WITH COURT**
    a corporation; and WARNER BROS.            **ORDERS RE DISCOVERY;**
18  RECORDS INC., a corporation,

19                          Plaintiffs,         **REQUEST FOR MONETARY**
                                                **SANCTIONS AGAINST DEFENDANTS**
20          v.                                  **GLOBAL ARTS PRODUCTIONS,**
                                                **DANNY JORDAN, AND THEIR**
21  GLOBAL ARTS PRODUCTIONS, an entity         **COUNSEL OF RECORD, DAVID SEIF,**
    of unknown form; DANNY JORDAN, an          **JOINTLY AND SEVERALLY; AND**
22  individual; SATURN RECORDS, an entity of
    unknown form; STACK-O-HITS, an entity of   **MEMORANDUM OF LAW IN**
23  unknown form; and JACK MILLMAN, an         **SUPPORT THEREOF**
    individual,
24
                            Defendants.
25

26

27

28

Mitchell Silberberg &

1  Plaintiffs Sony Music Entertainment Inc. et al. ("Plaintiffs") move, pursuant to

2  Rule 37(b) of the Federal Rules of Civil Procedure, for issue sanctions, including an order that the

3  allegations of the Complaint be deemed established, and precluding Defendants Global Arts

4  Productions ("Global Arts") and Danny Jordan ("Jordan") from opposing Plaintiffs' claims; or, in

5  the alternative, an order precluding Global Arts and Jordan from offering any evidence to support

6  the issues subject to the court-ordered discovery, as hereafter described.

7

8  In addition, pursuant to Rule 37(b)(2) of the Federal Rules of Civil Procedure,

9  Plaintiffs request reimbursement of their reasonable expenses, including attorneys' fees, against

10  Defendants Global Arts and Danny Jordan, and their counsel of record, David Seif, jointly and

11  severally, for their refusal to obey discovery orders.

12

13  **MEMORANDUM OF LAW**

14

15  **I.     INTRODUCTION.**

16

17  Defendants' disregard for this Court's Orders and their continued refusal to

18  provide the information and documents supporting their claimed right to copy and distribute

19  recordings owned by the Plaintiffs should not be tolerated by this Court.   Global Arts and Jordan

20  and their counsel have willfully failed and refused to comply with *two* separate discovery Orders:

21

22  •    On June 2, 1998, the Court granted Plaintiffs' Motion for Expedited

23  Discovery and ordered that the Defendants respond to limited

24  interrogatories and document requests propounded by Plaintiffs (the

25  "June 2, 1998 Discovery Order").  Defendants ignored the June 2, 1998

26  Discovery Order.

27

28

Mitchell Silberberg &

1       •     On July 14, 1998, the Court granted Plaintiffs' Motion to Compel in its

2               entirety (the "July 14, 1998 Order"), ordering the Defendants to comply

3               with the Court's prior order and provide discovery, without objection.

4               Defendants Global Arts and Jordan refused to comply with the July 14,

5               1998 Order.

6

7       Given that Global Arts and Jordan have failed and refused to comply with two Court

8  Orders concerning the basic discovery at issue which has now been pending *eleven weeks*, the

9  Court should enter the orders requested.

10

11  **II.**    **BACKGROUND**

12

13       Plaintiffs are record companies engaged in the business of producing and selling

14  musical recordings.  Plaintiffs have brought this action to protect valuable intellectual property

15  rights in their recordings.  Specifically, Plaintiffs seek to stop an on-going conspiracy by which the

16  Defendants unlawfully are copying and distributing, and purporting to authorize others to further

17  copy and distribute, valuable recordings owned by Plaintiffs.

18

19       Prior to filing this action, Plaintiffs attempted to obtain the information and

20  documents supporting Global Arts and Jordan's claimed rights in the recordings at issue.  While

21  Jordan initially agreed to provide the information and documents to Plaintiffs, which he said were

22  readily available, he later refused to do so.  This action ensued.  This is set forth in greater detail

23  in Plaintiffs' Opposition to Defendants' Motion to Dismiss and For More Definite Statement and

24  the attached Declaration of Matthew J. Oppenheim.

25

26       Plaintiffs filed their Complaint on May 18, 1998, together with a motion for

27  expedited discovery.  The discovery requests consist of eight interrogatories and seven document

28  requests which seek any information that would support Defendants' position that their conduct is

1     •  On July 14, 1998, the Court granted Plaintiffs' Motion to Compel in its

2      entirety (the "July 14, 1998 Order"), ordering the Defendants to comply

3      with the Court's prior order and provide discovery, without objection.

4      Defendants Global Arts and Jordan refused to comply with the July 14,

5      1998 Order.

6

7    Given that Global Arts and Jordan have failed and refused to comply with two Court

8 Orders concerning the basic discovery at issue which has now been pending *eleven weeks*, the

9 Court should enter the orders requested.

10

11 **II.**  **BACKGROUND**

12

13    Plaintiffs are record companies engaged in the business of producing and selling

14 musical recordings.  Plaintiffs have brought this action to protect valuable intellectual property

15 rights in their recordings.  Specifically, Plaintiffs seek to stop an on-going conspiracy by which the

16 Defendants unlawfully are copying and distributing, and purporting to authorize others to further

17 copy and distribute, valuable recordings owned by Plaintiffs.

18

19    Prior to filing this action, Plaintiffs attempted to obtain the information and

20 documents supporting Global Arts and Jordan's claimed rights in the recordings at issue.  While

21 Jordan initially agreed to provide the information and documents to Plaintiffs, which he said were

22 readily available, he later refused to do so.  This action ensued.  This is set forth in greater detail

23 in Plaintiffs' Opposition to Defendants' Motion to Dismiss and For More Definite Statement and

24 the attached Declaration of Matthew J. Oppenheim.

25

26    Plaintiffs filed their Complaint on May 18, 1998, together with a motion for

27 expedited discovery.  The discovery requests consist of eight interrogatories and seven document

28 requests which seek any information that would support Defendants' position that their conduct is

Mitchell Silberberg &

1    confer and avoid further Court intervention, Global Arts and Jordan have failed and refused to

2    withdraw their objections and to comply with this Court's two discovery orders.

3

4    **III.    <u>DEFENDANTS' REFUSAL TO PROVIDE BASIC DISCOVERY AS TO THE</u>**

5        **<u>KEY ISSUES IN THIS CASE JUSTIFIES THE SANCTION OF PRECLUSION.</u>**

6

7        The key issues in this case are: (1) Defendants' claim of right in Plaintiffs' sound

8    recordings, and Defendants' contention that they have authority to license and duplicate Plaintiffs'

9    sound recordings; and (2) Defendants' unlawful acts of copying and authorizing others to copy

10    Plaintiffs' sound recordings and Defendants' receipt of substantial revenue from those bogus

11    licenses. These are precisely the issues inquired into by the discovery which Global Arts and

12    Jordan continue to ignore. Specifically, the interrogatories and document requests seek:

13

14        •      information supporting any claim by Defendants of the right to copy,

15              distribute or license Plaintiffs' sound recordings, the nature of the rights

16              claimed, the documents which support that claim, and the witnesses to that

17              claim (Interrogatories 1-4 and Document Requests 2 and 3); and

18

19        •      information concerning Defendants' licenses to third parties and

20              Defendants' unauthorized uses of Plaintiffs' recordings, including any

21              licenses issued by Defendants, the terms of such licenses, the documents

22              which evidence those licenses, the witnesses to those transactions, and

23              samples of any unauthorized recordings made by Defendants or their

24              licensees (Interrogatories 5-8 and Document Requests 4-7).

