**NIGHT BOX**
**F I L E D**

AUG · 1 1 1998

CARLOS JUENKE
CLERK, USDC / SDFL / MIA

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | | |
|---|---|---|
| SONY MUSIC ENTERTAINMENT, INC. a corporation; A & M RECORDS, INC., a corporation; BMG MUSIC, d/b/a THE RCA RECORD LABEL, a general partnership; CAPITOL RECORDS, INC. , a corporation; ELEKTRA ENTERTAINMENT, a division of WARNER COMMUNICATIONS, INC., a corporation; MCA RECORDS, INC., a corporation; POLYGRAM RECORDS, INC., a corporation; and WARNER BROS. RECORDS, INC., a corporation, | ) ) ) ) ) ) ) ) ) ) ) | **CASE NO. 98-6507-Civ-Middlebrooks**<br><br>**DEFENDANTS' MOTION IN OPPOSITION TO PLAINTIFFS' MOTION TO ISSUE SANCTIONS AGAINST THE DEFENDANTS GLOBAL ARTS PRODUCTIONS AND DANNY JORDAN, OR IN THE ALTERNATIVE, AN ORDER PRECLUDING EVIDENCE, FOR** |
| Plaintiffs | ) ) | **REFUSAL TO COMPLY WITH COURT ORDERS RE** |
| v. | ) ) | **DISCOVERY** |
| GLOBAL ARTS PRODUCTIONS, an entity of unknown form; DANNY JORDAN, an individual; SATURN RECORDS, an entity of unknown form; STACK-O-HITS, an entity of unknown form; and JACK MILLMAN, an individual, | ) ) ) ) ) ) ) | **DEFENDANTS' AND DAVID SEIF'S MOTION IN OPPOSITION TO PLAINTIFFS' REQUEST FOR MONETARY SANCTIONS JOINTLY AND SEVERALLY ; AND** |
| Defendants | ) ) ) | **MEMORANDUM OF LAW IN SUPPORT THEREOF** |

**MEMORANDUM OF LAW**

**I.   INTRODUCTION**

On August 6, 1998, Plaintiffs', SONY MUSIC ENTERTAINMENT, et al., (Hereinafter

referred collectively as "Plaintiffs'") filed their Motion to Issue Sanctions pursuant to Rule 37 (b) of

the Federal Rules of Civil Procedure, or in the Alternative, an Order Precluding Evidence for Refusal

to Comply with Discovery against Defendants Global Arts Productions ("Global Arts") and Danny

Jordan ("Jordan").  Also, in the same Motion, Plaintiffs further requested sanctions against Global

1



Arts and Jordan, and against their counsel of record, David Seif, Esq. jointly and severally pursuant to Rule 37 (b)(2) of the Federal Rules of Civil Procedure.

In Plaintiffs' Introduction, the Plaintiffs mischaracterize that Global Arts and Jordan have willfully failed and refused to comply with two discovery orders. On June 2, 1998, this Court granted Plaintiff's Motion for Expedited Discovery and ordered that the Defendants respond to limited interrogatories and document requests propounded by the Plaintiffs ("June 2, 1998 Discovery Order"). The Plaintiffs' claim that Global Arts and Jordan simply ignored this discovery order. However, this is a mischaracterization because the Expedited Discovery Order was issued Ex Parte and at the time of the filing of the Complaint Global Arts and Jordan did not have an attorney until June 17, 1998.

On July 14, 1998, this Court granted Plaintiffs' Motion to Compel the "July 14, 1998 Order." However, Global Arts and Jordan did not willfully refuse to comply with this order. In fact, and as set forth more specifically below, Plaintiffs admit that Defendants answered the discovery on July 23, 1998, less than ten (10) days after the July 14th Order was signed by this Court. See Page 9, lines 5 and 6 of Plaintiffs' Motion For Issue Preclusion and Sanctions.

