1  RUSSELL J. FRACKMAN
   YAKUB HAZZARD
2  MITCHELL SILBERBERG & KNUPP LLP
   11377 West Olympic Boulevard
3  Los Angeles, CA 90064-1683
   Telephone: (310) 312-2000
4  Facsimile: (310) 312-3100

5  KAREN L. STETSON
   2350 Prairie Avenue
6  Miami, FL 33140
   Telephone: (305) 532-4845
7  Facsimile: (305) 604-0598

8  Attorneys for Plaintiffs

**NIGHT BOX**
**FILED**

AUG 17 1998

--- CARLOS JUENKE
CLERK, USDC / SDFL / MIA

9

10              UNITED STATES DISTRICT COURT

11            SOUTHERN DISTRICT OF FLORIDA

12

13  SONY MUSIC ENTERTAINMENT INC., a       | CASE NO. 98-6507-Civ-Middlebrooks
    corporation; A & M RECORDS, INC., a
14  corporation; BMG MUSIC, d/b/a THE RCA   | **PLAINTIFFS' SCHEDULING REPORT**
    RECORD LABEL, a general partnership;
15  CAPITOL RECORDS, INC., a corporation;
    ELEKTRA ENTERTAINMENT, a division of
16  WARNER COMMUNICATIONS, INC., a
    corporation; MCA RECORDS, INC., a
17  corporation; POLYGRAM RECORDS, INC.,
    a corporation; and WARNER BROS.
18  RECORDS INC., a corporation,

19                    Plaintiffs,

20        v.

21  GLOBAL ARTS PRODUCTIONS, an entity
    of unknown form; DANNY JORDAN, an
22  individual; SATURN RECORDS, an entity of
    unknown form; STACK-O-HITS, an entity of
23  unknown form; and JACK MILLMAN, an
    individual,

24

25                    Defendants.

26

27

28

Mitchell Silberberg &
Knupp LLP

0033127.1

1   core question. In addition to Defendants' refusal to provide that simple and fundamental

2   discovery, they recently indicated responsive documents may only become available shortly

3   before trial, it is simply disingenuous and improper for Defendants to claim that the fundamental

4   documents purporting to evidence their ownership of the recordings at issue are currently

5   unavailable, but may become available when the Defendants will need them for trial.

6   Defendants' strategy is clear. Defendants want to avoid the core question of whether they have

7   any rights in the recordings at issue as long as possible so that they can continue to profit from

8   their illegal activities. Defendants seek to cloud the issues in this action and delay this

9   proceeding as long as possible. It is for these reasons that Plaintiffs' request that the Court adopt

10   their proposed Scheduling Order.

11

12   II.      **PLAINTIFFS' SCHEDULING REPORT**

13

14           As set forth above, Plaintiffs are (and have been) prepared to exchange documents

15   and witness lists with Defendants as required under Local Rule 16.1. However, because of

16   Defendants' refusal to produce the documents requested by Plaintiffs, the parties did not actually

17   exchange documents. Nonetheless, Plaintiffs will serve the Defendants with their witness list

18   forthwith because Plaintiffs understand that Defendants intend to do likewise.

19

20           Below is Plaintiffs' position with respect to each of the items required under

21   Local Rule 16.1B.7:

22

23           (a)      Discovery Schedule: Plaintiffs intend to conduct further discovery,

24   including interrogatories, requests for admissions, document requests and depositions. In

25   addition, once Plaintiffs receive the responses to their initial discovery requests, Plaintiffs

26   anticipate that they will need to conduct follow-up discovery, including possible depositions of

27   third parties. Plaintiffs anticipate that they will complete their discovery by February 15, 1999.

28

Mitchell Silberberg &
Knupp LLP

0053127.1

I.   **INTRODUCTION**

Plaintiffs hereby file their Scheduling Report and the accompanying proposed Scheduling Order. Though the normal course would be for the parties to file a Joint Scheduling Report, that was not possible in this case because Defendants, citing the pending motion of their counsel for permission to withdraw, initially intended not to file a report and refused to meet with Plaintiffs and prepare the report as required by this Court's July 31, 1998 Order of Pretrial Procedures (the "Pretrial Order") and Local Rule 16.1B. After apparently being told by the Court's clerk that Defendants did indeed need to comply with the Court's Pretrial order and Local Rule 16.1, the Defendants reversed their position and contacted Plaintiffs' counsel on Friday, August 14, 1998. Plaintiffs then arranged for and participated in a conference call with Defendants on Monday, August 17, 1998 -- the day the report was due. The parties discussed the case and attempted to comply with Local Rule 15.1B and reach agreement on a joint schedule, but were unable to do so because of a fundamental disagreement over the type of case at bar.

