RUSSELL J. FRACKMAN
YAKUB HAZZARD
MITCHELL SILBERBERG & KNUPP LLP
11377 West Olympic Boulevard
Los Angeles, CA 90064-1683
Telephone: (310) 312-2000
Facsimile: (310) 312-3100

KAREN L. STETSON
2350 Prairie Avenue
Miami, FL 33140
Telephone: (305) 532-4845
Facsimile: (305) 604-0598

Attorneys for Plaintiffs

FILED BY _____ _X_____ D.C

98 AUG 24  PM 12: 40

CARLOS J. JUKE
CLERK U.S. DIST. CT.
S.D. OF FLA.-MIAMI

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| SONY MUSIC ENTERTAINMENT INC., a corporation; A & M RECORDS, INC., a corporation; BMG MUSIC, d/b/a THE RCA RECORD LABEL, a general partnership; CAPITOL RECORDS, INC., a corporation; ELEKTRA ENTERTAINMENT, a division of WARNER COMMUNICATIONS, INC., a corporation; MCA RECORDS, INC., a corporation; POLYGRAM RECORDS, INC., a corporation; and WARNER BROS. RECORDS INC., a corporation, <br><br> Plaintiffs, <br><br> v. <br><br> GLOBAL ARTS PRODUCTIONS, an entity of unknown form; DANNY JORDAN, an individual; SATURN RECORDS, an entity of unknown form; STACK-O-HITS, an entity of unknown form; and JACK MILLMAN, an individual, <br><br> Defendants. | CASE NO. 98-6507-Civ-Middlebrooks <br><br> **PLAINTIFFS' REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR ISSUE SANCTIONS AGAINST DEFENDANTS GLOBAL ARTS PRODUCTIONS AND DANNY JORDAN, OR IN THE ALTERNATIVE, AN ORDER PRECLUDING EVIDENCE, FOR FAILURE TO COMPLY WITH COURT ORDERS RE DISCOVER; AND** <br><br> **REQUEST FOR MONETARY SANCTIONS AGAINST GLOBAL ARTS PRODUCTIONS DANNY JORDAN, AND THEIR COUNSEL, JOINTLY AND SEVERALLY** |

Mitchell Silberberg &

1        Plaintiffs hereby file their Reply Memorandum of Law in Support of their Motion

2  For Issue Sanctions Against Defendants Global Arts Productions And Danny Jordan, Or In The

3  Alternative, An Order Precluding Evidence, For Failure to Comply With Court Orders Re

4  Discovery, and Request For Monetary Sanctions.

5

6                          **MEMORANDUM OF LAW**

7

8  **I.**    **INTRODUCTION**

9

10       Despite the statements and assertions made by Defendants Global Arts

11  Productions ("Global Arts") and Danny Jordan ("Jordan"), and their counsel in opposition to

12  Plaintiffs' motion, one thing remains unmistakably clear: *Global Arts and Jordan, with the*

13  *assistance of their counsel of record, David Seif, violated this Court's discovery Orders by*

14  *interposing improper and nonsensical objections to Plaintiffs' discovery, rather than providing*

15  *full and complete discovery responses, as ordered by this Court.*  Even at this late date, Global

16  Arts and Jordan have not produced a single document or answered a single interrogatory, yet they

17  now claim disingenuously that they "answered the discovery on July 23rd" (Opposition, p. 2) .

18  Instead, they provide this Court with unsupported excuses, ironic pleas for "fairness," and vague

19  promises for possible future compliance at some unspecified date.  At the same time, Global Arts

20  and Jordan never state that they have ceased copying and distributing Plaintiffs' recordings.

21

22       In their Opposition, Defendants claim that they have not willfully violated this

23  Court's previous two discovery orders.  However, the record in this matter clearly shows that (1)

24  Global Arts and Jordan completely <u>ignored</u> this Court's June 2, 1998 Order requiring them to

25  serve their responses to Plaintiffs' discovery with their responses to the Complaint; and (2) Global

26  Arts and Jordan, with the assistance of their counsel, <u>refused to comply</u> with the July 14, 1998

27  Order by serving frivolous objections, which were not even signed by their attorney of record,

28

                                                                  - 2 -

1  instead of answers to the discovery.  Since the requested discovery goes to the core issues in this

2  action -- Defendants' purported right to copy, distribute and license Plaintiffs' sound recordings,

3  Defendants' licenses to third parties and Defendants' unauthorized use of Plaintiffs' recordings --

4  their disregard of this Court's discovery Orders should not be tolerated.

