UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 98-6507-CIV-MIDDLEBROOKS

SONY MUSIC ENTERTAINMENT, INC.,
et. al.,
    Plaintiffs,

vs.

GLOBAL ARTS PRODUCTIONS,
et. al.,
    Defendants.
_____/



## ORDER

THIS CAUSE is before the Court upon the Plaintiffs' Motion Against Defendants Global Arts Productions and Danny Jordan For Issue Sanctions, or In the Alternative, An Order Precluding Evidence, For Refusal To Comply with Court Orders Re Discovery; Request for Monetary Sanctions Against Defendants Global Arts Productions, Danny Jordan, and their Counsel of Record, David Seif, Jointly and Severally ("Plaintiffs' Motion"), filed with this Court on August 6, 1998 (DE #34). Upon careful consideration, and being otherwise informed in the premises

It is hereby ORDERED AND ADJUDGED that said Motion be GRANTED in part and DENIED in part.

### I.

The facts relevant to said Motion are as follows. On June 2, 1998, this Court issued an Order expediting discovery and requiring all Defendants in this case to serve responses to discovery along with their responses to the Complaint. June 2, 1998, Order (DE #8). Defendants' attorney, David Seif, filed his Notice of Appearance on June 17, 1998 (DE #21). When Defendants failed to respond to the Order to serve responses to discovery, this Court

granted a Motion to Compel, on July 14, 1998. July 14, 1998, Order (DE #26). Defendants Global Arts and Jordan did finally respond to the discovery requests; however, they did not provide full and complete answers to Plaintiffs' requests, but rather objected to most of the requests as being "vague and misleading." *See*, Plaintiff's Motion, Exhibits "A" and "B" (DE #34). Although Mr. Seif personally notarized the Defendants' reponses, he did not sign the responses as Defendants' counsel. Despite a letter from Plaintiffs' Counsel reminding Defendants Global Arts and Jordan of their obligation to respond to the discovery requests without objection, pursuant to this Court's Order granting Plaintiffs' Motion to Compel, Defendants refused to, and as of the date of this Order, continue to refuse to produce any documents relating to Plaintiffs' Recordings, as listed in Schedules A and B of Plaintiffs' Complaint (DE #1).

## II.

The Federal Rules of Civil Procedure provide that a court must always impose monetary sanctions, absent certain circumstances, upon a party failing to obey an order compelling discovery. FRCP §37(b)(2)(E) (1998) (a court "shall require the party failing to obey the order or the attorney...or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.") In addition, a court may impose additional sanctions, such as preventing a party from introducing evidence at trial related to the ignored discovery requests or striking pleadings altogether. FRCP §37(b)(2) (1998).

## III.

We do not believe that Defendants Global Arts' and Jordan's failure to obey this Court's July 14, Order (DE#26) is substantially justified. These Defendants objected to, and refused to respond to the same straightforward questions that were posed to their co-Defendants, who answered the questions without objecting to them as vague and misleading, and more importantly, who are represented by the same counsel. Furthermore, these Defendants objected to, and refused to respond to the straightforward questions in derogation of this Court's Order of July 14, 1998. Therefore, this Court requires Defendants Global Arts and Jordan to pay Plaintiffs the reasonable expenses, including attorney's fees, caused by their failure to comply with this

Court's July 14, Order. This Court declines to impose monetary sanctions on Defendants' Counsel.

At this point, this Court is not prepared to impose any further sanctions; however, continued noncompliance with this Court's orders will result in imposition of additional Rule 37 sanctions, including an order of contempt for failure to obey a Court Order, as provided by FRCP §37(b)(2)(D).

It is therefore ORDERED AND ADJUDGED the following:

(1) Defendants' Global Arts and Danny Jordan shall pay to Plaintiffs' the reasonable expenses, including attorney's fees, caused by the failure to comply with this Court's July 14, Order;

(2) In order to determine such expenses, Plaintiffs' shall file an affidavit with this Court within ten (10) days, setting forth, in detail, such expenses;

(3) Defendants' Global Arts and Danny Jordan shall turn over, within fifteen (15) days any and all unprivileged documents requested by Plaintiffs' in their First Set of Request for Production of Documents that are either within Defendants' custody or control or that Defendants possess the ability to obtain;

(4) Defendants' Global Arts and Danny Jordan shall fully and completely respond to Plaintiffs' First Set of Interrogatories within ten (10) days;

(5) Continued failure to respond to this Court's Orders to compel production will result in such sanctions as this Court deems appropriate.

DONE AND ORDERED in Chambers at Miami, Florida this 26th day of August, 1998.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

Copies furnished to: Counsel of Record

3