UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 98-6507-Civ-Middlebrooks

SONY MUSIC ENTERTAINMENT INC.,
et al.,

    Plaintiffs,

vs.

GLOBAL ARTS PRODUCTIONS, et al.,

    Defendants.
_____/



## NOTICE OF FILING AFFIDAVIT OF RUSSELL J. FRACKMAN

Plaintiffs, SONY MUSIC ENTERTAINMENT, INC., et al., by and through undersigned counsel and in accordance with this Court's August 26, 1998 Order, hereby give notice of filing the attached Affidavit of Russell J. Frackman setting forth attorney's fees caused by the Defendants Global and Jordan's failure to comply with this Court's July 14, 1998 discovery Order.

DATED this 9th day of September, 1998.

        Attorneys for Plaintiffs

        RUSSELL J. FRACKMAN
        YAKUB HAZZARD
        MITCHELL, SILBERBERG & KNUPP LLP
        11377 West Olympic Boulevard
        Los Angeles, CA 90064-1683

KAREN L. STETSON, ESQ., P.O. Box 2731, Miami Beach, Florida 33140
Telephone (305) 532-4845    Fax (305) 604-0598



Telephone: (310) 312-2000
Facsimile: (310) 312-3100

KAREN L. STETSON
2350 Prairie Avenue
Miami, FL 33140
Telephone: (305) 532-4845
Facsimile: (305) 604-0598

By: /s/ Karen L. Stetson
Karen L. Stetson

-2-

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Notice of Filing Affidavit of Russell J. Frackman was mailed to David Seif, Esq., 2400 E. Commercial Blvd., Suite 723, Ft. Lauderdale, FL 33308, this 9th day of September, 1998.

*Karen L. Stetson*
Karen L. Stetson

## AFFIDAVIT OF RUSSELL J. FRACKMAN

STATE OF CALIFORNIA    )
                       ) ss.
COUNTY OF LOS ANGELES  )

I, Russell J. Frackman, the undersigned declare:

1. I am an attorney duly licensed to practice before all of the Courts of the State of California and am admitted pro hac vice to practice before this Court. My professional corporation is a partner in the law firm of Mitchell Silberberg & Knupp LLP, attorneys of record for Plaintiffs in this action. I make this declaration pursuant to this Court's August 26, 1998 Order directing Plaintiffs to submit an affidavit setting forth Plaintiffs' reasonable expenses, including attorneys' fees, caused by the failure of defendants Global Arts Productions ("Global Arts") and Danny Jordan ("Jordan") to comply with this Court's July 14, 1998 Order. I have personal knowledge of the matters stated herein and, if called upon to do so, could and would competently testify thereto.

2. I am lead trial counsel for Plaintiffs in this matter.

3. I personally reviewed the computer breakdowns that reflect the work performed in this action (the date, attorney, work performed, and time spent) for the months of July and August 1998. The computer breakdowns are prepared from time records kept by the individual attorney or paralegal involved. These computerized bills contain descriptions that constitute attorney work product, and therefore they are not attached hereto. They will be made available to the Court, if necessary.

0038947.1

4. Based upon my review of the computer breakdowns, Plaintiffs incurred attorneys' fees of $9,418.50 for services rendered by our firm as a result of Global Arts and Jordan's failure to comply with this Court's July 14, 1998 Order. Those fees are summarized as follows:

(a) I spent 7.1 hours preparing the moving and reply papers and reviewing the opposition to Plaintiffs' Motion For Issue Sanctions, Or In The Alternative, An Order Precluding Evidence, For Failure to Comply With Court Orders Re Discovery; And Request For Monetary Sanctions Against Defendants Global Arts Productions and Danny Jordan, And Their Counsel of Record, David Seif, Jointly And Severally (hereinafter "Plaintiffs' Motion"). I have been practicing law for 28 years and specialize in intellectual property matters. My hourly billing rate is $400.

(b) Yakub Hazzard, another attorney who is involved in this matter, spent 22.9 hours attempting to meet and confer with Defendants' counsel concerning Global Arts' and Jordan's failure to comply with this Court's July 14, 1998 Order, and preparing the moving and reply papers and reviewing the opposition to Plaintiffs' Motion. Mr. Hazzard has been practicing law for 8 years. His hourly billing rate is $235.

(c) Matt Railo, another attorney working on this matter, spent 5.7 hours conducting legal research for, and preparing the reply in support of Plaintiffs' Motion. Mr. Railo has been practicing law for 5 years. His hourly billing rate is $210.

5. In addition, we used computerized legal research in the form of Lexis and Westlaw in preparing the moving and reply papers in support of Plaintiffs' Motion. The actual costs of those services total $567.18. These costs have been or will be billed to Plaintiffs in the normal course of business.

- 2 -

0038947.1

1        6.     Thus, Plaintiffs have incurred expenses, including attorneys' fees, $9,985.68 for work performed at our firm caused by Global Arts' and Jordan's failure to comply with this Court's July 14, 1998 Order. These fees have been or will be billed to Plaintiffs in the normal course of business.

       7.     The fees discussed in this Affidavit do not include fees for time spent in initially attempting to obtain discovery responses in filing the first motion to compel granted by this Court. Further, they do not include substantial time spent on this matter by in-house counsel for Plaintiffs. In addition, the costs discussed in this Affidavit do not include costs for postage, facsimiles, photocopying and other costs incurred by Plaintiffs.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 4th day of September, 1998 at Los Angeles, California.

_____
RUSSELL J. FRACKMAN

Sworn to me before this  4th  day of September, 1998

_____
Notary Public

**ALICE A. LYONS**
**COMM. #1133589**
**NOTARY PUBLIC-CALIFORNIA**
**LOS ANGELES COUNTY**
**My Comm. Exp. Apr. 25, 2001**

My commission Expires:  April 25, 2001

-3-

0038947.1