FILED _____ D.C.

98 SEP 11 PM 4:08

CARLOS JUENKE
CLERK, U.S. DIST. CT.
S.D. OF FLA.-MIAMI

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CIVIL ACTION NO. 98-6507
JUDGE DONALD M. MIDDLEBROOKS

SONY MUSIC ENTERTAINMENT, INC. a )
corporation; A & M RECORDS, INC., a )
corporation; BMG MUSIC, d/b/a THE RCA )
RECORD LABEL, a general partnership; )
CAPITOL RECORDS, INC. , a corporation; )
ELEKTRA ENTERTAINMENT, a division of )
WARNER COMMUNICATIONS, INC., a )
corporation; MCA RECORDS, INC., a )
corporation; POLYGRAM RECORDS, INC., a )
corporation; and WARNER BROS. RECORDS, )
INC., a corporation, )
                Plaintiffs )
)
  vs. )
)
GLOBAL ARTS PRODUCTIONS, an entity )
of unknown form; DANNY JORDAN, an )
individual; SATURN RECORDS, an entity of )
unknown form; STACK-O-HITS, an entity of )
unknown form; and JACK MILLMAN, an )
individual, )
)
                Defendants )
_____)

### DAVID T. SEIF'S EMERGENCY RENEWED
### MOTION TO WITHDRAW AS COUNSEL

    David T. Seif, Esq., by and through undersigned counsel, hereby moves the Court on an emergency basis to enter an order granting him leave to withdraw as counsel to defendants,



CIVIL ACTION NO. 98-6507
JUDGE DONALD M. MIDDLEBROOKS

Global Arts Productions, Danny Jordan, Saturn Records, Stack-O-Hits, and Jack Millman (collectively the "defendants"), in the above-styled action.

### Mr. Seif seeks order allowing him to withdraw immediately

1. On August 12, 1998, this Court granted Defendants' Motion To Withdraw As Counsel Of Record. The Court's order allowed Mr. Seif to withdraw as counsel of record to the defendants, but conditioned the withdraw upon substitute counsel filing a notice of appearance on behalf of the defendants.

2. No substitute counsel has filed a notice of appearance on behalf of defendants. As a consequence, Mr. Seif remains as counsel of record to all defendants. Based on the fact that Mr. Seif's relationship with his clients is irreparably broken and communications between he and his clients are greatly strained, Mr. Seif seeks an order allowing him to withdraw as counsel immediately.

### Mr. Seif's relationship with his clients' is irreparably broken

3. Mr. Seif agreed to enter an appearance in this action based on the understanding that he was to act as local counsel on behalf of defendants while Richard Perlman, Esq., a lawyer based in California, was to file a motion to be admitted pro hac vice and be lead counsel in this case on behalf of defendants. To date, Mr. Perlman has failed to file such a motion and has not made an appearance in this case. See Declaration of David T. Seif, a copy of which is attached to this motion as Exhibit "1".

4. At all times Mr. Perlman was Mr. Seif's primary contact with the defendants in this case. Although Mr. Seif has some direct communications with some of the defendants

2

CIVIL ACTION NO. 98-6507
JUDGE DONALD M. MIDDLEBROOKS

themselves, his principal means of communication and obtaining information was through Mr. Perlman.

5. Mr. Seif's relationship with Mr. Perlman is inextricably broken. As a result, he has problems communicating with his clients. Indeed, his relationship with his clients has also been irreparably broken.

### Mr. Seif's obligations as counsel to defendants and as an officer of the Court are seriously impaired.

6. This Court has already granted two motions to compel discovery in this case. The last order was entered by the Court on August 26, 1998, ordering defendants Danny Jordan and Global Arts to respond fully and completely with plaintiff's first set of interrogatories and plaintiff's request for production of documents. Mr. Seif has made all necessary parties aware of the Court's order. Nonetheless, Mr. Seif does not have the necessary information to file the appropriate responses with the Court.

7. Plaintiffs in this matter have now propounded further discovery. Moreover, Local Rule 16 disclosures must now be made. Mr. Seif is concerned that he will be unable to properly respond to the discovery requests or make the necessary Local Rule 16 disclosures.

8. Finally, due to his inability to communicate with his clients, certain conflicts may arise with respect to his representing all the defendants in this action.

### Mr. Seif's practice of law is seriously affected by his continued representation of defendants.

9. Mr. Seif's continued representation of the defendants in this matter is greatly harming his practice. Despite being retained to act as local counsel, he has had to perform all of

CIVIL ACTION NO. 98-6507
JUDGE DONALD M. MIDDLEBROOKS

the duties of lead counsel in the case, which duties have made significant demands on his time. These demands are seriously affecting his ability to fulfill his obligations to his other clients, thus having a significant adverse impact on his financial ability to remain in practice. Moreover, given the lack of communication with the clients and his now inextricably broken relationship with Mr. Perlman, his ability to effectively advocate on behalf of the defendants is seriously disrupted.

10. It has now been approximately thirty (30) days since the Court granted Mr. Seif's initial motion to withdraw and no substitute counsel has come forward to file an appearance on behalf of the defendants. This motion is being filed on an emergency basis given the enormous pressures being brought to bear on Mr. Seif as a result of the impending deadlines.

WHEREFORE, David Seif, Esq., moves the Court for an order allowing him to withdraw as counsel on behalf of all the defendants immediately.

