1  RUSSELL J. FRACKMAN
   YAKUB HAZZARD
2  MITCHELL SILBERBERG & KNUPP LLP
   11377 West Olympic Boulevard
3  Los Angeles, CA 90064-1683
   Telephone:  (310) 312-2000
4  Facsimile:  (310) 312-3100

5  KAREN L. STETSON
   2350 Prairie Avenue
6  Miami, FL 33140
   Telephone:  (305) 532-4845
7  Facsimile: (305) 604-0598

8  Attorneys for Plaintiffs

9

10                    UNITED STATES DISTRICT COURT

11                    SOUTHERN DISTRICT OF FLORIDA

12

13  SONY MUSIC ENTERTAINMENT INC., a          CASE NO. 98-6507-Civ-Middlebrooks
    corporation; A & M RECORDS, INC., a
14  corporation; BMG MUSIC, d/b/a THE RCA     PLAINTIFFS' MOTION AGAINST
    RECORD LABEL, a general partnership;      DEFENDANTS GLOBAL ARTS
15  CAPITOL RECORDS, INC., a corporation;     PRODUCTIONS AND DANNY JORDAN
    ELEKTRA ENTERTAINMENT, a division of      FOR AN ORDER STRIKING THEIR
16  WARNER COMMUNICATIONS, INC., a            ANSWERS AND ENTERING THEIR
    corporation; MCA RECORDS, INC., a         DEFAULTS, OR IN THE
17  corporation; POLYGRAM RECORDS, INC.,      ALTERNATIVE, AN ORDER
    a corporation; and WARNER BROS.           PRECLUDING EVIDENCE,  FOR
18  RECORDS INC., a corporation,              REFUSAL TO COMPLY WITH COURT
                                              ORDERS RE DISCOVERY;
19                      Plaintiffs,
                                              REQUEST FOR MONETARY
20        v.                                  SANCTIONS AGAINST DEFENDANTS
                                              GLOBAL ARTS PRODUCTIONS,
21  GLOBAL ARTS PRODUCTIONS, an entity        DANNY JORDAN, JOINTLY AND
    of unknown form; DANNY JORDAN, an         SEVERALLY; AND
22  individual; SATURN RECORDS, an entity of
    unknown form; STACK-O-HITS, an entity of  MEMORANDUM OF LAW IN
23  unknown form; and JACK MILLMAN, an        SUPPORT THEREOF
    individual,
24
                        Defendants.
25

26

27

28

Mitchell Silberberg &

1    Plaintiffs Sony Music Entertainment Inc. et al. ("Plaintiffs") move, pursuant to

2  Rule 37(b) of the Federal Rules of Civil Procedure, for an order striking the answers and entering

3  the defaults of Defendants Global Arts Productions ("Global Arts") and Danny Jordan ("Jordan");

4  or, in the alternative, an order precluding Global Arts and Jordan from offering any evidence to

5  support the issues subject to the court-ordered discovery, as hereafter described.

6

7    In addition, pursuant to Rule 37(b)(2) of the Federal Rules of Civil Procedure,

8  Plaintiffs request reimbursement of their reasonable expenses, including attorneys' fees, against

9  Defendants Global Arts and Danny Jordan, jointly and severally, for their refusal to obey

10  discovery orders.

11

12    **MEMORANDUM OF LAW**

13

14  **I.    INTRODUCTION**.

15

16    Defendants Global Arts and Danny Jordan have once again failed to comply with

17  the Court's Order requiring that they respond to discovery.  It is this failure that has precipitated

18  the filing of this Renewed Motion for Sanctions.

19    While the Court's September 15, 1998 Order regarding David Seif's Emergency

20  Renewed Motion to Withdraw as Counsel contemplates entering default judgments against the

21  corporate Defendants, if they do not retain counsel, it would still permit Jordan, individually, to

22  participate in this action.[1]  It also may permit Global Arts to participate in this action insofar as no

23  discovery has ben provided to determine whether Global Arts is a corporate entity or not.

24  Plaintiffs bring this Motion to address Global Arts' and Jordan's continued refusal to obey this

25  Court's discovery Orders.  When the parties last were before this Court on Plaintiffs' motion for

26  issue sanctions, this Court provided Defendants Global Arts and Jordan with a final chance to

27  ─────────────────────

28    [1]    The September 15, 1998 Order also states that Millman is an attorney.  It is
Plaintiffs' understanding that Millman is not an attorney.