25

26        Although Defendants have denied the allegations of the Complaint that they did

27    not have any right to use Plaintiffs' recordings, and although Defendants have asserted various

28    affirmative defenses (including that they have certain rights in Plaintiffs' recordings), Global Arts

1   and Jordan have completely refused to provide discovery on these basic issues.  Therefore, by this

2   motion, Plaintiffs request that the allegations of the Complaint be deemed established and that

3   Global Arts and Jordan be precluded from opposing the claims asserted in the Complaint (in

4   effect, entering their default and permitting Plaintiffs to prove up their damages).  Alternatively,

5   Plaintiffs' request that Global Arts and Jordan be precluded from offering any evidence to oppose

6   those issues with respect to which they have refused to provide discovery, and deeming those

7   issues established, as follows:

8

9          1.      Plaintiffs own the rights in the sound recordings identified in the

10                 Complaint.

11

12         2.      Global Arts and Jordan do not have any right to copy or distribute the

13                 sound recordings identified in the Complaint.

14

15         3.      Global Arts and Jordan have unlawfully copied and distributed Plaintiffs'

16                 sound recordings and have purported to issue licenses to third parties to

17                 further copy and distribute Plaintiffs' sound recordings without authority.

18

19         4.      Global Arts and Jordan have derived substantial revenue from copying and

20                 distributing Plaintiffs' sound recordings and from issuing bogus licenses to

21                 third parties.

22

23         The discovery at issue is very limited in scope (8 interrogatories and 7 document

24   requests).  The information and documents requested are basic discovery which Plaintiffs need in

25   order to proceed with this action and protect their invaluable assets.  The discovery goes to both

26   the merits of the action and to damages.  Any legitimate business would have the requested

27   information and documents readily available to provide.  In fact, prior to the filing of this action,

28   Global Arts and Jordan represented that this information and the documents were readily

Mitchell Silberberg &

- 6 -

available. <u>See</u> Oppenheim Declaration attached to Plaintiffs' Opposition to Defendants' Motions to Dismiss and For More Definite Statement.

Global Arts and Jordan have now violated *two* separate Court Orders concerning the discovery at issue. It would be unfair and highly prejudicial to Plaintiffs if Global Arts and Jordan were allowed willfully to violate this Court's discovery orders, ignore their discovery obligations, assert an evasive, unintelligible and frivolous objection to each of Plaintiffs' discovery requests, and then contest the action by relying on the very information and documents which they have refused to produce. The Court should order that the allegations of the Complaint be deemed established and that Global Arts and Jordan be precluded from opposing Plaintiffs' claims. In addition, Plaintiffs are entitled to recover their reasonable attorneys' fees and costs incurred in connection with the instant discovery dispute caused solely by the conduct of Global Arts, Jordan, and their counsel of record.

**IV.    THE COURT HAS THE AUTHORITY TO AND SHOULD IMPOSE ISSUE SANCTIONS FOR VIOLATION OF TWO DISCOVERY ORDERS.**

In light of Global Arts' and Jordan's refusal to comply with this Court's June 2, 1998 Discovery Order and July 14, 1998 Order, the issue of their contempt is simple. Defendants were ordered to provide discovery, without objection. They simply refused to do so. Therefore, there is no question that the Court has the authority to impose the sanctions requested. Federal Rule of Civil Procedure 37(b)(2)(A) specifically provides that failure to comply with Court order can result in "[a]n order that the matters regarding which the order was made or any other designated facts be taken to be established for the purposes of the action. . . ." And, Federal Rule of Civil Procedure 37(b)(2)(B) authorizes, as a discovery sanction "[a]n order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence . . . ."

1       Courts uniformly have imposed such sanctions, where, as here, a party has refused

2   to provide discovery on central issues in the case.  See  Insurance Corp. of Ireland, Ltd. v.

3   Compagnie des Bauxites de Guinee, 456 U.S. 694, 697 (1982) (issue sanction establishing

4   personal jurisdiction over Defendants imposed after Defendants refused to provide personal

5   jurisdiction discovery); Campbell v. Eastland, 307 F.2d 478, 492 (5th Cir. 1962) (when a party

6   fails to comply with discovery orders, "the court may declare as established particular matters of

7   fact which the private litigant might have established through evidence"); Chilcutt v. United

8   States, 4 F.3d 1313, 1324 (5th Cir. 1993) ("When parties present no valid objections to discovery

9   and intentionally withhold properly requested information, courts have authority to presume that

10  the party's refusal to produce the information is an admission of the want of merit in the asserted

11  defense."); Moody v. Schwartz, 97 F.R.D. 741, 744 (S.D. Tex. 1983) (plaintiff's insufficient

12  answers to interrogatories after Court order compelling full and complete responses justified issue

13  preclusion order); Riverside Memorial Mausoleum, Inc., T/A v. Sonnenblick-Goldman

14  Corporation, 80 F.R.D. 433, 436 (E.D.Pa. 1978) (precluding plaintiffs from offering any evidence

15  as to matters inquired into by interrogatories where answers were both late and unsatisfactory).

16

17      Moreover, such sanctions are an appropriate response to the willful refusal to

18  provide basic discovery, even if the Court has not previously warned about the possibility of

19  sanctions.  Hal Commodity Cycles Management Co. v. Kirsh, 825 F.2d 1136, 1139 (7th Cir.

20  1987) ("A district court is not required to fire a warning shot."); David Steel Products v. M/V

21  Fakredine, 951 F.2d 1357, 1366 (2d Cir. 1991) ("We decline to hobble the necessary discretion of

22  district courts by imposing a further requirement of formal and specific warnings before imposing

23  Rule 37(b)(2) sanctions . . . .").  Thus, the Court should, at this time, issue the requested relief.

24  See, e.g., Stanton v. Iver Johnson's Arms, Inc., 88 F.R.D. 290, 292 (D.Mont. 1980) (ordering

25  certain facts established and awarding attorneys' fees where defendant failed to respond timely to

26  interrogatories in disregard of court order compelling responses).

27

28

Mitchell Silberberg &

- 8 -

1  Plaintiffs for their expenses, including attorneys' fees, incurred in pursuing the discovery at

2  issue.

3

4                                **CONCLUSION**

5

6           For all of the foregoing reasons, Plaintiffs respectfully request that the Court issue

7  the order requested.

8

9        **CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 26.1(I)**

10

11          I HEREBY CERTIFY that Plaintiffs' counsel has conferred with opposing

12  counsel in a good faith attempt to resolve the issues raised in the foregoing Motion without

13  success.

14

15  DATED: August 5, 1998                    RUSSELL J. FRACKMAN
                                             YAKUB HAZZARD
16                                           MITCHELL SILBERBERG & KNUPP LLP
                                                 and
17                                           KAREN L. STETSON

18
                                             By: _Russell J Frackman_
19                                               Russell J. Frackman
                                                 Attorneys for Plaintiffs
20

21

22

23

24

25

26

27

28

Mitchell Silberberg &
   Knupp LLP

0025532.1                              - 12 -

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing motion and memorandum of law was mailed to David Seif, Esq., 5252 NE 6th Avenue, Suite 31-B; Ft. Lauderdale, FL 33308, this 6th day of August, 1998.