## II.   PLAINTIFFS ARE NOT ENTITLED TO ISSUE PRECLUSION

Plaintiffs, in their Motion, specifically allege that the interrogatories and document requests seek "information supporting any claim by Defendants of the right to copy, distribute or license Plaintiffs' sound recordings, the nature of the rights claimed, the documents which support that claim, and the witnesses to that claim" and "information concerning Defendants' licenses to third parties and

2

Defendant's unauthorized uses of Plaintiffs' recordings, including any licenses issued by Defendants, the terms of such licenses, the documents which evidence those licenses, the witnesses to those transactions, and samples of any unauthorized recordings made by Defendants or their licensees."

First, Global Arts, Danny Jordan, and David Seif, Esq. responded to the Plaintiffs' discovery requests with all information that was in their possession and control. Some of the information which was requested by Plaintiffs may be in the control of other companies or entities and it may be possible to comply with Plaintiffs' request at a later date. However, should this court decide to preclude evidence pursuant to Plaintiffs' request, such a harsh sanction would unduly prejudice Global Arts and Jordan by unfairly precluding them from potentially mounting a proper defense to this suit. In effect, Plaintiffs' request that this Court deem their Complaint established and not allow Defendants any further opportunity to obtain evidence not in their possession to defend the suit would unfairly prejudice the Defendants in this action.

Second, in Plaintiffs' Motion on pages 6 and 7, Plaintiffs contend that prior to filing this action, Global Arts and Jordan represented that the requested information and documents were readily available. They further cite to Matthew J. Oppenheim's Declaration which is attached here as Exhibit "A." It should be duly noted that this Declaration is not a statement from the Defendants, but rather, this document is a statement from one of Plaintiffs' allies who alleges that Jordan told Oppenheim that he would show Oppenheim certain documents. A review of Oppenheim's statement is clearly not evidence that Global Arts, Jordan, or David Seif, Esq. is failing to act in good faith through the discovery process. In actuality, Defendants' counsel has been told by his clients that they are not in possession of the requested documents. The Defendants should, however, have the right to continue to search and obtain the documents necessary to defend the action.

**III.  PLAINTIFFS HAVE MISREPRESENTED THE TIMING OF THE COURT'S
ORDERS AND DEFENDANTS' RESPONSES**

On June 2, 1998, this Court entered an expedited discovery order, the same date that

Plaintiffs' Complaint was filed.  At that time, it is important to note that Global Arts and Jordan were

not represented by counsel.  Plaintiffs' counsel, Karen Stetson, Esq., has repeatedly mischaracterized

the fact that the June 2, 1998 discovery order was not complied with.  In Plaintiffs' Motion, Karen

Stetson, Esq. states that, "On July 23, 1998 -- over <u>two</u> months after the discovery was served and

over one month after the June 2, 1998 Discovery Order – Defendants finally served responses which

consisted of *objections*."  This is a blatant misrepresentation of the facts and the actual events which

occurred in this case.  As stated above, David Seif, Esq. was not even the attorney of record at the

time the June 2, 1998 Order was entered.  In fact, David Seif, Esq. filed his Notice of Appearance

on June 17, 1998.  When Mr. Seif was approached to be retained as counsel to this case, on or about

June 10, 1998, Mr. Seif telephoned Plaintiffs' counsel to request an extension of time so that he could

properly respond to the Complaint as well as discovery requests.  It was at this time that Plaintiffs'

counsel, Karen Stetson, Esq., refused to allow Mr. Seif the extension.  More specifically, Ms. Stetson

sent a correspondence dated June 12, 1998 denying Mr. Seif the 30 day extension.  <u>See</u> Attached

June 12, 1998 letter as Exhibit "B."  In fact, Ms. Stetson would only allow a 7 day extension based

on a harsh contingency.  Ms. Stetson represented that Plaintiffs would agree to a 7 day extension of

time to produce all documents *so long as* Global Arts and Jordan assert no objections other than any

applicable claims of privilege.  <u>See</u> <u>also</u> Attached Stipulation and Order page 2, as Exhibit "C."

The stipulation presented by Plaintiffs would have been unfairly burdensome and prejudicial

to Global Arts, Jordan, and the other Defendants.  In any event, Defendants' attorney was unable to

enter into a stipulation of that nature.  In fact, as a matter of attorney etiquette and practice, most attorneys would, through general courtesy and communication, grant new counsel of record a *reasonable* extension of time without any burdensome contingency attached.  As stated above, no extension of time was granted and it was the beginning of difficult communication with Plaintiffs' counsel.