Plaintiffs believe that this case, in its current form, is should be on the "standard track" according to Local Rule 16.1A.2(b). If, however, Plaintiff believe that if their pending Motion for Issue Sanctions is granted, then this case should be placed on the "expedited track." Defendants, on the other hand, have proposed that this case is unusually complex, subject to the "complex track" and should not be tried until late 1999 at the earliest. Defendants' characterization of this case as "complex" is unrealistic, and frankly is likely a further attempt by Defendants to delay this proceeding.

This case, at its core, requires an answer to the following question: do Defendants have rights to copy and distribute certain recordings? The answer to this question should be simple and straightforward based on documents in the Defendants' possession. Plaintiffs' early discovery requests narrowly focused on the documents and information that would answer the

1    (b)    Settlement:  Although many issues exist in this action, Plaintiffs will

2    attempt to conduct meaningful settlement discussions with Defendants.

3

4    (c)    Likelihood of Appearance of Additional Parties:  Pending receipt of

5    complete responses to their discovery, Plaintiffs cannot assess the likelihood of the appearance of

6    additional parties.

7

8    (d)    Time Limits:  As set forth in the attached proposed Scheduling Order,

9    Plaintiffs suggest the following time limits:

10

11    (i)    December 6, 1998 as the last day to join additional parties and to

12    amend the pleadings.

13

14    (ii)    March 1, 1999 as the last day to file and hear motions

15

16    (iii)    February 15, 1999 as the last day to complete discovery.

17

18    (e)    Proposals for the Simplification of Issues and Elimination of Frivolous

19    Claims or Defenses:  Plaintiffs anticipate that the issues in this case may be simplified and

20    frivolous defenses eliminated through the use of written discovery, including requests for

21    admissions directed to the Defendants.

22

23    (f)    Amendments to the Pleadings:  Pending receipt of complete responses to

24    their discovery, Plaintiffs may wish to amend their Complaint.

25

26    (g)    Evidentiary Issues:  Plaintiffs anticipate that through the use of requests

27    for admission and other discovery, they may be able avoid unnecessary proof on certain issues

28

- 4 -

Mitchell Silberberg &
Knupp LLP

0033127.1

1 | and advance rulings on admissibility of evidence. Plaintiffs will have to address the authenticity
2 | and admissibility of documents on a document by document basis, if and when such documents
3 | are produced by the Defendants.

4 |

5 |         (h)    Avoidance of Unnecessary Proof and Cumulative Evidence: Plaintiffs
6 | hope to avoid unnecessary proof and cumulative evidence through the use of pretrial discovery.

7 |

8 |         (i)    Suggestions re: Referring Matters to a Magistrate Judge or Master: Due to
9 | the dilatory conduct by Defendants, Plaintiffs do not believe that referral of pretrial matters to a
10 | magistrate judge or master would be advisable.

11 |

12 |         (j)    Trial Estimate: Plaintiffs anticipate that the trial will last approximately 6
13 | to 8 Court days. However, if the Court grants Plaintiffs' pending Motion for Issue Sanction,
14 | Plaintiffs anticipate that the trial will last 2 to 3 days.

15 |

16 |         (k)    Dates for Conferences, Pretrial Conference, and Trial: Plaintiffs suggest
17 | the following dates:

18 |

19 |                 (i)    Trial Date: March 15, 1999

20 |

21 |                 (ii)    Pretrial Conference: Plaintiffs request a pretrial conference and
22 | suggest that it be held on or about March 1, 1999.

23 |

24 |

25 |

26 |

27 |

28 |

Mitchell Silberberg &
Knupp, LLP

0033.27.1

1           Currently, Plaintiffs are not aware of any additional information which might be

2 helpful for the Court

3

4

5 DATED: August 17, 1998                   RUSSELL J. FRACKMAN

6                                  YAKUB HAZZARD
                                 MITCHELL SILBERBERG & KNUPP LLP

7                                  and
                                 KAREN L. STETSON

8                               By: _____

9                                  Karen L. Stetson
                                 Attorneys for Plaintiffs

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Mitchell Silberberg &
Knupp LLP

0033127.1

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| SONY MUSIC ENTERTAINMENT INC., a corporation; A & M RECORDS, INC., a corporation; BMG MUSIC, d/b/a THE RCA RECORD LABEL, a general partnership; CAPITOL RECORDS, INC., a corporation; ELEKTRA ENTERTAINMENT, a division of WARNER COMMUNICATIONS, INC., a corporation; MCA RECORDS, INC., a corporation; POLYGRAM RECORDS, INC., a corporation; and WARNER BROS. RECORDS INC., a corporation, | CASE NO. 98-6507-Civ-Middlebrooks |
| | **PLAINTIFFS' [PROPOSED] SCHEDULING ORDER** |
| Plaintiffs, | |
| v. | |
| GLOBAL ARTS PRODUCTIONS, an entity of unknown form; DANNY JORDAN, an individual; SATURN RECORDS, an entity of unknown form; STACK-O-HITS, an entity of unknown form; and JACK MILLMAN, an individual, | |
| Defendants. | |

Mitchell Silberberg &
Knupp LLP

0031048.1

Pursuant to Local Rule 16.1(b)(7), IT IS **ORDERED AND ADJUDGED** as follows:

1.     No pretrial conference shall be held in this action, unless the parties so request or the Court determines, sua sponte, that a pretrial conference is necessary.  Should a pretrial conference be set, the compliance deadlines as set forth in the remainder of this Order shall remain unaltered.