5

6  **II.      PLAINTIFFS ARE ENTITLED TO THE REQUESTED**

7  **RELIEF BASED UPON THE REPEATED DISREGARD**

8  **OF THIS COURT'S DISCOVERY ORDERS**

9

10          Defendants' Opposition never cites a single authority (other than those cited by

11  Plaintiffs in their Motion) and is based totally upon misstatements and accusations, ignoring

12  several critical points.

13

14          1.      The discovery was served on Global Arts and Jordan on May 21, 1998..

15  Global Arts and Jordan simply chose to ignore the discovery served on them, and then to ignore

16  (by not even opposing) Plaintiffs' Motion to Compel filed on June 19, 1998. Defendants had

17  ample opportunity to object to the discovery requests, but chose not to do so in a timely manner.

18  And finally, in their Opposition, Defendants make the (irrelevant) claim that they did not retain

19  counsel until June 10, 1998 an assertion which is belied by their own Memorandum -- they had

20  their own primary attorney, who apparently has taken an active role on their behalf in this very

21  litigation.   See Opposition at p. 10 ("Richard Pearlman, Esq., an attorney from California, that

22  had assisted the Defendants in retaining me, quickly assisted my office in drafting an emergency

23  Motion to Dismiss and Motion for More Definite Statement.").

24

25          2.      The late-filed "objections" asserted by Global Arts and Jordan are

26  specious.  The term PLAINTIFFS' RECORDINGS, which Defendants call vague, is specifically

27  defined in the discovery requests to mean those sound recordings listed and identified in Schedule

28

Mitchell Silberberg &

- 3 -

1   A and Schedule B of the Complaint.  Those schedules include the specific titles of the sound

2   recordings and names of the artists involved.  Global Arts' and Jordan's unsupported suggestion

3   that in the "Music Industry" there are "many versions of each artist's song titles," and that

4   therefore they need additional clarification is ludicrous.  Global Arts and Jordan ignore that they

5   are in the business of licensing these very recordings!  Defendants never deny that they have

6   asserted rights to and infringed and continue to infringe Plaintiffs' rights in these recordings.  If

7   Global Arts or Jordan claim to possess rights in recordings with the same titles of and by the same

8   artists as those identified in Schedule A and Schedule B, they are obligated to produce documents

9   and provide interrogatory responses concerning those recordings.

10

11          3.      Defendants' belated objections were asserted by the same counsel (David

12   Seif) who was completely able to understand the discovery requests and serve substantive

13   responses to the identical discovery on behalf of the other three defendants in this action.  Indeed,

14   prior to filing the Opposition to Plaintiffs' Motion, Defendants' never suggested that the

15   discovery requests were vague and ambiguous, never sought any clarification of the requests, and

16   never even responded to Plaintiffs' meet and confer letters.

17

18          4.      At the same time that they claim not to understand what documents and

19   information are being sought, Defendants Global Arts and Jordan suggest that they do not have

20   the documents requested, nor do they ever explain why key business documents that purport to

21   provide them the right to copy and sell Plaintiffs' recordings are not in their possession, custody

22   or control.  Rather, they make the claim that "some of the information which was requested by

23   Plaintiffs may be in the control of other companies or entities and it may be possible to comply

24   with Plaintiffs' request at a later date" (Opposition, p. 3) and "it may be possible, according to

25   statements made by Jordan, to obtain from sources not in his possession [sic] evidence to support

26   his position" (Opposition, p. 8).  Global Arts' and Jordan's continued bad faith discovery conduct

27   is evident from this outrageous position, for they refuse to state (a) where the documents are

28

Mitchell Silberberg &

- 4 -

1  (with what "companies" or "entities"), (b) what the documents are, (c) what efforts they have

2  made in the past three months to retrieve their business records, (d) why they do not themselves

3  have the documents, or (e) when they can obtain them.  Moreover, Global Arts and Jordan never

4  attempt to explain why they could not respond to <u>interrogatories</u> which do not require any

5  documents and which seek basic information, such as the identities of their licensees or the source

6  of their purported rights to the recordings.

7  Further, Global Arts and Jordan have the ability to obtain the requested documents and

8  information, they must provide the documents and information to Plaintiffs.  <u>See, e.g.</u>, <u>Scott v.</u>

9  <u>Arex, Inc.</u>, 124 F.R.D. 39, 41 (D. Conn. 1989) ("A party to a lawsuit cannot escape the

10  obligation to produce documents by incanting . . . 'not in my possession.'  That a party does not

11  possess documents is simply immaterial if those documents remain in that party's custody or

12  control. . . .  A party controls documents that it has the right, authority, or ability to obtain upon

13  demand."); <u>In re Folding Carton Antitrust Litigation</u>, 76 F.R.D. 420, 423 (N.D. Ill. 1977) (where

14  "the party has a legal right to control or obtain" requested documents, they are within his

15  "control" and must be produced, even if the party is not in possession of the documents).