Respectfully submitted,

GREENBERG TRAURIG, P.A.
Attorneys for David Seif
1221 Brickell Avenue
Miami, Florida 33131
Telephone: (305) 579-0500
Facsimile: (305) 579-0717

_____
ALAN T. DIMOND
Florida Bar No. 111017

LUIS M. O'NAGHTEN
Florida Bar No. 0622435

CIVIL ACTION NO. 98-6507
JUDGE DONALD M. MIDDLEBROOKS

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished by regular U.S. mail this 11 day of September, 1998, to **Russell J. Frackman, Esq.** and **Yakub Hazzard, Esq.,** Mitchell, Silberburg & Knupp, LLP, 11377 West Olympic Boulevard, Los Angeles, CA 90064-1683; **Karen L. Stetson Esq.**, 2350 Prairie Avenue, PO Box 2731, Miami Beach, Florida 33140; **Jack Millman, Esq., Saturn Records and Stack-O-Hits**, 56 Brims Mesa Road, Sedona, Arizona 86336; **Mr. Danny Jordan, Global Arts Productions**, 7610 Nob Hill Road, Point Plaza Building, Suite 135, Tamarac, Florida 33321; and to **Mr. Danny Jordan**, 4022 NW 73rd Avenue, Coral Springs, Florida.

_____
LUIS M. O'NAGHTEN

MIAMI3/ONAGHTENL/146491/351701!.DOC/9/10/98

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CIVIL ACTION NO. 98-6507
JUDGE DONALD M. MIDDLEBROOKS

SONY MUSIC ENTERTAINMENT, INC. a
corporation; A & M RECORDS, INC., a
corporation; BMG MUSIC, d/b/a THE RCA
RECORD LABEL, a general partnership;
CAPITOL RECORDS, INC. , a corporation;
ELEKTRA ENTERTAINMENT, a division of
WARNER COMMUNICATIONS, INC., a
corporation; MCA RECORDS, INC., a
corporation; POLYGRAM RECORDS, INC., a
corporation; and WARNER BROS. RECORDS,
INC., a corporation,
          Plaintiffs

vs.

GLOBAL ARTS PRODUCTIONS, an entity
of unknown form; DANNY JORDAN, an
individual; SATURN RECORDS, an entity of
unknown form; STACK-O-HITS, an entity of
unknown form; and JACK MILLMAN, an
individual,

          Defendants

## DECLARATION OF DAVID T. SEIF

DAVID T. SEIF, pursuant to 28 USC § 1746, hereby declares as follows:

1.     My name is David T. Seif, Esq. I am a practicing attorney in Fort Lauderdale, Florida. I am a sole practitioner with my office located at 2400 East Commercial Boulevard,

CIVIL ACTION NO. 98-6507
JUDGE DONALD M. MIDDLEBROOKS

Suite 723, Fort Lauderdale, Florida 33308. I have been admitted to the practice of law in the State of Florida since October 1993, and have been admitted to practice in the Southern District of Florida.

2. I make this declaration in support of my renewed motion to withdraw as counsel for all defendants in this matter. I have personal knowledge of the facts contained in this Declaration.

3. I filed a notice of appearance in the above-styled action on July 27, 1998. When I filed my notice of appearance I had been retained to act as local counsel in this matter, with the understanding that Richard Perlman, Esq., of California, was to enter the case pro hac vice as lead counsel. My involvement was intended to be very limited and, at all times, my primary contact with the defendants in this action was through Mr. Perlman.

4. While I have discussed the defense of this matter with Mr. Perlman, he has failed to make an appearance. Mr. Perlman's failure to make an appearance in this case, as well as other matters, has resulted in my having numerous difficulties in dealing with him. My relationship with Mr. Perlman is now inextricably broken.

5. In addition, my relationship with the defendants in this case also has been irreparably broken. Indeed, communication and cooperation between myself and the defendants themselves has been very difficult and often impossible to accomplish.

6. Currently there are several discovery matters pending in this matter. Specifically, on August 26, 1998, the Court entered an order compelling certain discovery. I have made the

CIVIL ACTION NO. 98-6507
JUDGE DONALD M. MIDDLEBROOKS

parties in this action aware of the order. Despite considerable efforts on my part, as of this date I have been unable to obtain either the information or documents that the Court has ordered defendants to provide. In addition, plaintiffs have propounded new sets of discovery and there are Local Rule 16 disclosures that need to be made in the near future.

7. Under present circumstances my abilities to effectively advocate on behalf of defendants have been seriously compromised. Indeed, certain possible conflicts among the defendants are making my ability to remain as counsel even more questionable. Moreover, my obligations as an officer of the Court make it difficult for me to continue to represent the defendants in this case.

8. Finally, my entire practice has suffered as a result of this case which is consuming large quantities time, thus harming my ability to serve my other clients and my financial ability to remain in practice.

9. I have previously filed a motion to withdraw in this matter. I consulted with defendants with respect to my withdrawing and they do not oppose it. The Court granted the initial motion to withdraw but conditioned my withdraw from the case on defendants' obtaining new counsel. It has now been approximately thirty (30) days since the Court entered its order granting my withdrawal from this matter, but the defendants have not obtained other counsel to enter an appearance in this matter. I have subsequently communicated with them again, both orally and in writing, of my intention and need to file a renewed motion to withdraw.

CIVIL ACTION NO. 98-6507
JUDGE DONALD M. MIDDLEBROOKS

10. I declare under penalty of perjury that the foregoing declaration is true and correct.

Dated this 10 day of September, 1998.

_____
David T. Seif, Esq.

MIAMI3/ONAGHTENL/146489/351501!.DOC/9/10/98