1   comply with their discovery obligations and ordered them to respond fully to Plaintiffs' discovery

2   requests -- for the third time.  The Court's latest deadline for compliance has passed, and

3   Plaintiffs even have wanted additional time to see whether Jordan and Global Arts would comply.

4   Despite the Court's express warnings, Global Arts and Jordan have continued their abuse of the

5   discovery process, as they once again have refused to provide *any* responses to Plaintiffs'

6   discovery requests.  In issuing its last Order, this Court specifically warned that "***continued***

7   ***noncompliance with this Court's orders will result in imposition of additional Rule 37***

8   ***sanctions***."  (Emphasis added.)  Given the Defendants' failure to serve any responses in the face

9   of this clear warning, and their astonishing track record of recalcitrance, Plaintiffs respectfully

10   request this Court to strike Defendants' answers and enter their defaults pursuant to Rule 37(b) of

11   the Federal Rules of Civil Procedure.

12

13   **II.      BACKGROUND**

14

15          Plaintiffs are record companies engaged in the business of producing and selling

16   musical recordings.  Plaintiffs have brought this action to stop an on-going conspiracy by which

17   the Defendants unlawfully are copying and distributing, and purporting to authorize others to

18   further copy and distribute, Plaintiffs' valuable musical recordings.  In order to properly prosecute

19   this action, Plaintiffs for the last ***four months*** have sought to obtain in discovery basic information

20   relating to Global Arts' and Jordan's claimed rights in the recordings at issue.  Plaintiffs'

21   discovery, consisting of eight interrogatories and seven document requests, is eminently

22   reasonable in its amount and scope.  Nevertheless, at each turn, Plaintiffs have been stymied by

23   Defendants' refusal to comply with their discovery obligations or to obey this Court's Orders.

24

25          On August 26, 1998, after Global Arts and Jordan already had violated two Court

26   Orders,[2] this Court issued its third Order on this matter.  The Court once again ordered Global

27   _____

28        [2]        The facts surrounding Defendants' violation of the Court's two prior Orders are
                                                                              (continued...)

Mitchell Silberberg &                                    - 3 -

1  Arts and Jordan to respond to Plaintiffs' discovery, ordering them to "turn over, within fifteen

2  (15) days any and all unprivileged documents requested by Plaintiffs' [sic] in their First Set of

3  Request for Production of Documents that are either within Defendants' custody or control or

4  that Defendants possess the ability to obtain" and to "fully and completely respond to Plaintiffs'

5  First Set of Interrogatories within ten (10) days."  Order at 3.  The Court further found that

6  Defendants' failure to obey the Court's prior July 14, 1998, Order was not substantially justified,

7  and imposed monetary sanctions on Global Arts and Jordan, requiring them to pay Plaintiffs the

8  reasonable expenses, including attorney's fees, caused by Defendants' discovery abuse.  Order at

9  2-3.[3]  The Court then stated:

11          "At this point, this Court is not prepared to impose any

12          further sanctions; however, continued noncompliance with this

13          Court's orders will result in imposition of additional Rule 37

14          sanctions, including an order of contempt for failure to obey a

15          Court Order, as provided by FRCP §37(b)(2)(D)."

17  Order at 3.  The Court repeated this warning, stating that "[c]ontinued failure to respond to this

18  Court's Orders to compel production will result in such sanctions as this Court deems

19  appropriate."  Id.  In response to Plaintiffs' efforts to seek compliance with the Court's Order,

20  Global Arts and Jordan's counsel has confirmed that Global Arts and Jordan have been fully

21  informed of the Court's Order, but have not responded.  See letter from D. Seif dated September

22  18, 1998 attached hereto as Exhibit "A."

---

26      [2](...continued)

27  set forth in the Court's August 26, 1998, Order, as well as Plaintiffs' prior motion.

28      [3]      Defendants have yet to pay the expenses awarded by the Court in granting
    Plaintiffs' last motion.

1    Despite the Court's clear mandate that Global Arts and Jordan must respond fully

2  to Plaintiffs' interrogatories and document requests within 10 and 15 days, respectively, those

3  deadlines have passed and Defendants have provided *no* responses.  Thus, they not only have

4  ignored this Court's Order compelling responses, but also the Court's express warnings regarding

5  the consequences of further noncompliance.