_____
Karen L. Stetson

**TABLE OF CONTENTS**

**Page**

MEMORANDUM OF LAW . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

I.    INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

II.   BACKGROUND . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

III.  DEFENDANTS' REFUSAL TO PROVIDE BASIC DISCOVERY AS TO THE
      KEY ISSUES IN THIS CASE JUSTIFIES THE SANCTION OF PRECLUSION. . . . . 5

IV.   THE COURT HAS THE AUTHORITY TO AND SHOULD IMPOSE ISSUE
      SANCTIONS FOR VIOLATION OF TWO DISCOVERY ORDERS.  . . . . . . . . . . 7

V.    PLAINTIFFS ARE ENTITLED TO REIMBURSEMENT OF THEIR
      EXPENSES INCURRED IN SEEKING THE DISCOVERY. . . . . . . . . . . . . . . 11

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

# TABLE OF AUTHORITIES

**Page**

## FEDERAL CASES

Campbell v. Eastland,
    307 F.2d 478 (5th Cir. 1962) ................................................................. 8

Chilcutt v. United States,
    4 F.3d 1313 (5th Cir. 1993) ................................................................. 8

David Steel Products v. M/V Fakredine,
    951 F.2d 1357 (2d Cir. 1991) ............................................................. 8

Hal Commodity Cycles Management Co. v. Kirsh,
    825 F.2d 1136 (7th Cir. 1987) ............................................................ 8

Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee,
    456 U.S. 694 (1982) ........................................................................... 8

Moody v. Schwartz,
    97 F.R.D. 741 (S.D. Tex. 1983) ......................................................... 8

Riverside Memorial Mausoleum, Inc.,
T/A v. Sonnenblick-Goldman Corporation,
    80 F.R.D. 433 (E.D.Pa. 1978) ........................................................... 8

Stanton v. Iver Johnson's Arms, Inc.,
    88 F.R.D. 290 (D.Mont. 1980) .......................................................... 8

## FEDERAL STATUTES

17 U.S.C. § 101 ......................................................................................... 10

F.R.C.P. 26 ............................................................................................... 9

F.R.C.P. 37 ............................................................................................... 11

## OTHER

Wright, Miller & Marcus, Federal Practice and Procedure:
    Civil 2d § 2289 (2d ed. 1994) ............................................................ 11

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| SONY MUSIC ENTERTAINMENT, INC., a corporation; A & M RECORDS, INC., a corporation; BMG MUSIC. d/b/a THE RCA RECORD LABEL, a general partnership; CAPITOL RECORDS, INC., a corporation; ELEKTRA ENTERTAINMENT, a division of WARNER COMMUNICATIONS, INC., a corporation; MCA RECORDS, INC., a corporation; POLYGRAM RECORDS, INC., a corporation; and WARNER BROS. RECORDS, INC., a corporation,<br><br>　　　　　　　　Plaintiffs,<br><br>GLOBAL ARTS PRODUCTIONS, an entity of unknown form; DANNY JORDAN, an individual; SATURN RECORDS, an entity of unknown form; STACK-O-HITS, an entity of unknown form; and JACK MILLMAN, an individual,<br><br>　　　　　　　　Defendants. | CASE NO. 98-6507<br><br>**DEFENDANT GLOBAL ARTS PRODUCTIONS' RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES** |

Defendant Global Arts Productions hereby responds to the Plaintiffs' First Set of Interrogatories as follows:

1. **Identify each of PLAINTIFFS' RECORDINGS for which YOU now claim or ever have claimed the right to license, manufacture, distribute and/or sell PHONORECORDS.**

1. Defendant objects to the language contained in the first interrogatory propounded by Plaintiffs as vague and misleading inasmuch as said interrogatory requires Defendant to acknowledge or otherwise understand that a specific sound recording is one of the PLAINTIFFS' RECORDINGS without any further identifying information other than the title of a composition and the name of an "artist". In support of this objection, Defendant asserts, and Plaintiffs know or should know,

Page 1

EXHIBIT "A"

that in the recordings industry, artists render vocal services and record companies have commonly released several, if not many, versions of the same composition, including but not limited to versions known as "re-recordings"or "live recordings". Without a copy of the actual specific recordings that Plaintiffs refer to, or supplemental identifying information including but not limited to the date of the recordings, place of the recording, length of the recording, musicians and vocal artists performing, matrix number, etc..., Defendant is not able to respond with any degree of certainty or accuracy with information that would lead to admissible evidence; indeed, Defendant's response would be little more than a guess.

2.    **For each of the PLAINTIFFS' RECORDINGS which YOU claim or have claimed rights in YOUR response to Interrogatory No. 1 above, set forth in detail the nature of the rights claimed and each and every basis for YOUR claim of rights.**

2.    Defendant objects to the language contained in the second interrogatory propounded by Plaintiffs as vague and misleading inasmuch as said interrogatory requires Defendant to acknowledge or otherwise understand that a specific sound recording is one of the PLAINTIFFS' RECORDINGS without any further identifying information other than the title of a composition and the name of an "artist". In support of this objection, Defendant asserts, and Plaintiffs know or should know, that in the recordings industry, artists render vocal services and record companies have commonly released several, if not many, versions of the same composition, including but not limited to versions known as "re-recordings"or "live recordings". Without a copy of the actual specific recordings that Plaintiffs refer to, or supplemental identifying information including but not limited to the date of the recordings, place of the recording, length of the recording, musicians and vocal artists performing, matrix number, etc..., Defendant is not able to respond with any degree of certainty or accuracy with information that would lead to admissible evidence; indeed, Defendant's response would be little more than a guess.

3.    **Identify by date, title, persons addressed, persons signatory, and any other description sufficient to identify them, each and every document that evidences, refers to or reflects YOUR claimed rights to PLAINTIFFS' RECORDINGS.**

3.    Defendant objects to the language contained in the third interrogatory propounded by Plaintiffs as vague and misleading inasmuch as said interrogatory requires Defendant to acknowledge or otherwise understand that a specific sound recording is one of the PLAINTIFFS' RECORDINGS without any further identifying information other than the title of a composition and the name of an "artist". In support of this objection, Defendant asserts, and Plaintiffs know or should know,

Page 2

that in the recordings industry, artists render vocal services and record companies have commonly released several, if not many, versions of the same composition, including but not limited to versions known as "re-recordings"or "live recordings". Without a copy of the actual specific recordings that Plaintiffs refer to, or supplemental identifying information including but not limited to the date of the recordings, place of the recording, length of the recording, musicians and vocal artists performing, matrix number, etc..., Defendant is not able to respond with any degree of certainty or accuracy with information that would lead to admissible evidence; indeed, Defendant's response would be little more than a guess.

4.     **State the last name, and present or last known business and residence addresses and telephone numbers of each person who you believe has any knowledge or information concerning the rights claimed by YOU in PLAINTIFFS' RECORDINGS, and describe the nature of the information each such person possesses.**

4.     Defendant objects to the language contained in the fourth interrogatory propounded by Plaintiffs as vague and misleading inasmuch as said interrogatory requires Defendant to acknowledge or otherwise understand that a specific sound recording is one of the PLAINTIFFS' RECORDINGS without any further identifying information other than the title of a composition and the name of an "artist". In support of this objection, Defendant asserts, and Plaintiffs know or should know, that in the recordings industry, artists render vocal services and record companies have commonly released several, if not many, versions of the same composition, including but not limited to versions known as "re-recordings"or "live recordings". Without a copy of the actual specific recordings that Plaintiffs refer to, or supplemental identifying information including but not limited to the date of the recordings, place of the recording, length of the recording, musicians and vocal artists performing, matrix number, etc..., Defendant is not able to respond with any degree of certainty or accuracy with information that would lead to admissible evidence; indeed, Defendant's response would be little more than a guess.