The facts in the case at bar are distinguishable from the cases which Plaintiffs cite attempting to support that sanctions are appropriate.  Plaintiffs claim in their Motion that Courts have imposed sanctions when a party has *"willfully"* refused to provide discovery on central issues in the case.  However, as Global Arts and Jordan have claimed, the Defendants ***are not in the possession or control of the documents presently requested*** and are not therefore willfully or even negligently refusing to comply.  Plaintiffs' cite Chilcutt v. United States, 4 F.3d 1313, 1324 (5th Cir. 1993) for the proposition that "When parties present no valid objections to discovery and intentionally withhold properly requested information, courts have authority to presume that the party's refusal to produce the information is an admission of the want of merit in the asserted defense."  First, neither Defendants nor myself as counsel of record has intentionally withheld any discovery information.  Secondly, Defendants' objections to the requested discovery information is not invalid in that Defendants' responses simply requested more specific requests, a common discovery practice in any court when questions are too general, vague, or unclear.

Plaintiffs' next cite to Moody v. Schwartz, 97 F.R.D. 741 (S.D. Tex. 1983) for the contention that the Defendants' have insufficiently answered interrogatories after the Court has compelled full and complete responses, and as such, the Plaintiffs should be entitled to issue preclusion.  Moody is inapplicable to this case since Defendants have provided complete answers to

the questions presented and did not withhold documents in their possession and control.  The Plaintiffs' citing <u>Insurance Corporation of Ireland Ltd. v. Compangie de Bauxites de Guinea</u> 456 US 694 697 (1982) discusses the issues of sanctions for defendants refusing to perform personal jurisdiction.  This case is inapplicable in that although service was improperly performed (for several of the Defendants) the defendants gave counsel of record the right to accept service.

In <u>Campbell v. Eastland</u> 307 F2d 478 492 (5th Cir 1962) the Plaintiffs cite that the court may declare as established particular facts that could not be obtained through evidence.  Plaintiff's have received answers to interrogatories and discovery responses.  There has not been willful or negligent conduct in disregard of the court's orders.  The defendants additionally will try to supplement their answers with documents not in their possession if possible and request that the discovery period not be terminated.  In <u>Moody v. Schwartz</u> 97 FRD 741, 744 (S.D. Tex 1983) the court ordered issue preclusion following a finding that plaintiffs insufficient answers to interrogatories were not full and complete.  Global Arts and Danny Jordan (two separate defendants in this action) gave separate answers.  Neither Defendant, Jordan nor Global Arts has shown in this case an unwillingness to cooperate in the discovery process.  In fact, it is Plaintiff's counsel who has failed to comply in good faith with the Certificate of Compliance with Local Rule 26.1(I).  Attorney Frackman attaches as exhibit E his demand letter (attached) which is not a true attempt to in good faith resolve the discovery issues raised.  As Plaintiffs's letter to Defendants, Exhibit E, clearly points out, the Plaintiffs were unwilling to clarify any discovery questions for either Defendant in both the document production as well as the Interrogatories.

In <u>Riverside Memorial Mausoleum Inc. T/A v Sonnenblick - Goldman Corporation</u> 80 FRD 433, 436 ED Pa 1978 plaintiffs were precluded from offering any evidence as to matters inquired into

by interrogatories. The defendants clearly stated within their response that they were requesting plaintiffs to clear up confusing, unspecific questions which produced tremendous generalization, obfuscation, and no time frame. There is nothing outrageous about expecting clear, direct questions in the discovery process. The <u>Riverside Memorial</u> case is additionally distinguishable because the defendants in this action responded less than ten days from the date of the judge's July 14, 1998 order.