2.     Counsel shall meet at least ONE MONTH prior to the beginning of the trial calendar to confer on the preparation of a pretrial stipulation.

3.     The original and one copy of a joint pretrial stipulation shall be filed on or before the date set forth in the attached Notice of Trial and shall conform to Local Rule 16.1(e). The Court will not allow unilateral pretrial stipulations.

4.     In cases tried before a jury, each party shall file an original and one copy of the proposed jury instructions at least ONE WEEK, prior to the beginning of the trial calendar. Each jury instruction shall be typed on a separate sheet, and to the extent possible, accompanied also by a 3½ inch IBM-formatted disc compatible with WordPerfect and must be supported by citation of authority.  In preparing their requested jury instructions, the parties shall utilize as a guide the *Pattern Jury Instructions* for civil cases approved by the United States Eleventh Circuit, including the Directions to Counsel contained therein.

5.     In cases tried before the Court, each party shall file the original and one copy of the proposed findings of fact and conclusions of law at least ONE WEEK prior to the beginning of the trial calendar.  Proposed conclusions of law shall be supported by citations of authority.

Mitchell Silberberg &
Knupp LLP

0031048.1

- 2 -

6.    All exhibits must be pre-marked. A typewritten exhibit list setting forth
the number, or letter, and description of each exhibit shall be submitted at the time of trial.

7.    A motion for continuance shall not stay the requirement for the filing of a
pretrial stipulation and, unless an emergency situation arises, a motion for continuance will not
be considered unless it is files at least seventy-two (72) hours prior to Calendar Call

8.    Non-compliance with any provision of this order may subject the
offending party to **sanctions or dismissal.** It is the duty of all counsel to enforce the timetable
set forth herein in order to insure an expeditious resolution of this cause.

9.    The following timetable shall govern the pretrial conference in this case.
This schedule shall not be modified absent compelling circumstances.

December 6, 1998       Joinder of additional parties and amended pleadings.

January 4, 1999        Plaintiffs shall furnish opposing counsel with a written list containing the
named and addresses of all expert witnesses intended to be called at trial
and only those expert witnesses listed shall be permitted to testify. Within
the 14 day period following this disclosure, the plaintiffs shall make their
experts available for deposition by the defendants. The experts'
depositions may be conducted without further order from the Court.

January 4, 1999        Defendants shall furnish opposing counsel with a written list containing
the names and addresses of all expert witnesses intended to be called at
trial and only those expert witnesses listed shall be permitted to testify.
Within the 14 day period following this disclosure, the defendants shall

- 3 -

| | |
|---|---|
| 1 | make their experts available for deposition by the plaintiffs. The experts' |
| 2 | depositions may be conducted without further order from the Court. |
| 3 | |
| 4 | January 18, 1999 | Parties shall furnish to opposing counsel with a written list containing the |
| 5 | names and addresses of all witnesses intended to be called at trial and only |
| 6 | those witnesses listed shall be permitted to testify. |
| 7 | |
| 8 | February 15, 1999 | All discovery must be completed. |
| 9 | |
| 10 | March 1 , 1999 | All pretrial motions and memoranda of law must be filed. |

The case is assigned to the Standard Track

This is a jury trial.

16. Trial, calendar call and the pretrial stipulation due date will be set by separate notice.

11. If this case is settled, counsel are directed to inform the Court promptly by calling chambers and submitting an appropriate order for dismissal, within ten (10) days of notification of settlement to the Court, pursuant to Fed. R Civ. P. 41(a)(1).

Dated this _____ day of _____ 1998.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

Mitchell Silberberg &
Knupp LLP

0031648.1

- 4 -

1  Copies provided to:

2  David T. Seif, Esq.
   Coastal Tower, Suite 723
3  2400 E. Commercial Blvd.
   Ft. Lauderdale, FL 33308

4
   Russell J Frackman, Esq.
5  Yakub Hazzard, Esq.
   Mitchell Silberberg & Knupp LLP
6  11377 W. Olympic Blvd.
   Los Angeles, CA 90064-1683

7
   Karen L. Stetson, Esq.
8  2350 Prairie Ave.
   P.O. Box 2731
9  Miami Beach, FL 33140

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 5 -

Mitchell Silberberg &
Knupp LLP          0031048.1