16  Defendants should not be permitted to ignore their obligation to produce all documents and

17  information within their control -- by instead asserting untimely and frivolous objections to the

18  discovery in violation of this Court's Orders -- and then ambush Plaintiffs later in this action with

19  documents and information supporting their purported rights in and licensing of the sound

20  recordings at issue.   <u>See</u>, <u>Bailey v. Container Corp. of America</u>, 660 F.Supp. 1048, 1051-52

21  (S.D. Ohio 1986) (barring party from using documents at trial where party had violated court's

22  earlier order to produce the documents, and did not produce documents until eve of trial).

23

24  5.  If, as they claim, Global Arts and Jordan do not have any information or

25  documents supporting their claimed right to copy and distribute Plaintiffs' recordings, then the

26  order requested by Plaintiffs is entirely appropriate -- without such evidence Global Arts and

27  Jordan will not be able to prove any defense to the action and should not be able to rely on

28  documents or information not produced in discovery.  Of course, if Global Arts and Jordan have

Mitchell Silberberg &

1   no responsive documents or information, their objections and purported requests for clarification

2   are wholly improper.  See, e.g., Hilt v. SFC, Inc., 170 F.R.D. 182, 188 (D.Kan. 1997) (holding

3   that it is inconsistent to object to document request as seeking "privileged work product," and

4   then state that "no responsive documents exist," and ordering supplemental response affirming

5   non-existence of responsive documents); H.L. Hayden Co. of New York, Inc. v. Siemens Medical

6   Systems, Inc., 108 F.R.D. 686, 688-89 (S.D.N.Y. 1985) (it "simply wastes the time of the court"

7   to respond to document request with objections and statement that documents "may or may not

8   exist," and such a response is sanctionable).

9

10          6.      In an attempt to avoid an award of the monetary sanctions necessary to

11   reimburse Plaintiffs for the fees incurred by them in pursuing responses to discovery twice ordered

12   by this Court, Defendants' counsel completely ignores that Defendants did not serve any

13   responses until nine weeks after they were served with the discovery requests, and six weeks after

14   they retained counsel, and have never provided substantive responses to this date.  Defendants'

15   counsel's representations concerning the proposed stipulation and the conduct of Plaintiffs'

16   counsel also is inaccurate.  Neither Mr. Seif nor any other counsel for Defendants contacted

17   Plaintiffs about this action until after Defendants' responses to the Complaint and discovery were

18   due.  Nevertheless, based upon representations made by Defendants' counsel and in an effort to

19   avoid Court intervention, Plaintiffs were willing to provide Defendants with a brief extension of

20   time to respond to the Complaint and discovery.  After counsel agreed on the terms of a proposed

21   stipulation, Defendants' counsel refused to sign the stipulation memorializing that agreement.

22   Most important, since Global Arts, Jordan and their counsel continue to completely ignore their

23   discovery obligations three months after service of the discovery, any extension to respond could

24   not have avoided their failure to comply..

25

26   **III.    CONCLUSION**

27          In sum, Global Arts, Jordan and their counsel have presented no basis for ignoring

28   and refusing to comply with this Court's two discovery Orders.  Nor have they presented any

Mitchell Silberberg &                    - 6 -

1  substantial justification for their failure to comply with those orders.  Under these circumstances,

2  the Court should enter the orders requested.

3

4

5

6  DATED: August 21, 1998                          RUSSELL J. FRACKMAN
                                                   YAKUB HAZZARD
7                                                  MITCHELL SILBERBERG & KNUPP LLP

8                                                            and

9                                                  KAREN L. STETSON

10

11                                  By: _Karen L. Stetson (for)_
                                        Russell J. Frackman
12                                      Attorneys for Plaintiffs

13

14

15                          **CERTIFICATE OF SERVICE**

16      I HEREBY CERTIFY that a true and correct copy of the foregoing Reply Memorandum was

faxed and mailed to David Seif, Esq., 5252 NE 6th Avenue, Suite 31-B; Ft. Lauderdale, FL 33308,
17
this 21st day of August, 1998.
18

19

20                                  _Karen L. Stetson_
                                        Karen L. Stetson

21

22

23

24

25

26

27

28

Mitchell Silberberg &

- 7 -