6

7  **III.    GLOBAL ARTS' AND JORDAN'S CONTINUED REFUSAL TO PROVIDE**

8  **BASIC DISCOVERY AS TO THE KEY ISSUES IN THIS CASE AND**

9  **REPEATED VIOLATION OF THIS COURT'S DISCOVERY ORDERS**

10  **JUSTIFIES THE SANCTION OF STRIKING THEIR PLEADINGS AND**

11  **ENTERING THEIR DEFAULTS.**

12

13    The limited and reasonable basic discovery (8 interrogatories and 7 document

14  requests) which Global Arts and Jordan continue to ignore is focused on the key issues in this

15  case, namely, Defendants' claimed rights in Plaintiffs' sound recordings, Defendants' contention

16  that they have authority to license and duplicate Plaintiffs' sound recordings, Defendants'

17  unlawful acts of copying and authorizing others to copy Plaintiffs' sound recordings, and

18  Defendants' receipt of substantial revenue from those bogus licenses.  Defendants now have had

19  *four months* to respond to this discovery.  In violation of *three* separate Orders of this Court,

20  they continue to refuse to do so.  Given this record of willful and bad faith disobedience of Court

21  Orders, the Court should strike their pleadings and enter their defaults.

22

23    Federal Rule of Civil Procedure 37(b)(2)(C) expressly provides that where a party

24  "fails to obey an order to provide or permit discovery . . . , the court in which the action is

25  pending may . . . [enter a]n order striking out pleadings . . . or rendering a judgment by default

26  against the disobedient party."  Courts uniformly have imposed such sanctions, where, as here, a

27  party has repeatedly refused to provide discovery on central issues in the case, violated numerous

28  court orders, and ignored the Court's warnings as to the consequences.  See, e.g., Malautea v.

Mitchell Silberberg &

1    Suzuki Motor Co., Ltd., 987 F.2d 1536, 1539-44 (11th Cir.) (affirming default sanction under

2    Rule 37(b)(2)(C) where "the defendants richly deserved the sanction of a default judgment" by

3    willfully violating three discovery orders and ignoring the court's warnings regarding the

4    consequences), cert. denied, 510 U.S. 863 (1993); Comiskey v. JFTJ Corp., 989 F.2d 1007,

5    1009-10 (8th Cir. 1993) (affirming default sanction under Rule 37(b)(2)(C) based on defendant's

6    "total failure to comply with numerous court orders").  As other courts have observed,

7    "[d]iscovery orders are supposed to be followed, and a disobedient party who fails to follow such

8    orders does so at their own peril." Fritter v. Dafina, Inc., 176 F.R.D. 60, 63 (N.D.N.Y. 1997).

9    Moreover, in addition to penalizing the recalcitrant party for failure to obey court orders, the

10   default sanction serves the important function of deterring other litigants who otherwise might be

11   tempted to abuse the discovery process and prevents further delay occasioned by the disobedient

12   party's antics. Id.; accord, Altschuler v. Samsonite Corp., 109 F.R.D. 353, 356 (E.D.N.Y. 1986).

13   In a case such as this, where lesser sanctions already have been ignored, the sanction of striking an

14   answer and entering default is clearly the appropriate remedy.  See, Malautea, 987 F.2d at 1544

15   (default was the appropriate sanction because "sanctions less harsh than default judgment would

16   not have changed the defendants' behavior").

17

18            Sanctions of this nature are particularly appropriate here, given Defendants' failure

19   to take any steps to comply with the Court's most recent Order.  Before issuing that Order, the

20   Court considered the parties' arguments, and clearly rejected each of Defendants' arguments

21   purportedly justifying their refusal to respond, expressly finding that Defendants' earlier failure to

22   respond to discovery or obey the Court's orders was not substantially justified.  The Court then,

23   for the third time, ordered Defendants to respond to Plaintiffs' discovery, within a reasonable time

24   limit, and twice warned Defendants that noncompliance would result in further and more serious

25   sanctions.  Defendants have demonstrated by their conduct so far that further orders compelling

26   responses would be ineffective, and that lesser sanctions would only result in further disobedience

27   of this Court's Orders.

28

Mitchell Silberberg &

**IV.   IN THE ALTERNATIVE, GLOBAL ARTS AND JORDAN SHOULD BE**
**PRECLUDED FROM OFFERING ANY EVIDENCE ON THE ISSUES WITH**
**RESPECT TO WHICH THEY HAVE REFUSED TO PROVIDE DISCOVERY.**

Alternatively, if the Court sees fit to give Defendants yet another opportunity to participate properly in this case (which they have yet to do, and Plaintiffs strongly believe they never will do), Plaintiffs' request that Global Arts and Jordan be precluded from offering any evidence to oppose those issues with respect to which they have refused to provide discovery, namely the following:

1.   Plaintiffs own the rights in the sound recordings identified in the Complaint.

2.   Global Arts and Jordan do not have any right to copy or distribute the sound recordings identified in the Complaint.

3.   Global Arts and Jordan have unlawfully copied and distributed Plaintiffs' sound recordings and have purported to issue licenses to third parties to further copy and distribute Plaintiffs' sound recordings without authority.

4.   Global Arts and Jordan have derived substantial revenue from copying and distributing Plaintiffs' sound recordings and from issuing bogus licenses to third parties.