5.     **State the name and present or last business and residence address and telephone numbers of each person or entity to whom YOU have issued a license, sold or transferred any rights in any of PLAINTIFFS' RECORDINGS, and the date of each such license or transfer.**

5.     Defendant objects to the language contained in the fifth interrogatory propounded by Plaintiffs as vague and misleading inasmuch as said interrogatory requires Defendant to acknowledge or otherwise understand that a specific sound recording is one of the PLAINTIFFS' RECORDINGS without any further identifying information other than the title of a composition and the name of an "artist". In

Page 3

support of this objection, Defendant asserts, and Plaintiffs know or should know, that in the recordings industry, artists render vocal services and record companies have commonly released several, if not many, versions of the same composition, including but not limited to versions known as "re-recordings"or "live recordings". Without a copy of the actual specific recordings that Plaintiffs refer to, or supplemental identifying information including but not limited to the date of the recordings, place of the recording, length of the recording, musicians and vocal artists performing, matrix number, etc..., Defendant is not able to respond with any degree of certainty or accuracy with information that would lead to admissible evidence; indeed, Defendant's response would be little more than a guess.

6.      **Describe the terms of each license or transfer identified in YOUR response to Interrogatory No. 5.**

6.      Defendant objects to the language contained in the sixth interrogatory propounded by Plaintiffs as vague and misleading inasmuch as said interrogatory requires Defendant to acknowledge or otherwise understand that a specific sound recording is one of the PLAINTIFFS' RECORDINGS without any further identifying information other than the title of a composition and the name of an "artist". In support of this objection, Defendant asserts, and Plaintiffs know or should know, that in the recordings industry, artists render vocal services and record companies have commonly released several, if not many, versions of the same composition, including but not limited to versions known as "re-recordings"or "live recordings". Without a copy of the actual specific recordings that Plaintiffs refer to, or supplemental identifying information including but not limited to the date of the recordings, place of the recording, length of the recording, musicians and vocal artists performing, matrix number, etc..., Defendant is not able to respond with any degree of certainty or accuracy with information that would lead to admissible evidence; indeed, Defendant's response would be little more than a guess.

7.      **Identify by date, title, persons addressed, persons signatory, and any other description sufficient to identify them, each and every document that evidence, refers to or reflect the term of each license or transfer identified in response to Interrogatory No. 5.**

7.      Defendant objects to the language contained in the seventh interrogatory propounded by Plaintiffs as vague and misleading inasmuch as said interrogatory requires Defendant to acknowledge or otherwise understand that a specific sound recording is one of the PLAINTIFFS' RECORDINGS without any further identifying information other than the title of a composition and the name of an "artist". In support of this objection, Defendant asserts, and Plaintiffs know or should know, that in the recordings industry, artists render vocal services and record companies have commonly released several, if not many, versions of the

Page 4

same composition, including but not limited to versions known as "re-recordings" or "live recordings". Without a copy of the actual specific recordings that Plaintiffs refer to, or supplemental identifying information including but not limited to the date of the recordings, place of the recording, length of the recording, musicians and vocal artists performing, matrix number, etc..., Defendant is not able to respond with any degree of certainty or accuracy with information that would lead to admissible evidence; indeed, Defendant's response would be little more than a guess.

8.   **State the name and present or last known business and residence addresses and telephone numbers of each person who has or who YOU believe has any knowledge or information concerning the licenses and transfers identified in your response to Interrogatory No. 5.**

8.   Defendant objects to the language contained in the eighth interrogatory propounded by Plaintiffs as vague and misleading inasmuch as said interrogatory requires Defendant to acknowledge or otherwise understand that a specific sound recording is one of the PLAINTIFFS' RECORDINGS without any further identifying information other than the title of a composition and the name of an "artist". In support of this objection, Defendant asserts, and Plaintiffs know or should know, that in the recordings industry, artists render vocal services and record companies have commonly released several, if not many, versions of the same composition, including but not limited to versions known as "re-recordings" or "live recordings". Without a copy of the actual specific recordings that Plaintiffs refer to, or supplemental identifying information including but not limited to the date of the recordings, place of the recording, length of the recording, musicians and vocal artists performing, matrix number, etc..., Defendant is not able to respond with any degree of certainty or accuracy with information that would lead to admissible evidence; indeed, Defendant's response would be little more than a guess.

Signed this _32_ day of July, 1998.

GLOBAL ARTS PRODUCTIONS

STATE OF FLORIDA       }
COUNTY OF BROWARD   }

   The forgoing instrument was acknowledged before me this _22_ day of July, 1998, by _Denny Jordan for Global Arts_, who produced _personally known_ as identification.

David Seif
MY COMMISSION # CC728438 EXPIRES
March 26, 2002
BONDED THRU TROY FAIN INSURANCE INC.

NOTARY PUBLIC

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| SONY MUSIC ENTERTAINMENT, INC., a corporation; A & M RECORDS, INC., a corporation; BMG MUSIC. d/b/a THE RCA RECORD LABEL, a general partnership; CAPITOL RECORDS, INC., a corporation; ELEKTRA ENTERTAINMENT, a division of WARNER COMMUNICATIONS, INC., a corporation; MCA RECORDS, INC., a corporation; POLYGRAM RECORDS, INC., a corporation; and WARNER BROS. RECORDS, INC., a corporation, | CASE NO. 98-6507<br><br>**DEFENDANT GLOBAL ARTS PRODUCTIONS' RESPONSES TO PLAINTIFFS' FIRST SET OF REQUEST FOR PRODUCTION OF DOCUMENTS** |
| Plaintiffs, | |
| GLOBAL ARTS PRODUCTIONS, an entity of unknown form; DANNY JORDAN, an individual; SATURN RECORDS, an entity of unknown form; STACK-O-HITS, an entity of unknown form; and JACK MILLMAN, an individual, | |
| Defendants. | |

Defendant Global Arts Productions hereby responds to the Plaintiffs' First Set of Requests for Productions of Documents as follows:

1.    **The articles of incorporation or bylaws of GLOBAL ARTS PRODUCTIONS.**

1.    Answer: Defendant has none.

2.    **ALL DOCUMENTS, including without limitation, agreements, licenses, or bills of sale referring or relating to JORDAN and/or GLOBAL ARTS' right, title and interest in and to any of PLAINTIFFS' RECORDINGS.**

2.    Defendant objects to the language contained in the second request propounded by Plaintiffs as vague and misleading inasmuch as said request requires Defendant to

Page 1

EXHIBIT "B"

acknowledge or otherwise understand that a specific sound recording is one of the
PLAINTIFFS' RECORDINGS without any further identifying information other
than the title of a composition and the name of an "artist". In support of this
objection, Defendant asserts, and Plaintiffs know or should know, that in the
recordings industry, artists render vocal services and record companies have
commonly released several, if not many, versions of the same composition,
including but not limited to versions known as "re-recordings"or "live recordings".
Without a copy of the actual specific recordings that Plaintiffs refer to, or
supplemental identifying information including but not limited to the date of the
recordings, place of the recording, length of the recording, musicians and vocal
artists performing, matrix number, etc..., Defendant is not able to respond with any
degree of certainty or accuracy with information that would lead to admissible
evidence; indeed, Defendant's response would be little more than a guess.
Notwithstanding the foregoing objection, Defendant further responds that
Defendant as an individual does not control or possess any such documents.