In addition to answering the questions, Defendants requested additional specificity to better understand what was being asked of them in Plaintiffs' discovery request. For example, the Defendants set out the following objection so that Plaintiffs' request could become more specific as applied to the Music Industry:

> Defendant objects to the language contained in [this] interrogatory propounded by Plaintiffs as vague and misleading inasmuch as said interrogatory requires Defendant to acknowledge or otherwise understand that a specific sound recording is one of the PLAINTIFFS' RECORDINGS without any further identifying information other than the title of the composition and the name of an "artist." In support of this objection, defendant asserts, and Plaintiffs know or should know, that in the recordings industry, artists render vocal services and record companies have commonly released several, if not many, versions of the same composition...Without a copy of the actual specific recordings that Plaintiffs refer to, or supplemental identifying information including but not limited to the date of the recording, place of the recording, length of the recording, musicians and vocal artists performing, matrix number, etc..., Defendant is not able to respond with any degree of certainty or accuracy with information that would lead to admissible evidence; indeed, Defendant's response would be little more than a guess."

The foregoing simply requests a more specific allegation of discovery requests since the Music Industry has many versions for each artist's song titles. In any event, even assuming *arguendo* that their discovery requests were more specific, the Defendants and Mr. Seif are **NOT** withholding documents or information being asked by Plaintiffs' counsel in the discovery questions. As such,

there has been no willful refusal on the part of Global Arts, Jordan, or Mr. Seif.

Plaintiffs further allege that our desire to know dates and places is nothing but a "smokescreen." This allegation is simply an outrageous attempt to ignore the fact that there are many versions or titles to music such as the music in the case at bar. Again, while the Defendants are not in present possession of what has been requested, with more specific and directly drafted questions, it may be possible, according to statements made by Jordan, to obtain from sources not in his possession evidence to support his position. In effect, the Plaintiffs are trying to prematurely put an end to the discovery process prior to having had to either supplement their questions or provide reciprocal discovery information to Global Arts and Jordan. Should the Court grant their request, the Defendants would not be allowed an opportunity to adequately defend their position. Furthermore, the Plaintiffs' claim that it would be unfair to redraft their discovery requests with more specificity. Yet, issue preclusion would be even more burdensome and unfair to the Defendants. The Defendants should be granted the opportunity to cure any deficiencies found in their responses to Plaintiffs' discovery requests. The penalty of issue preclusion as opposed to curing any deficiencies is too severe.

## IV. PLAINTIFFS ARE NOT ENTITLED TO REIMBURSEMENT OF THEIR EXPENSES INCURRED IN SEEKING THE DISCOVERY

Pursuant to the foregoing arguments, the Plaintiffs are not entitled to reimbursement of their expenses allegedly incurred in seeking discovery pursuant to Rule 37 (b)(2) of the Federal Rules of Civil Procedure. Plaintiffs cite to F.R.C.P. 37(b)(2)(E) and 8A Wright, Miller & Marcus, Federal Practice and Procedure: Civil 2d Sec. 2289 (2d ed 1994) for the proposition that "The court shall

require the party failing to obey the order or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees caused by the failure, ***unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.***" (Emphasis added). Plaintiffs' further allege that Defendants and Mr. Seif have refused to engage in any communication with opposing counsel even to attempt to offer any explanation for their conduct.

First, as stated repeatedly throughout this Motion, the Defendants and Mr. Seif have not willfully refused any discovery requests. Also, Mr. Seif was not even an attorney of record during the June 2, 1998 Order to Compel. Further, Plaintiffs did not allow Mr. Seif or the Defendants any *reasonable* extension to comply with their discovery requests. As such, this Court can certainly conclude that any failure, if there is a failure at all, to comply with the requests was substantially justified and/or that the circumstances make an award of expenses unjust or unreasonable.

## V.   ATTORNEY DAVID SEIF SHOULD NOT BE SANCTIONED EITHER INDIVIDUALLY OR JOINTLY AND SEVERALLY WITH THE DEFENDANTS

On or about June 12, 1998, I was approached about representing the Defendants in the case at bar. On the date in which I filled my Notice of Appearance a response was already due in the case. Additionally, an ex-parte expedited discovery order had been obtained at the complaint's inception. The attorneys for the Plaintiffs, Russell Frackman, Esq., and Karen Stetson, Esq., refused to grant me an extension of time without making tremendous concessions for my clients. The largest concession was to agree not to make any objections to their discovery. This would have meant that even if the questions were too general, unclear, or overly broad, etc., I could not object. The

9

Plaintiffs' attorneys figured that the Defendants had no choice but to make the discovery concessions or face a default. I did not agree to the concessions and refused to sign the discovery stipulation. Richard Perlman, Esq., an attorney from California, that had assisted the Defendants in retaining me, quickly assisted my office in drafting an emergency Motion to Dismiss and Motion For a More Definite Statement. The following morning the Plaintiffs, not knowing that I had just filed a response, sent me a Notice for Entry of Default. This was surprising since we had been trying to negotiate for an extension of time.