It would be unfair and highly prejudicial to Plaintiffs if Global Arts and Jordan were allowed to willfully violate this Court's discovery orders and ignore their discovery obligations, and then later contest the action by relying on the very information and documents which they have refused to produce.  Therefore, if the Court does not enter Defendants' defaults

Mitchell Silberberg &

(which Plaintiffs believe it should), it at a minimum should preclude them from offering any evidence on these issues.  See, Fed.R.Civ. Proc. 37(b)(2)(B) (authorizing order "refusing to allow the disobedient party to support or oppose designated claims . . . , or prohibiting that party from introducing designated matters in evidence"); Higginbotham v. Volkswagenwerk Aktiengesellschaft, 551 F.Supp. 977, 980-82 (M.D. Pa. 1982) (entering evidence preclusion order based on party's "conscious disregard of the discovery process and the orders of [the] court" ) aff'd., 720 F.2d 662 (3d Cir. 1983); Riverside Memorial Mausoleum, Inc., T/A v. Sonnenblick-Goldman Corporation, 80 F.R.D. 433, 436 (E.D.Pa. 1978) (precluding plaintiffs from offering any evidence as to matters inquired into by interrogatories where answers were both late and unsatisfactory).

## V.   PLAINTIFFS ARE ENTITLED TO REIMBURSEMENT OF THEIR EXPENSES INCURRED IN SEEKING THE DISCOVERY.

Pursuant to Rule 37(b)(2) of the Federal Rules of Civil Procedure, the Court *must* award reasonable expenses, including attorneys' fees, incurred by Plaintiffs as a result of Global Arts' and Jordan's refusal to comply with this Court's three previous Orders unless Global Arts and Jordan establish that their noncompliance was substantially justified or an award of monetary sanctions would be unjust.  See, F.R.C.P. 37(b)(2)(E) ("The court shall require the party failing to obey the order . . . to pay the reasonable expenses, including attorney's fees caused by the failure, unless the court finds that he failure was substantially justified or that other circumstances make an award of expenses unjust.").  Plainly no justification exists here for Defendants' conduct.  The Court already has found that Defendants' failure to comply with the earlier Orders was without substantial justification.  Certainly the flat refusal to comply with the August 26, 1998 Order is even less justified.  Accordingly, in addition to all other sanctions, Global Arts and Jordan should be ordered, jointly and severally, to reimburse Plaintiffs for their expenses, including attorneys' fees, incurred in pursuing the discovery at issue.

Mitchell Silberberg &

## VI.   CONCLUSION

For all of the foregoing reasons, Plaintiffs respectfully request that the Court issue the order requested.

### CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 26.1(I)

I HEREBY CERTIFY that Plaintiffs' counsel has conferred with opposing counsel in a good faith attempt to resolve the issues raised in the foregoing Motion without success.

DATED: September __, 1998

RUSSELL J. FRACKMAN
YAKUB HAZZARD
MITCHELL SILBERBERG & KNUPP LLP
and
KAREN L. STETSON

By: _____
Karen Stetson
Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed to Jack

Millman, 56 Brims Mesa Road, Sedona, AZ 86336; Saturn Records c/o Jack Millman, 56 Brims

Mesa Road, Sedona, AZ 86336; Stack-O-Hits, c/o Jack Millman, 56 Brims Mesa Road, Sedona,

AZ 86336; Danny Jordan and Global Arts at 7610 Nob Hill Road, Point Plaza Building, Suite

135, Tamarac, Florida 33321 and at 4022 N.W. 73rd Avenue, Coral Springs, Florida; David Seif,

Esquire, Costal Tower, Suite 723, 2400 E. Commercial Blvd., Ft. Lauderdale, FL 33308 and Alan

T. Diamond, Esquire, 1221 Brickell Avenue, Miami, Florida 33131 this 18th day of September,

1998.


_____

KAREN L. STETSON

**DAVID T. SEIF, ESQ.**
Coastal Tower
2400 East Commercial Boulevard
Suite 723
Fort Lauderdale, Florida 33308
Phone: (954) 776-7377
Fax: (954) 776-7009

September 18, 1998

Via Facsimile & U.S. Mail  305-604-0598

Karen Stetson, Esq.
2356 Prairie Avenue
Post Office Box 2731
Miami Beach, FL  33140

Dear Karen:

As we discussed on September 14, 1998, I have not heard from Danny Jordan since I discussed with him Judge Middlebrook's August 26, 1998 Order. Mr. Jordan has been fully informed of the Judge's Order but has not responded.

With respect to the payment of the monetary sanctions, I can only reiterate that I have been unable to successfully locate Mr. Jordan.

Very truly yours,

David T. Seif

DTS:rp