3.     **ALL DOCUMENTS, including without limitation, agreements, licenses, or
bills of sale between JORDAN and/or GLOBAL ARTS, on the one part, and
MILMAN, SATURN, and/or STACK-O-HITS, on the other part, referring
or relating to any of PLAINTIFFS' RECORDINGS.**

3.     Defendant objects to the language contained in the second request propounded by
Plaintiffs as vague and misleading inasmuch as said request requires Defendant to
acknowledge or otherwise understand that a specific sound recording is one of the
PLAINTIFFS' RECORDINGS without any further identifying information other
than the title of a composition and the name of an "artist". In support of this
objection, Defendant asserts, and Plaintiffs know or should know, that in the
recordings industry, artists render vocal services and record companies have
commonly released several, if not many, versions of the same composition,
including but not limited to versions known as "re-recordings"or "live recordings".
Without a copy of the actual specific recordings that Plaintiffs refer to, or
supplemental identifying information including but not limited to the date of the
recordings, place of the recording, length of the recording, musicians and vocal
artists performing, matrix number, etc..., Defendant is not able to respond with any
degree of certainty or accuracy with information that would lead to admissible
evidence; indeed, Defendant's response would be little more than a guess.
Notwithstanding the foregoing objection, Defendant further responds that
Defendant as an individual does not control or possess any such documents.

4.     **A sample of each PHONORECORD embodying any of PLAINTIFFS'
RECORDINGS.**

4.     Defendant objects to the language contained in the fourth request of production of

documents propounded by Plaintiffs as vague and misleading inasmuch as said request requires Defendant to acknowledge or otherwise understand that a specific sound recording is one of the PLAINTIFFS' RECORDINGS without any further identifying information other than the title of a composition and the name of an "artist". In support of this objection, Defendant asserts, and Plaintiffs know or should know, that in the recordings industry, artists render vocal services and record companies have commonly released several, if not many, versions of the same composition, including but not limited to versions known as "re-recordings"or "live recordings". Without a copy of the actual specific recordings that Plaintiffs refer to, or supplemental identifying information including but not limited to the date of the recordings, place of the recording, length of the recording, musicians and vocal artists performing, matrix number, etc..., Defendant is not able to respond with any degree of certainty or accuracy with information that would lead to admissible evidence; indeed, Defendant's response would be little more than a guess. Notwithstanding the foregoing objection, Defendant further responds that Defendant does not have any such samples.

5.    **A copy of each master tape embodying any of the PLAINTIFFS' RECORDINGS, including without limitation, and box or package in which the master tape was received and/or is stored.**

5.    Defendant objects to the language contained in the fifth request of production of documents propounded by Plaintiffs as vague and misleading inasmuch as said request requires Defendant to acknowledge or otherwise understand that a specific sound recording is one of the PLAINTIFFS' RECORDINGS without any further identifying information other than the title of a composition and the name of an "artist". In support of this objection, Defendant asserts, and Plaintiffs know or should know, that in the recordings industry, artists render vocal services and record companies have commonly released several, if not many, versions of the same composition, including but not limited to versions known as "re-recordings"or "live recordings". Without a copy of the actual specific recordings that Plaintiffs refer to, or supplemental identifying information including but not limited to the date of the recordings, place of the recording, length of the recording, musicians and vocal artists performing, matrix number, etc..., Defendant is not able to respond with any degree of certainty or accuracy with information that would lead to admissible evidence; indeed, Defendant's response would be little more than a guess. Notwithstanding the foregoing objection, Defendant further responds that Defendant does not have any such master tapes.

6.    **ALL DOCUMENTS, including without limitation agreements, licenses, bills of sale, assignments, or other documents, relating or referring to any license, sale, assignment, transfer or lease of any of PLAINTIFFS' RECORDINGS from JORDAN and/or GLOBAL ARTS to any other person or entity.**

Page 3

6.     Defendant objects to the language contained in the sixth request of production of
documents propounded by Plaintiffs as vague and misleading inasmuch as said
request requires Defendant to acknowledge or otherwise understand that a specific
sound recording is one of the PLAINTIFFS' RECORDINGS without any further
identifying information other than the title of a composition and the name of an
"artist". In support of this objection, Defendant asserts, and Plaintiffs know or
should know, that in the recordings industry, artists render vocal services and
record companies have commonly released several, if not many, versions of the
same composition, including but not limited to versions known as "re-
recordings"or "live recordings". Without a copy of the actual specific recordings
that Plaintiffs refer to, or supplemental identifying information including but not
limited to the date of the recordings, place of the recording, length of the
recording, musicians and vocal artists performing, matrix number, etc..., Defendant
is not able to respond with any degree of certainty or accuracy with information
that would lead to admissible evidence; indeed, Defendant's response would be
little more than a guess. Notwithstanding the foregoing objection, Defendant
further responds that Defendant does not have any such documents.

7.     **ALL DOCUMENTS, including without limitation, royalties or accounting
statements, reflecting, referring to, or relating to the number of
PHONORECORDS embodying any of PLAINTIFFS' RECORDINGS and/or
payments received or executed by JORDAN and/or GLOBAL ARTS for or
from the sale, license or other exploitation of any of PLAINTIFFS'
RECORDINGS.**

7.     Defendant objects to the language contained in the sixth request of production of
documents propounded by Plaintiffs as vague and misleading inasmuch as said
request requires Defendant to acknowledge or otherwise understand that a specific
sound recording is one of the PLAINTIFFS' RECORDINGS without any further
identifying information other than the title of a composition and the name of an
"artist". In support of this objection, Defendant asserts, and Plaintiffs know or
should know, that in the recordings industry, artists render vocal services and
record companies have commonly released several, if not many, versions of the
same composition, including but not limited to versions known as "re-
recordings"or "live recordings". Without a copy of the actual specific recordings
that Plaintiffs refer to, or supplemental identifying information including but not
limited to the date of the recordings, place of the recording, length of the
recording, musicians and vocal artists performing, matrix number, etc..., Defendant
is not able to respond with any degree of certainty or accuracy with information
that would lead to admissible evidence; indeed, Defendant's response would be
little more than a guess. Notwithstanding the foregoing objection, Defendant
further responds that Defendant does not have any such documents.

Signed this _02_ day of July, 1998.

**GLOBAL ARTS PRODUCTIONS**

STATE OF FLORIDA        }
COUNTY OF BROWARD        }

The forgoing instrument was acknowledged before me this _22_ day of July, 1998, by _Danny Ford_ _for Global Arts_, who produced _____ as identification.

MY COMMISSION # CC728438 EXPIRES
March 26, 2002
BONDED THRU TROY FAIN INSURANCE, INC.

NOTARY PUBLIC

Page 5

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

SONY MUSIC ENTERTAINMENT, INC., a          )       CASE NO. 98-6507
corporation; A & M RECORDS, INC., a        )
corporation; BMG MUSIC. d/b/a THE RCA      )       **DEFENDANT DANNY**
RECORD LABEL, a general partnership;       )       **JORDAN'S RESPONSES TO**
CAPITOL RECORDS, INC., a corporation;       )       **PLAINTIFFS' FIRST SET OF**
ELEKTRA ENTERTAINMENT, a division of       )       **INTERROGATORIES**
WARNER COMMUNICATIONS, INC., a             )
corporation; MCA RECORDS, INC., a          )
corporation; POLYGRAM RECORDS. INC.,       )
a corporation; and WARNER BROS.            )
RECORDS, INC., a corporation,              )
                                           )
                    Plaintiffs,            )
                                           )
GLOBAL ARTS PRODUCTIONS, an entity of      )
unknown form; DANNY JORDAN, an             )
individual; SATURN RECORDS, an entity of   )
unknown form; STACK-O-HITS, an entity of   )
unknown form; and JACK MILLMAN, an         )
individual,                                )
                                           )
                    Defendants.            )
                                           )
_____)