I also have been told by Frank Eaman, Esq., that Oppenheim (the Plaintiffs' alleged source that documents exist) of the Recording Industry Association of America ("RIAA") was angry that I did not accept the terms of the stipulation and cursed me at a conference call he had with Plaintiffs attorneys the morning after the Motion to Dismiss was filed. It was Plaintiffs' plan from the inception to attempt to obtain issue preclusion. Plaintiffs attempted through the stipulation described above to block any objections. Disallowing discovery objections pigeon holes the Defendants into either having to answer very general questions in which case answers are viewed as inadequate and incomplete. In the alternative, Defendants' may object in part to the form of the question which is then used by Plaintiffs as an example of uncooperativeness in the discovery process.

It would be unfair to institute sanctions against an attorney who believes his clients were answering the first propounded discovery requests with candor. I have not witnessed a pattern of any sort of evasive conduct or lack of candor on the part of the Defendants. If the court finds deficiency in the Defendants' answers we would like the opportunity to cure those deficiencies.

Plaintiffs request that this court enter an order for sanctions and provides supporting case law that willful refusal to provide discovery warrants sanctions even if no warning has been issued by the

court.  Once again as attorney of record I remind the court that this is, according to the Plaintiffs, a multimillion dollar action which was filed at the beginning of June.  A case of this magnitude typically will have various discovery issues that need to be worked through.  The Plaintiffs' cases as they state discuss refusal to answer as a reason to sanction for blatant and dilatory behavior.  While the Plaintiffs cite Hal Commodity Cycles Management Co. v. Kirsh 825 F. 2d 1136, 1139 (7th Cir. 1987) for the proposition that the court need not fire a warning shot, they were too quick to run to the court for sanctions without trying to work through the present discovery dispute.  According to the Southern District of Florida's Certificate of Compliance Rule 26.1(I), the "attempt to confer language is added to mirror the obligations imposed by Fed R Civ P. 37(a)(2)(A) and (B) and in recognition of the circumstances in which counsel for the moving party has attempted to confer with counsel for the opposing party."  According to the comments to the local rule 26.1(I) "violations of the rule whether by counsel for the moving party or opposing party may be cause to grant or deny the discovery motion on that basis alone irrespective of the merits of the motion and may justify the imposition of sanctions.  The sanctions language is molded after Fed R Civ P. 26(g)(3) and 37(a)(4).

In this case, I was surprised when the Plaintiff's attorneys filed the present motion with nothing more than a demand letter to comply and no attempt to cure any of the difficulties that defendants had with the propounded discovery. According to the demand letter that Yakub Hazzard, Esq., sent my office Friday night at 6:30 P.M. I had until Monday to comply with their discovery request or the Plaintiffs would seek court intervention. See Plaintiffs' letter of July 24, 1998, as Exhibit D.  This lack of cooperation and difficult working relationship is typical of the Plaintiffs in this case.

As the court is aware, my motion for Withdrawal and Continuation for the Scheduling Order

11

was filled August 10, 1998. I filled the motion due to a break down in the attorney client relationship. Regardless, I am pleased that I will no longer have to deal with the unfair, uncooperative Plaintiffs' attorneys.

The issue preclusion which the Plaintiffs have requested would be highly unfair to order at this stage of the proceedings and would unduly prejudice the Defendants. The Defendants have tried to comply with the discovery order without filing a Reconsideration of the original Expedited Discovery Order of June 2, 1998. They have not tried to stall in their actions. According to the court in Baker v. General Motors Corp 86 F3d 811 (8th Cir 1996). The District Court has broad discretion in issuing sanctions for discovery abuse. In this case the court should review the time table of the docket and realize both the size of the claim and the need to allow the Defendants to cure any perceived deficiencies. Considering that this action was filed in June, there is nothing dilatory that has transpired that would justify finding the defendants to be dilatory litigants in what Plaintiffs claim is a multimillion dollar litigation. Just as the court wants to move the docket along in as quick a fashion as practicable the defendant should not be dragged through the discovery process at a pace dictated by Plaintiffs' counsel. This is not to suggest that the Defendants have not met court required deadlines; however, specificity in drafting discovery questions is important in an effort for both sides to garner the necessary evidence in this proceeding. Once again the defendants will cure any deficiencies but have not acted as dilatory and unresponsive litigants.