     Defendant Danny Jordan hereby responds to the Plaintiffs' First Set of Interrogatories as follows:

    1.    **Identify each of PLAINTIFFS' RECORDINGS for which YOU now claim or ever have claimed the right to license, manufacture, distribute and/or sell PHONORECORDS.**

    1.    Defendant objects to the language contained in the first interrogatory propounded by Plaintiffs as vague and misleading inasmuch as said interrogatory requires Defendant to acknowledge or otherwise understand that a specific sound recording is one of the PLAINTIFFS' RECORDINGS without any further identifying information other than the title of a composition and the name of an "artist". In support of this objection, Defendant asserts, and Plaintiffs know or should know,

Page 1

EXHIBIT "C"

that in the recordings industry, artists render vocal services and record companies have commonly released several, if not many, versions of the same composition, including but not limited to versions known as "re-recordings" or "live recordings". Without a copy of the actual specific recordings that Plaintiffs refer to, or supplemental identifying information including but not limited to the date of the recordings, place of the recording, length of the recording, musicians and vocal artists performing, matrix number, etc..., Defendant is not able to respond with any degree of certainty or accuracy with information that would lead to admissible evidence; indeed, Defendant's response would be little more than a guess. Notwithstanding the foregoing objection, Defendant further responds that Defendant as an individual does not now claim or has ever claims the right to license, manufacture, distribute and/or sell any PHONORECORDS with the same titles or from the same artists as are described as the PLAINTIFFS' RECORDINGS.

2. **For each of the PLAINTIFFS' RECORDINGS which YOU claim or have claimed rights in YOUR response to Interrogatory No. 1 above, set forth in detail the nature of the rights claimed and each and every basis for YOUR claim of rights.**

2. Defendant objects to the language contained in the second interrogatory propounded by Plaintiffs as vague and misleading inasmuch as said interrogatory requires Defendant to acknowledge or otherwise understand that a specific sound recording is one of the PLAINTIFFS' RECORDINGS without any further identifying information other than the title of a composition and the name of an "artist". In support of this objection, Defendant asserts, and Plaintiffs know or should know, that in the recordings industry, artists render vocal services and record companies have commonly released several, if not many, versions of the same composition, including but not limited to versions known as "re-recordings" or "live recordings". Without a copy of the actual specific recordings that Plaintiffs refer to, or supplemental identifying information including but not limited to the date of the recordings, place of the recording, length of the recording, musicians and vocal artists performing, matrix number, etc..., Defendant is not able to respond with any degree of certainty or accuracy with information that would lead to admissible evidence; indeed, Defendant's response would be little more than a guess. Notwithstanding the foregoing objection, Defendant further responds that Defendant as an individual does not now claim or has ever claims the right to license, manufacture, distribute and/or sell any PHONORECORDS with the same titles or from the same artists as are described as the PLAINTIFFS' RECORDINGS.

3. **Identify by date, title, persons addressed, persons signatory, and any other description sufficient to identify them, each and every document that**

Page 2

**evidences, refers to or reflects YOUR claimed rights to PLAINTIFFS' RECORDINGS.**

3. Defendant objects to the language contained in the third interrogatory propounded by Plaintiffs as vague and misleading inasmuch as said interrogatory requires Defendant to acknowledge or otherwise understand that a specific sound recording is one of the PLAINTIFFS' RECORDINGS without any further identifying information other than the title of a composition and the name of an "artist". In support of this objection, Defendant asserts, and Plaintiffs know or should know, that in the recordings industry, artists render vocal services and record companies have commonly released several, if not many, versions of the same composition, including but not limited to versions known as "re-recordings"or "live recordings". Without a copy of the actual specific recordings that Plaintiffs refer to, or supplemental identifying information including but not limited to the date of the recordings, place of the recording, length of the recording, musicians and vocal artists performing, matrix number, etc..., Defendant is not able to respond with any degree of certainty or accuracy with information that would lead to admissible evidence; indeed, Defendant's response would be little more than a guess. Notwithstanding the foregoing objection, Defendant further responds that Defendant as an individual does not now claim or has ever claims the right to license, manufacture, distribute and/or sell any PHONORECORDS with the same titles or from the same artists as are described as the PLAINTIFFS' RECORDINGS.

4. **State the last name, and present or last known business and residence addresses and telephone numbers of each person who you believe has any knowledge or information concerning the rights claimed by YOU in PLAINTIFFS' RECORDINGS, and describe the nature of the information each such person possesses.**

4. Defendant objects to the language contained in the fourth interrogatory propounded by Plaintiffs as vague and misleading inasmuch as said interrogatory requires Defendant to acknowledge or otherwise understand that a specific sound recording is one of the PLAINTIFFS' RECORDINGS without any further identifying information other than the title of a composition and the name of an "artist". In support of this objection, Defendant asserts, and Plaintiffs know or should know, that in the recordings industry, artists render vocal services and record companies have commonly released several, if not many, versions of the same composition, including but not limited to versions known as "re-recordings"or "live recordings". Without a copy of the actual specific recordings that Plaintiffs refer to, or supplemental identifying information including but not limited to the date of the recordings, place of the recording, length of the recording, musicians and vocal artists performing, matrix number, etc..., Defendant

is not able to respond with any degree of certainty or accuracy with information that would lead to admissible evidence; indeed, Defendant's response would be little more than a guess. Notwithstanding the foregoing objection, Defendant further responds that Defendant as an individual does not now claim or has ever claims the right to license, manufacture, distribute and/or sell any PHONORECORDS with the same titles or from the same artists as are described as the PLAINTIFFS' RECORDINGS.

5.   **State the name and present or last business and residence address and telephone numbers of each person or entity to whom YOU have issued a license, sold or transferred any rights in any of PLAINTIFFS' RECORDINGS, and the date of each such license or transfer.**

5.   Defendant objects to the language contained in the fifth interrogatory propounded by Plaintiffs as vague and misleading inasmuch as said interrogatory requires Defendant to acknowledge or otherwise understand that a specific sound recording is one of the PLAINTIFFS' RECORDINGS without any further identifying information other than the title of a composition and the name of an "artist". In support of this objection, Defendant asserts, and Plaintiffs know or should know, that in the recordings industry, artists render vocal services and record companies have commonly released several, if not many, versions of the same composition, including but not limited to versions known as "re-recordings"or "live recordings". Without a copy of the actual specific recordings that Plaintiffs refer to, or supplemental identifying information including but not limited to the date of the recordings, place of the recording, length of the recording, musicians and vocal artists performing, matrix number, etc..., Defendant is not able to respond with any degree of certainty or accuracy with information that would lead to admissible evidence; indeed, Defendant's response would be little more than a guess. Notwithstanding the foregoing objection, Defendant further responds that Defendant as an individual does not now claim or has ever claims the right to license, manufacture, distribute and/or sell any PHONORECORDS with the same titles or from the same artists as are described as the PLAINTIFFS' RECORDINGS and has not individually licensed, sold or transferred such rights.