## VI.   CONCLUSION

Therefore, pursuant to the foregoing arguments, Defendants and David Seif Esq. respectfully request that Plaintiffs' Motions for Issue Preclusion and Sanctions against the Defendants and David Seif Esq. be summarily denied.

Dated August 12, 1998

<br>

DAVID T. SEIF, ESQ.
FL Bar No. 990655
Attorney for Defendants
Coastal Tower, Suite 723
2400 East Commercial Boulevard
Fort Lauderdale, Fl 33308
Telephone: (954) 776-7377

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished to

Russell J. Frackman, Esq. and Yakub Hazzard Esq., of Mitchell, Siberburg & Knupp, LLP at 11377

West Olympic Boulevard, Los Angeles, CA 90064-1683, and to Karen Stetson, Esq., 2350 Prairie

Avenue, Miami Beach, FL 33140. Dated this 12 day August, 1998.

DAVID T. SEFF, ESQ.
FL Bar No. 990655

## **TABLE OF CONTENTS**

**Page**

MEMORANDUM OF LAW.......................................................................................................1

I.      INTRODUCTION.....................................................................................................................1

II.     PLAINTIFF'S ARE NOT ENTITLED TO ISSUE PRECLUSION.......................................2

III.    PLAINTIFF'S HAVE MISREPRESENTED THE TIMING OF THE COURT'S ORDERS
        AND DEFENDANT'S RESPONSES.................................................................................4

IV      PLAINTIFF'S ARE NOT ENTITLED TO REIMBURSEMENT OF THEIR EXPENSES
        INCURRED IN SEEKING THE DISCOVERY..................................................................8

V.      ATTORNEY DAVID SEIF SHOULD NOT BE SANCTIONED EITHER INDIVIDUALLY
        OR JOINTLY AND SEVERALLY WITH THE DEFENDANTS.........................................9

VI.     CONCLUSION.....................................................................................................................12

i

# TABLE OF AUTHORITIES

**Page**

## FEDERAL CASES

Chilcutt v. United States,
   4 F.3d 1313 (5th Cir. 1993) ......................................................................................5

Moody v. Schwartz,
   97 F.R.D. 741 (S.D. Tex. 1983) .................................................................................5,6

Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee,
   456 U.S. 694 (1982) ....................................................................................................6

Campbell v. Eastland,
   307 F2d 478 492 (5th Cir 1962) ................................................................................6

Riverside Memorial Mausoleum, Inc., T/A v. Sonnenblick-Goldman Corporation,
   80 F.R.D. 433 (E.D.Pa. 1978) ...................................................................................6,7

Hal Commodity Cycles Management Co. v. Kirsh,
   825 F.2d 1136 (7th Cir. 1987) ...............................................................................11
Baker v. General Motors Corp,
   86 F3d 811 (8th Cir 1996) .....................................................................................12

## FEDERAL STATUTES

F.R.C.P. 26 .......................................................................................................................11

F.R.C.P. 37...........................................................................................................1, 2, 8, 11

Southern District of Florida Rule 26.1(I)..........................................................................6, 11

## OTHER

Wright, Miller & Marcus, Federal Practice and Procedure:
   Civil 2d § 2289 (2d ed.1994) ......................................................................................8

## DECLARATION OF MATTHEW J. OPPENHEIM

I, MATTHEW J. OPPENHEIM, declare:

1.     I am Associate Counsel, Civil Litigation, for the Recording Industry Association of America (the "RIAA"). I am a member of the bars of Maryland and the District of Columbia. I have personal knowledge of the following facts, and if called as a witness, I would and could competently testify thereto.