6.   **Describe the terms of each license or transfer identified in YOUR response to Interrogatory No. 5.**

6.   Defendant objects to the language contained in the sixth interrogatory propounded by Plaintiffs as vague and misleading inasmuch as said interrogatory requires Defendant to acknowledge or otherwise understand that a specific sound recording is one of the PLAINTIFFS' RECORDINGS without any further identifying information other than the title of a composition and the name of an "artist". In support of this objection, Defendant asserts, and Plaintiffs know or should know,

Page 4

that in the recordings industry, artists render vocal services and record companies
have commonly released several, if not many, versions of the same composition,
including but not limited to versions known as "re-recordings"or "live recordings".
Without a copy of the actual specific recordings that Plaintiffs refer to, or
supplemental identifying information including but not limited to the date of the
recordings, place of the recording, length of the recording, musicians and vocal
artists performing, matrix number, etc..., Defendant is not able to respond with any
degree of certainty or accuracy with information that would lead to admissible
evidence; indeed, Defendant's response would be little more than a guess.
Notwithstanding the foregoing objection, Defendant further responds that
Defendant as an individual does not now claim or has ever claims the right to
license, manufacture, distribute and/or sell any PHONORECORDS with the same
titles or from the same artists as are described as the PLAINTIFFS'
RECORDINGS and, therefore, Defendant has not individually licensed, sold or
transferred such rights.

7.     **Identify by date, title, persons addressed, persons signatory, and any other
       description sufficient to identify them, each and every document that
       evidence, refers to or reflect the term of each license or transfer identified in
       response to Interrogatory No. 5.**

7.     Defendant objects to the language contained in the seventh interrogatory
       propounded by Plaintiffs as vague and misleading inasmuch as said interrogatory
       requires Defendant to acknowledge or otherwise understand that a specific sound
       recording is one of the PLAINTIFFS' RECORDINGS without any further
       identifying information other than the title of a composition and the name of an
       "artist". In support of this objection, Defendant asserts, and Plaintiffs know or
       should know, that in the recordings industry, artists render vocal services and
       record companies have commonly released several, if not many, versions of the
       same composition, including but not limited to versions known as "re-
       recordings"or "live recordings". Without a copy of the actual specific recordings
       that Plaintiffs refer to, or supplemental identifying information including but not
       limited to the date of the recordings, place of the recording, length of the
       recording, musicians and vocal artists performing, matrix number, etc..., Defendant
       is not able to respond with any degree of certainty or accuracy with information
       that would lead to admissible evidence; indeed, Defendant's response would be
       little more than a guess. Notwithstanding the foregoing objection, Defendant
       further responds that Defendant as an individual does not now claim or has ever
       claims the right to license, manufacture, distribute and/or sell any
       PHONORECORDS with the same titles or from the same artists as are described
       as the PLAINTIFFS' RECORDINGS and, therefore, Defendant has not
       individually license, sold or transferred such rights.

8.    **State the name and present or last known business and residence addresses and telephone numbers of each person who has or who YOU believe has any knowledge or information concerning the licenses and transfers identified in your response to Interrogatory No. 5.**

8.    Defendant objects to the language contained in the eighth interrogatory propounded by Plaintiffs as vague and misleading inasmuch as said interrogatory requires Defendant to acknowledge or otherwise understand that a specific sound recording is one of the PLAINTIFFS' RECORDINGS without any further identifying information other than the title of a composition and the name of an "artist". In support of this objection, Defendant asserts, and Plaintiffs know or should know, that in the recordings industry, artists render vocal services and record companies have commonly released several, if not many, versions of the same composition, including but not limited to versions known as "re-recordings" or "live recordings". Without a copy of the actual specific recordings that Plaintiffs refer to, or supplemental identifying information including but not limited to the date of the recordings, place of the recording, length of the recording, musicians and vocal artists performing, matrix number, etc..., Defendant is not able to respond with any degree of certainty or accuracy with information that would lead to admissible evidence; indeed, Defendant's response would be little more than a guess. Notwithstanding the foregoing objection, Defendant further responds that Defendant as an individual does not now claim or has ever claims the right to license, manufacture, distribute and/or sell any PHONORECORDS with the same titles or from the same artists as are described as the PLAINTIFFS' RECORDINGS and, therefore, Defendant has not licensed, sold or transferred such rights.

Signed this _02_ day of July, 1998.

DANNY JORDAN

STATE OF FLORIDA        }
COUNTY OF BROWARD    }

The forgoing instrument was acknowledged before me this _2.2_ day of July, 1998, by _Danny Jordan_, who produced _personally known_ as identification.

David Seif
MY COMMISSION # CC728438 EXPIRES
March 26, 2002
BONDED THRU TROY FAIN INSURANCE INC.

NOTARY PUBLIC

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| SONY MUSIC ENTERTAINMENT, INC., a corporation; A & M RECORDS, INC., a corporation; BMG MUSIC. d/b/a THE RCA RECORD LABEL, a general partnership; CAPITOL RECORDS, INC., a corporation; ELEKTRA ENTERTAINMENT, a division of WARNER COMMUNICATIONS, INC., a corporation; MCA RECORDS, INC., a corporation; POLYGRAM RECORDS, INC., a corporation; and WARNER BROS. RECORDS, INC., a corporation, <br><br> Plaintiffs, <br><br> GLOBAL ARTS PRODUCTIONS, an entity of unknown form; DANNY JORDAN, an individual; SATURN RECORDS, an entity of unknown form; STACK-O-HITS, an entity of unknown form; and JACK MILLMAN, an individual, <br><br> Defendants. | CASE NO. 98-6507 <br><br> **DEFENDANT DANNY JORDAN'S RESPONSES TO PLAINTIFFS' FIRST SET OF REQUEST FOR PRODUCTION OF DOCUMENTS** |

Defendant Danny Jordan hereby responds to the Plaintiffs' First Set of Requests for Productions of Documents as follows:

1.   **The articles of incorporation or bylaws of GLOBAL ARTS PRODUCTIONS.**

1.   Answer: Defendant has none.

2.   **ALL DOCUMENTS, including without limitation, agreements, licenses, or bills of sale referring or relating to JORDAN and/or GLOBAL ARTS' right, title and interest in and to any of PLAINTIFFS' RECORDINGS.**

2.   Defendant objects to the language contained in the second request propounded by Plaintiffs as vague and misleading inasmuch as said request requires Defendant to

Page 1

EXHIBIT "D"

acknowledge or otherwise understand that a specific sound recording is one of the PLAINTIFFS' RECORDINGS without any further identifying information other than the title of a composition and the name of an "artist". In support of this objection, Defendant asserts, and Plaintiffs know or should know, that in the recordings industry, artists render vocal services and record companies have commonly released several, if not many, versions of the same composition, including but not limited to versions known as "re-recordings"or "live recordings". Without a copy of the actual specific recordings that Plaintiffs refer to, or supplemental identifying information including but not limited to the date of the recordings, place of the recording, length of the recording, musicians and vocal artists performing, matrix number, etc..., Defendant is not able to respond with any degree of certainty or accuracy with information that would lead to admissible evidence; indeed, Defendant's response would be little more than a guess. Notwithstanding the foregoing objection, Defendant further responds that Defendant as an individual does not control or possess any such documents.

3.    **ALL DOCUMENTS, including without limitation, agreements, licenses, or bills of sale between JORDAN and/or GLOBAL ARTS, on the one part, and MILMAN, SATURN, and/or STACK-O-HITS, on the other part, referring or relating to any of PLAINTIFFS' RECORDINGS.**

3.    Defendant objects to the language contained in the third request propounded by Plaintiffs as vague and misleading inasmuch as said request requires Defendant to acknowledge or otherwise understand that a specific sound recording is one of the PLAINTIFFS' RECORDINGS without any further identifying information other than the title of a composition and the name of an "artist".  In support of this objection, Defendant asserts, and Plaintiffs know or should know, that in the recordings industry, artists render vocal services and record companies have commonly released several, if not many, versions of the same composition, including but not limited to versions known as "re-recordings"or "live recordings". Without a copy of the actual specific recordings that Plaintiffs refer to, or supplemental identifying information including but not limited to the date of the recordings, place of the recording, length of the recording, musicians and vocal artists performing, matrix number, etc..., Defendant is not able to respond with any degree of certainty or accuracy with information that would lead to admissible evidence; indeed, Defendant's response would be little more than a guess. Notwithstanding the foregoing objection, Defendant further responds that Defendant as an individual does not control or possess any such documents.