2.     On or about February 23, 1998, I received a telephone message from defendant Danny Jordan. Mr. Jordan left a Florida telephone number of (973) 338-5567, and asked that I return his call.

3.     I returned Mr. Jordan's call later that day, and asked him about the business he conducts through Global Arts Production ("Global Arts"). Mr. Jordan explained to me that he is in the business of purchasing rights to recordings and licensing them to third parties. Mr. Jordan told me that he acquires rights to the recordings through "bills of sales" from defendant Jack Millman ("Millman"), and pays Millman monthly for the rights. Mr. Jordan told me that he and Millman have all of the documents necessary to pursue his rights to copy and distribute the recordings. Mr. Jordan offered to meet with me and show me this documentation. At the conclusion of the conversation, Mr. Jordan provided me with Global Arts' Florida telephone number (973) 755-0551. In addition, Mr. Jordan asked me to send him a list of artists whose recordings we believed he was unlawfully copying and distributing. He asked that I send that material to the Global Arts office at 7160 Knob Hill Road, Suite 135, Tamarac, Florida 33321. He also gave me his Florida fax number (954) 775-1201. We agreed to meet on March 10, 1998.

0015478.1            EXHIBIT "A"

# *Karen L. Stetson, Esq.*

2330 Prairie Avenue
Post Office Box 2711
Miami Beach, Florida 33140

*Telephone: (305) 532-4845*                                    *Fax: (305) 604-0598*

BY FACSIMILE                               June 12, 1998

David Seif, Esquire
5252 N.E. 6th Avenue
Suite 31B
Ft. Lauderdale, FL

     Re: Sony Music Entertainment, et al. v. Global Arts, et al.

Dear David:

     This letter will confirm our telephone conversation of today in which you requested a 30-day extension of time to respond to the Complaint and an unspecified extension of time to produce the documents ordered by Judge Middlebrooks in the above-captioned matter. Due to the exigent nature of this matter, we cannot agree to your request. We are prepared, however, to agree to a 7-day extension of time to produce all of the documents ordered by the Court (copied and hand-delivered) and to respond to the Complaint, so long as your clients do not intend to object to service of process. You indicated that you would have to discuss this matter further with your clients and would get back to me today.

     If we are able to reach agreement on these matters, I would suggest we submit a stipulation to the Court to that effect since there is an outstanding Court order. If we are unable to reach agreement, it is my intent to press forward to protect my clients' interests as expeditiously as possible.

                    Very truly yours,

                    *Karen*

                    Karen L. Stetson

KLS/kll

               EXHIBIT "B"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 98-6507-Civ-Middlebrooks

SONY MUSIC ENTERTAINMENT INC.,
et al.,

      Plaintiffs,

vs.

GLOBAL ARTS PRODUCTIONS, et al.,

      Defendants.

_____/

## STIPULATION AND ORDER

WHEREAS:

1. The Plaintiffs are desirous of expediting the progress of this matter, including but not limited to obtaining the Defendants' production of all documents and answers to interrogatories Ordered by this Court on June 2, 1998;

2. Defense counsel has represented that he was not retained by Defendant Danny Jordan until the day after Jordan's response to the Complaint and compliance with this Court's Order of June 2, 1998 were due.

3. Defense counsel has further represented that he was not retained by Defendants Jack Millman, Saturn Records and Stack-O-Hits until the day their responses to the Complaint and compliance with this Court's Order of June 2, 1998 were due;

EXHIBIT "C"

4. Defense counsel has further represented that the documents responsive to Plaintiffs' First Request for Production of Documents directed to Defendants Danny Jordan and Global Arts are currently located in Germany and other parts of Europe;

5. Due to his recent hiring and the purported location of responsive documents, defense counsel requested an extension of time to respond to the Complaint and comply with this Court's Order of June 2, 1998 on behalf of the Defendants. Based on the foregoing representations of counsel and to minimize the need for Court intervention, Plaintiffs have agreed to a 10-day extension of time under the terms set forth below.