4.    **A sample of each PHONORECORD embodying any of PLAINTIFFS' RECORDINGS.**

4.    Defendant objects to the language contained in the fourth request of production of

Page 2

documents propounded by Plaintiffs as vague and misleading inasmuch as said request requires Defendant to acknowledge or otherwise understand that a specific sound recording is one of the PLAINTIFFS' RECORDINGS without any further identifying information other than the title of a composition and the name of an "artist". In support of this objection, Defendant asserts, and Plaintiffs know or should know, that in the recordings industry, artists render vocal services and record companies have commonly released several, if not many, versions of the same composition, including but not limited to versions known as "re-recordings" or "live recordings". Without a copy of the actual specific recordings that Plaintiffs refer to, or supplemental identifying information including but not limited to the date of the recordings, place of the recording, length of the recording, musicians and vocal artists performing, matrix number, etc..., Defendant is not able to respond with any degree of certainty or accuracy with information that would lead to admissible evidence; indeed, Defendant's response would be little more than a guess. Notwithstanding the foregoing objection, Defendant further responds that Defendant does not have any such samples.

5.   **A copy of each master tape embodying any of the PLAINTIFFS' RECORDINGS, including without limitation, and box or package in which the master tape was received and/or is stored.**

5.   Defendant objects to the language contained in the fifth request of production of documents propounded by Plaintiffs as vague and misleading inasmuch as said request requires Defendant to acknowledge or otherwise understand that a specific sound recording is one of the PLAINTIFFS' RECORDINGS without any further identifying information other than the title of a composition and the name of an "artist". In support of this objection, Defendant asserts, and Plaintiffs know or should know, that in the recordings industry, artists render vocal services and record companies have commonly released several, if not many, versions of the same composition, including but not limited to versions known as "re-recordings" or "live recordings". Without a copy of the actual specific recordings that Plaintiffs refer to, or supplemental identifying information including but not limited to the date of the recordings, place of the recording, length of the recording, musicians and vocal artists performing, matrix number, etc..., Defendant is not able to respond with any degree of certainty or accuracy with information that would lead to admissible evidence; indeed, Defendant's response would be little more than a guess. Notwithstanding the foregoing objection, Defendant further responds that Defendant does not have any such master tapes.

6.   **ALL DOCUMENTS, including without limitation agreements, licenses, bills of sale, assignments, or other documents, relating or referring to any license, sale, assignment, transfer or lease of any of PLAINTIFFS' RECORDINGS from JORDAN and/or GLOBAL ARTS to any other person or entity.**

Page 3

6.    Defendant objects to the language contained in the sixth request of production of documents propounded by Plaintiffs as vague and misleading inasmuch as said request requires Defendant to acknowledge or otherwise understand that a specific sound recording is one of the PLAINTIFFS' RECORDINGS without any further identifying information other than the title of a composition and the name of an "artist". In support of this objection, Defendant asserts, and Plaintiffs know or should know, that in the recordings industry, artists render vocal services and record companies have commonly released several, if not many, versions of the same composition, including but not limited to versions known as "re-recordings"or "live recordings". Without a copy of the actual specific recordings that Plaintiffs refer to, or supplemental identifying information including but not limited to the date of the recordings, place of the recording, length of the recording, musicians and vocal artists performing, matrix number, etc..., Defendant is not able to respond with any degree of certainty or accuracy with information that would lead to admissible evidence; indeed, Defendant's response would be little more than a guess. Notwithstanding the foregoing objection, Defendant further responds that Defendant does not have any such documents.

7.    **ALL DOCUMENTS, including without limitation, royalties or accounting statements, reflecting, referring to, or relating to the number of PHONORECORDS embodying any of PLAINTIFFS' RECORDINGS and/or payments received or executed by JORDAN and/or GLOBAL ARTS for or from the sale, license or other exploitation of any of PLAINTIFFS' RECORDINGS.**

7.    Defendant objects to the language contained in the sixth request of production of documents propounded by Plaintiffs as vague and misleading inasmuch as said request requires Defendant to acknowledge or otherwise understand that a specific sound recording is one of the PLAINTIFFS' RECORDINGS without any further identifying information other than the title of a composition and the name of an "artist". In support of this objection, Defendant asserts, and Plaintiffs know or should know, that in the recordings industry, artists render vocal services and record companies have commonly released several, if not many, versions of the same composition, including but not limited to versions known as "re-recordings"or "live recordings". Without a copy of the actual specific recordings that Plaintiffs refer to, or supplemental identifying information including but not limited to the date of the recordings, place of the recording, length of the recording, musicians and vocal artists performing, matrix number, etc..., Defendant is not able to respond with any degree of certainty or accuracy with information that would lead to admissible evidence; indeed, Defendant's response would be little more than a guess. Notwithstanding the foregoing objection, Defendant further responds that Defendant does not have any such documents.

Signed this _22_ day of July, 1998.

**DANNY JORDAN**

STATE OF FLORIDA    }
COUNTY OF BROWARD   }

    The forgoing instrument was acknowledged before me this _22_ day of July, 1998, by _Danny Jordan_, who produced _personally known_ as identification.

David Seil
MY COMMISSION # CC728438 EXPIRES
March 26, 2002
BONDED THRU TROY FAIN INSURANCE, INC.

_____
NOTARY PUBLIC

LAW OFFICES
# MITCHELL SILBERBERG & KNUPP LLP
A PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS

Yakub Hazzard
Attorney-at-Law
Telephone: (313) 312-1767
FAX: (310) 312-3765
Internet Address: YXH@MSK.COM

TRIDENT CENTER
11377 WEST OLYMPIC BOULEVARD
LOS ANGELES CALIFORNIA 30064-1683
(310) 312-2000
FAX: (310) 312-3100

FILE NO. 11274-79

July 24, 1998

## VIA TELECOPY

David Seif, Esq.
2400 E. Commercial Blvd., Suite 723
Ft. Lauderdale, Florida 33308

Re:  Sony Music Entertainment Inc. v. Global Arts Productions, et al.

Dear Mr. Seif:

We are in receipt of your clients' discovery responses. We are writing concerning Global Arts Productions' ("Global Arts") and Danny Jordan's responses to the document requests and interrogatories. In each of their responses, Global Arts and Mr. Jordan assert a number of baseless objections. As you know, plaintiffs' motion to compel, which was granted by the Court, specifically requested that the discovery be responded to in full, without objections. Thus, the Court's order granting plaintiffs' motion to compel required Global Arts and Mr. Jordan to provide full and complete responses to the discovery without objection.

Accordingly, demand is hereby made that Global Arts and Mr. Jordan serve full and complete supplemental responses, without objections, by the close of business Monday, July 27, 1998. If we do not receive those responses by the close of business on Monday, plaintiffs will seek all appropriate relief from the Court.

Very truly yours,

Yakub Hazzard /s/

Yakub Hazzard
for
Mitchell Silberberg & Knupp LLP

YH:cam

cc:  Karen Stetson, Esq. (via telecopy)
     Matt Oppenheim, Esq. (via telecopy)
     Russell Frackman, Esq.

0025073.1

EXHIBIT "E"