NOW THEREFORE, the parties, by and through undersigned counsel, hereby STIPULATE and AGREE as follows:

1. On or before Monday, June 22, 1998, Defendants agree that they will hand-deliver the following documents to Plaintiffs' counsel:

(A) Defendants' Responses to Plaintiffs' Complaint;

(B) Defendants' fully executed and notarized Answers to Interrogatories;

(C) Defendants' Responses to Plaintiffs' First Request for Production of Documents (asserting no objections other than any applicable claim(s) of privilege);

(D) Copies of all documents responsive to Plaintiffs' First Request for Production of Documents directed to each of the Defendants except those withheld on the basis of privilege; and

(E) A privilege log specifying all documents responsive to Plaintiffs' First Request for Production of Documents that are withheld on the basis of privilege.

2. Defendants further agree to forego any objections they may have had to service of process. Defendant Global Arts authorizes undersigned counsel to accept service of process on its behalf and agrees to abide by the terms of this Stipulation despite the date its counsel may be served with process.

3. Defendants further agree to an abbreviated briefing schedule on any future Motion to Compel filed by Plaintiffs with respect to Defendants' Responses to Plaintiffs' First Request for Production and/or Plaintiffs' First Set of Interrogatories. Specifically, Defendants agree to respond to any such Motion to Compel within five days from service thereof. Plaintiffs agree to hand-deliver or forward by facsimile any such Motion to Compel to defense counsel.

DATED this ___ day of June, 1998.

| Attorneys for Plaintiffs | Attorney for Defendants |
|---|---|
| RUSSELL J. FRACKMAN<br>YAKUB HAZZARD<br>MITCHELL, SILBERBERG & KNUPP, LLP<br>11377 West Olympic Boulevard<br>Los Angeles, CA 90064-1683<br>Telephone: (310) 312-2000<br>Facsimile: (310) 312-3100 | DAVID SEIF, ESQUIRE<br>2400 E. Commercial Boulevard<br>Suite 723<br>Ft. Lauderdale, FL 33308<br>Telephone: (954) 776-7377<br>Facsimile: (954) 776-7008 |

and

KAREN L. STETSON
2350 Prairie Avenue
P.O. Box 2731
Miami Beach, FL 33140
Telephone: (305) 674-9683
Facsimile: (305) 604-0598

By:_____
Karen L. Stetson

By:_____
David Seif

-3-

LAW OFFICES

# MITCHELL SILBERBERG & KNUPP LLP

A PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS

| | | |
|---|---|---|
| Yakub Hazzard | TRIDENT CENTER | FILE NO. 11274-78 |
| Attorney-at-Law | 11377 WEST OLYMPIC BOULEVARD | |
| Telephone: (310) 312-1767 | LOS ANGELES CALIFORNIA 90064-1683 | |
| FAX: (310) 312-3765 | (310) 312-2000 | |
| Internet Address: YXH@MSK.COM | FAX: (310) 312-3700 | |

July 24, 1998

<u>VIA TELECOPY</u>

David Seif, Esq.
2400 E. Commercial Blvd., Suite 723
Ft. Lauderdale, Florida 33308

        Re:   <u>Sony Music Entertainment Inc. v. Global Arts Productions , et al.</u>

Dear Mr. Seif:

        We are in receipt of your clients' discovery responses. We are writing concerning Global Arts Productions' ("Global Arts") and Danny Jordan's responses to the document requests and interrogatories. In each of their responses, Global Arts and Mr. Jordan assert a number of baseless objections. As you know, plaintiffs' motion to compel, which was granted by the Court, specifically requested that the discovery be responded to in full, without objections. Thus, the Court's order granting plaintiffs' motion to compel required Global Arts and Mr. Jordan to provide full and complete responses to the discovery without objection.

        Accordingly, demand is hereby made that Global Arts and Mr. Jordan serve full and complete supplemental responses, without objections, by the close of business Monday, July 27, 1998. If we do not receive those responses by the close of business on Monday, plaintiffs will seek all appropriate relief from the Court.

        Very truly yours,

        *Yakub Hazzard /s/*

        Yakub Hazzard
            for
      Mitchell Silberberg & Knupp LLP

YH:cam
cc:   Karen Stetson, Esq. (via telecopy)
      Matt Oppenheim, Esq. (via telecopy)
      Russell Frackman, Esq.

EXHIBIT "D"