RUSSELL J. FRACKMAN
YAKUB HAZZARD
MITCHELL SILBERBERG & KNUPP LLP
11377 West Olympic Boulevard
Los Angeles, CA 90064-1683
Telephone: (310) 312-2000
Facsimile: (310) 312-3100

KAREN L. STETSON
2350 Prairie Avenue
Miami, FL 33140
Telephone: (305) 532-4845
Facsimile: (305) 604-0598

Attorneys for Plaintiffs

FILED BY _____ D.C.

98 SEP 23 AM 11: 42

CARL... ...ENE
CLERK U.S. DIST. CT.
S.D. OF FLA.-MIAMI

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| SONY MUSIC ENTERTAINMENT INC., a corporation; A & M RECORDS, INC., a corporation; BMG MUSIC, d/b/a THE RCA RECORD LABEL, a general partnership; CAPITOL RECORDS, INC., a corporation; ELEKTRA ENTERTAINMENT, a division of WARNER COMMUNICATIONS, INC., a corporation; MCA RECORDS, INC., a corporation; POLYGRAM RECORDS, INC., a corporation; and WARNER BROS. RECORDS INC., a corporation,<br><br>                    Plaintiffs,<br><br>    v.<br><br>GLOBAL ARTS PRODUCTIONS, an entity of unknown form; DANNY JORDAN, an individual; SATURN RECORDS, an entity of unknown form; STACK-O-HITS, an entity of unknown form; and JACK MILLMAN, an individual,<br><br>                    Defendants. | CASE NO. 98-6507-Civ-Middlebrooks<br><br>**MOTION TO COMPEL FURTHER RESPONSES TO PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS AND THE FURTHER PRODUCTION OF DOCUMENTS BY DEFENDANT JACK MILLMAN, AND FOR EVIDENCE PRECLUSION; AND**<br><br>**MEMORANDUM OF LAW IN SUPPORT THEREOF** |

Plaintiffs Sony Music Entertainment Inc. et al. ("Plaintiffs") move, pursuant to Rules 34 and 37 of the Federal Rules of Civil Procedure, for an order (1) compelling Defendant Jack Millman ("Millman") to provide further written responses to Plaintiffs' First Request For Production Of Documents And Things and produce all responsive documents in his possession, custody, or control, and (2) precluding Millman from introducing in evidence any documents that he fails to produce pursuant to the Court's Order.

## MEMORANDUM OF LAW

## I.   INTRODUCTION

Just as Plaintiffs have not received a single document in discovery from Defendants Global Arts Production ("Global Arts") and Danny Jordan ("Jordan"), Plaintiffs have not received any documents from Defendant Millman.  While Millman did respond to the discovery requests, his responses appear to evade his obligation to produce documents.  Millman also has failed to respond to Plaintiffs' requests for clarification of his discovery responses, thereby necessitating the instant motion.

In his interrogatory responses (served only after this Court ordered Millman to respond), Millman states that he delivered important business documents which allegedly evidence his purported rights in and exploitation of sound recordings at issue in this action to a Mr. Joseph Vincent.  However, when Plaintiffs requested Millman to produce those very documents pursuant to this Court's two discovery Orders, Millman stated in response to each of Plaintiffs' document requests "I have none."[1]

---

[1]   Copies of Millman's responses to Plaintiffs' First Request For Production Of Documents And Things To Defendant Jack Millman and his responses to Plaintiffs' First Set Of Interrogatories To Defendant Jack Millman are attached hereto as Exhibits A and B, respectively.

1           Rule 34 of the Federal Rules of Civil Procedure requires a party to produce

2 documents in his "possession, custody, *or control*." The term "control" has been construed

3 broadly to encompass the situation here, where a party has given his relevant documents --

4 documents which that party clearly would have to produce if they were in his possession -- to a

5 third party from whom the party appears to have the right, authority, or practical ability to

6 retrieve them. Thus, under Rule 34, under the circumstances here, it is the responding party's

7 obligation to attempt to get back his responsive documents from such a third party (or copies of

8 them), and to produce them to the requesting party or to explain his inability to do so.

9

10           Here, Millman admittedly knew where his responsive documents were located.

11 Moreover, this Court previously had ordered Millman to respond to Plaintiffs' document requests.

12 Nevertheless, in his response to Plaintiffs' document demands, Millman did not produce, or

13 apparently even attempt to produce, a single document, much less indicate who has the

14 documents, where they are located, why or when or under what circumstances he purportedly

15 gave important business documents to a third party, or why he kept no copies of these important

16 business documents. His response also reveals no effort whatsoever to obtain his documents from

17 Mr. Vincent, as required by Rule 34. Moreover, Millman failed to respond to Plaintiffs' efforts to

18 obtain clarification of his discovery responses. Under these circumstances, Millman's "I have

19 none" response to Plaintiffs' document request and his refusal to produce the documents at issue

20 appears to violate Rule 34.[2] Accordingly, Plaintiffs respectfully request that this Court order

21 Millman (1) serve further responses and produce all responsive documents to Plaintiffs, and (2) be

22 barred from introducing into evidence any documents not produced.

23

24

25

26

_____

27      [2]     Millman's assertion that he gave away documents evidencing his purported rights

28 to valuable musical recordings defies logic. It is akin to a homeowner contending that he transferred the deed to his home, but not the home itself -- without keeping a copy.

## II.   FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs are record companies engaged in the business of producing and selling musical recordings.  Plaintiffs have brought this action to protect valuable intellectual property rights in their recordings.  Specifically, Plaintiffs seek to stop an on-going conspiracy by which the Defendants unlawfully are copying and distributing, and purporting to authorize others to further copy and distribute, valuable recordings owned by Plaintiffs.

Plaintiffs filed their Complaint on May 18, 1998, together with a motion for expedited discovery. The discovery requests, directed to Defendant Millman as well as the other defendants, consist of eight interrogatories and seven document requests, which seek any information that would support Defendants' position that their conduct is not unlawful.  The Complaint and discovery were served on Millman on May 22, 1998.  On June 2, 1998, the Court granted Plaintiffs' Motion for Expedited Discovery and ordered the Defendants to serve their discovery responses with their responses to the Complaint.  Thus, Millman's discovery responses originally were due on June 11.

After the Defendants refused to provide *any* responses to the discovery, on June 14, 1998, Plaintiffs' filed a Motion to Compel Compliance with the June 2, 1998 Discovery Order.  None of the Defendants filed any opposition to Plaintiffs' Motion to Compel.  They simply continued to refuse to respond to the discovery at all.  On July 14, 1998, the Court granted Plaintiffs' Motion to Compel in its entirety and ordered the Defendants to provide complete answers without objection.

After Plaintiffs demanded compliance with the July 14, 1998 Order, Millman finally served responses  to Plaintiffs' discovery.  However, rather than complying with this Court's previous Orders by providing full and complete answers to the discovery, Millman served evasive and incomplete responses to the document demands and refused to produce a single document.

1   On August 6, 1998, Plaintiffs' counsel sent Millman's counsel a letter concerning Millman's

2   discovery responses.  A copy of that letter is attached hereto as Exhibit C.  Despite Plaintiffs'

3   attempt to meet and confer and avoid further Court intervention, Millman has failed and refused

4   to respond to Plaintiffs' meet and confer letter, and failed and refused to provide further responses

5   or to produce *any* documents in compliance with this Court's two discovery Orders.

6

7   **III.**   **MILLMAN IS OBLIGATED TO PRODUCE ALL DOCUMENTS IN HIS**

8           **CONTROL, INCLUDING HIS DOCUMENTS HE PURPORTEDLY GAVE TO**

9           **MR. VINCENT.**

10

11          Federal Rule of Civil Procedure 34 provides that "[a]ny party may serve on any

12   other party a request . . . to produce . . . any designated documents . . . which constitute or

13   contain matters within the scope of Rule 26(b) and which are *in the possession, custody or*

14   *control* of the party upon whom the request is served." (Emphasis added.)  Rule 34 further

15   provides that "[t]he party upon whom the request is served shall serve a written response within

16   30 days after the service of the request . . . [stating] that inspection and related activities will be

17   permitted as requested, unless the request is objected to." Fed. R. Civ. Proc. 34(b).[3]

18

19          Federal courts repeatedly have held that "a party need not have actual possession

20   of documents to be deemed *in control* of them." In re Folding Carton Antitrust Litigation, 76

21   F.R.D. 420, 423 (N.D. Ill. 1977) (emphasis added).  Thus, "[a] party to a lawsuit cannot escape

22   the obligation to produce documents by incanting, as [Millman effectively] has attempted to do,

23   'not in my possession.'  That a party does not possess documents is simply immaterial if those

24   documents remain in that party's custody or control." Scott v. Arex, Inc., 124 F.R.D. 39, 41 (D.

25   Conn. 1989).  As the Scott court observed, "[t]he word 'control' is to be broadly construed.  A

26

27   _____

     [3]       Millman made no objections to any of Plaintiffs' document requests.  As noted
28   above, he simply replied "I have none" to each of the requests.  See, Ex. A.

Mitchell Silberberg &

1 party controls documents that it has *the right, authority, or ability to obtain upon demand*." Id.

2 (emphasis added); accord The Bank of New York v. Meridien BIAO Bank Tanzania Ltd., 171

3 F.R.D. 135, 146 (S.D.N.Y. 1997) ("Under Rule 34 . . . , 'control' does not require that the party

4 have legal ownership or actual physical possession of the documents at issue; rather, documents

5 are considered to be under a party's control when that party has *the right, authority, or practical*

6 *ability to obtain the documents from a non-party* to the action." (Emphasis added.)).

7

8       Here, Millman clearly has "the right, authority, or ability to obtain upon demand"

9 the documents at issue. Document Request No. 2 of Plaintiffs' First Request For Production Of

10 Documents And Things To Defendant Jack Millman sought "ALL DOCUMENTS . . . referring

11 or relating to MILLMAN'S . . . claimed right, title and interest in any of PLAINTIFFS'

12 RECORDINGS." See, Ex. A. While Millman responded to Document Request No. 2 with a curt

13 "I have none," see, id., his response to Plaintiffs' First Set Of Interrogatories To Defendant Jack

14 Millman reveals that he does in fact claim rights in certain of the recordings in issue here, and that

15 he contends that responsive documents exist. See, response to Interrogatory No. 1. In response

16 to Interrogatory No. 3, which asked Millman to identify "each and every document that

17 evidences, refers to or reflects [his] claimed rights in PLAINTIFFS' RECORDINGS" -- the very

18 same documents that were the subject of Document Request No. 2 -- Millman stated:

19 "Documents are not in my possession. Documents were delivered to Joseph Vincent Exec. VP,

20 SSV Music Publishing Company Suite#G-233, 20162 Highway #18, Apple Valley, Ca. 92307-

21 2935 (760 242 9263)." See, Ex. B. As Mr. Vincent holds the responsive documents only

22 because Millman, by his own admission, delivered his documents to Mr. Vincent, it would seem

23 that, in order to comply with his obligations under Rule 34, Millman must, at a minimum, request

24 the return of those documents.

25

26       Under these circumstances, the Court has the authority to order Millman to

27 retrieve his documents from Mr. Vincent and produce them to Plaintiffs. See, e.g., Meridien

28 BIAO, 171 F.R.D. at 146-49 (ordering defendant to produce responsive documents in the

Mitchell Silberberg &

1    possession of its assignor's successor-in-interest); <u>Wardrip v. Hart</u>, 934 F.Supp. 1282, 1286 (D.

2    Kan. 1996) (defendant ordered to produce financial records in the possession of his accountant);

3    <u>Folding Carton</u>, 76 F.R.D. at 423 (requiring defendants to seek responsive documents in the

4    possession of their former employees).  Accordingly, Plaintiffs respectfully request that this Court

5    order Millman (1) to amend his written response to state that he will produce all responsive

6    documents, including any of Millman's documents in Vincent's possession that Millman has the

7    right, authority, or ability to obtain, and (2) to then produce all such documents to Plaintiffs.[4]

8

9    **IV.    <u>IF MILLMAN FAILS TO PRODUCE ALL RESPONSIVE DOCUMENTS, HE</u>**

10            **<u>SHOULD BE PRECLUDED FROM LATER INTRODUCING ANY SUCH</u>**

11            **<u>DOCUMENTS IN EVIDENCE.</u>**

12

13           Plaintiffs further request that the Court's Order also provide that, in the event

14   Millman still refuses to produce all his responsive documents, Millman be barred from later

15   introducing any such documents in evidence in this action.  It would be manifestly unfair for

16   Millman to claim that he has "none" of the responsive documents, after he voluntarily has divested

17   himself of those documents, and then to later introduce such documents in evidence.  <u>See</u>, Fed. R.

18   Civ. Proc. 37(b)(2)(B) (providing for order "prohibiting [a] party from introducing designated

19   matters in evidence" where the party "fails to obey an order to provide or permit discovery");

20   <u>Carroll v. Acme-Cleveland Corp.</u>, 955 F.2d 1107, 1115-16 (7th Cir. 1992) (affirming district

21   court order pursuant to Rule 37(b)(2)(B) excluding documents which defendant had refused to

22   produce despite numerous requests by plaintiffs for the documents under Rule 34); <u>Von Brimer v.</u>

23

24   _____

25           [4]      Millman should serve amended responses to Plaintiffs' document requests,
         explaining in detail the reasons for any inability to produce these documents and the specific
26       efforts he has made to obtain the documents.  <u>See</u>, <u>Scott</u>, 124 F.R.D. at 41 (individual defendant,
         who was owner and officer of corporate defendant ordered to produce documents in the
27       possession of the corporate defendant "or to provide plaintiff's counsel with an affidavit detailing
         what precisely attempts [the individual defendant] made to obtain those documents, when he
28       made them, and to whom his demands were addressed").

1  <u>Whirlpool Corp.</u>, 362 F.Supp. 1182, 1185-86 (N.D. Cal. 1973) (excluding from evidence

2  document that party had failed to produce despite repeated requests and a court order to produce

3  it).

4

5  **V.    <u>CONCLUSION</u>**

6

7          For all of the foregoing reasons, Plaintiffs respectfully request that this Court order

8  Defendant Jack Millman to (1) serve an amended response to Plaintiffs' document request

9  agreeing to produce the documents at issue or explaining in detail why he cannot do so and what

10  efforts he has made to obtain the documents, and produce all responsive documents in his

11  possession, custody, or control, and (2) be precluded from introducing in evidence any such

12  documents not produced.

13

14          **<u>CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 26.1(I)</u>**

15

16          I HEREBY CERTIFY that Plaintiffs' counsel has conferred with opposing counsel

17  in a good faith attempt to resolve the issues raised in the foregoing Motion without success.

18  DATED: September 22, 1998          RUSSELL J. FRACKMAN
                                        YAKUB HAZZARD
19                                      MITCHELL SILBERBERG & KNUPP LLP
                                                      and
20                                      KAREN L. STETSON

21

22                                      By: _Karen Stetson_____

23                                          Karen Stetson
                                            Attorneys for Plaintiffs

24

25

26

27

28

Mitchell Silberberg &                      - 8 -

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed to Jack Millman, 56 Brims Mesa Road, Sedona, AZ 86336; Saturn Records c/o Jack Millman, 56 Brims Mesa Road, Sedona, AZ 86336; Stack-O-Hits, c/o Jack Millman, 56 Brims Mesa Road, Sedona, AZ 86336; Danny Jordan and Global Arts at 7610 Nob Hill Road, Point Plaza Building, Suite 135, Tamarac, Florida 33321 and at 4022 N.W. 73rd Avenue, Coral Springs, Florida; David Seif, Esquire, Coastal Tower, Suite 723, 2400 E. Commercial Blvd., Ft. Lauderdale, FL 33308 and Alan T. Diamond, Esquire, 1221 Brickell Avenue, Miami, Florida 33131 this 22nd day of September, 1998.

KAREN L. STETSON

1  RUSSELL J. FRACKMAN
   YAKUB HAZZARD
2  MITCHELL SILBERBERG & KNUPP LLP
   11377 West Olympic Boulevard
3  Los Angeles, CA 90064-1683
   Telephone:  (310) 312-2000
4  Facsimile:  (310) 312-3100

5  KAREN L. STETSON
   2350 Prairie Avenue
6  Miami, FL 33140
   Telephone:  (305) 532-4845
7  Facsimile: (305) 604-0598

8  Attorneys for Plaintiffs

**98-6507**

**CIV-MIDDLEBROOKS**

MAGISTRATE JUDGE
BROWN

9              UNITED STATES DISTRICT COURT

10             SOUTHERN DISTRICT OF FLORIDA

11

12  SONY MUSIC ENTERTAINMENT INC., a          CASE NO.
    corporation; A & M RECORDS, INC., a       DEFENDANTS RESPONCE TO
13  corporation; BMG MUSIC, d/b/a THE RCA     **PLAINTIFFS' FIRST REQUEST FOR**
    RECORD LABEL, a general partnership;      **PRODUCTION OF DOCUMENTS AND**
14  CAPITOL RECORDS, INC., a corporation;     **THINGS TO DEFENDANT JACK**
    ELEKTRA ENTERTAINMENT, a division of      **MILLMAN**
15  WARNER COMMUNICATIONS, INC., a
    corporation; MCA RECORDS, INC., a
16  corporation; POLYGRAM RECORDS, INC.,
    a corporation; and WARNER BROS.
17  RECORDS INC., a corporation,

18                      Plaintiffs,

19          v.

20  GLOBAL ARTS PRODUCTIONS, an entity
    of unknown form; DANNY JORDAN, an
21  individual; SATURN RECORDS, an entity of
    unknown form; STACK-O-HITS, an entity of
22  unknown form; and JACK MILLMAN, an
    individual,
23
24                      Defendants.

25

26  PROPOUNDING PARTY:          PLAINTIFFS

27  RESPONDING PARTY:           DEFENDANT  JACK MILLMAN

28  SET NO.:                    One (1)

Mitchell Silberberg &
Knupp LLP                        EXHIBIT "A"

    0002357.1

1

2          Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiffs hereby

3    request that defendant Jack Millman make the following documents and things available for

4    inspection and copying  at Mitchell, Silberberg & Knupp LLP, 11377 W. Olympic Boulevard,

5    Los Angeles, California 90064 at 10:00 a.m., within forth-five (45) days of service hereof or

6    such other time as the Court may order.

7

8                                    <u>DEFINITIONS</u>

9

10         A.      "DOCUMENT(S)" means and includes all letters, words or numbers, or their

11   equivalent, set down by handwriting, typewriting, printing, photographing, magnetic

12   impulse, mechanical or electronic recording, or other form of data compilation, and includes

13   the original of any such Document if available, or to a clear and legible copy thereof if not

14   available, and to all copies or drafts of any such Documents except those that are identical in

15   every respect to the original Documents.

16

17         B.      "PHONORECORDS" means and refers to phonorecords as that term is

18   defined in Section 101 of the United States Copyright Act, 17 U.S.C. § 101, including without

19   limitation compact discs, audio cassette tapes and long-playing disc record albums, digital

20   audio tapes, and reel to reel tapes.

21

22         C.      "JORDAN" means and refers to defendant Danny Jordan, and his assigns and

23   successors-in-interest and any corporation or other entity under which he conducts business.

24

25         D.      "GLOBAL ARTS" means and refers to defendant Global Arts Productions, and

26   its directors, officers, agents, employees, attorneys, partners, affiliates, subsidiaries and other

27   representatives or persons acting or purporting to act on its behalf.

28

1      E.     "SATURN" means and refers to defendant Saturn Records, and its directors,

2 officers, agents, employees, attorneys, partners, affiliates, subsidiaries and other representatives

3 or persons acting or purporting to act on its behalf.

4

5      F.     "STACK-O-HITS" means and refers to defendant Stack-O-Hits, and its

6 directors, officers, agents, employees, attorneys, partners, affiliates, subsidiaries and other

7 representatives or persons acting or purporting to act on its behalf.

8

9      G.     "MILLMAN" means and refers to defendant Jack Millman, and his assigns and

10 successors-in-interest and any corporation or other entity under which he conducts business.

11

12     H.     "PLAINTIFFS" means and refers to the specific sound recordings listed and

13 identified in Schedule A and Schedule B of the Complaint, copies of which are attached

14 hereto.

15

16              **DOCUMENTS AND THINGS TO BE PRODUCED**

17

18     1.     The articles of incorporation and bylaws of SATURN and STACK-O-

19 HITS.     answer; I have none

20

21     2.     All DOCUMENTS, including without limitation, agreements, licenses,

22 assignments or bills of sale, referring or relating to MILLMAN'S, STACK-O-HITS' and/or

23 SATURN'S claimed right, title and interest in any of PLAINTIFFS' RECORDINGS.

24     answer; I have none

25     3.     All DOCUMENTS, including without limitation, agreements, licenses,

26 assignments or bills of sale between MILLMAN, SATURN, and/or STACK-O-HITS, on the

27 one part, and JORDAN and/or GLOBAL ARTS, on the other part, referring or relating to

28 any of PLAINTIFFS' RECORDINGS.     answer; I have none

Mitchell Silberberg &
Knupp LLP

0002357.1

1           4.    A sample of each PHONORECORD embodying any of PLAINTIFFS'

2  RECORDINGS.

3          answer; I have none

4           5.    A copy of each master tape embodying any of PLAINTIFFS'

5  RECORDINGS, including all boxes and packaging in which the master tape was received

6  and/or is stored.

7          answer; I have none

8           6.    All DOCUMENTS, including without limitation, agreements, licenses,

9  assignments or bills of sale, embodying, relating to or referring to any transfer of any rights in

10  any of PLAINTIFF'S RECORDINGS from MILLMAN, SATURN and/or STACK-O-HITS

11  to any other person or entity.

12          answer; I have none

13           7.    All DOCUMENTS, including without limitation, royalty or

14  accounting statements, reflecting, referring to or relating to number of PHONORECORDS

15  embodying any of PLAINTIFFS' RECORDINGS manufactured and sold and all payments

16  received by MILLMAN, SATURN and/or STACK-O-HITS from the transfer of any rights

17  in any of PLAINTIFFS' RECORDINGS.

18      answer; I have none
DATED: April 28, 1998       MITCHELL SILBERBERG & KNUPP LLP

19            RUSSELL J. FRACKMAN
YAKUB HAZZARD

20

21              and

22          KAREN L. STETSON

23         By: Russell J. Frackman

24         Russell J. Frackman
Attorneys for Plaintiffs

25

26

27

28

- 4 -

0002357.1

Mitchell Silberberg & Knupp LLP

1
2
3
4
5
6
7
8

Jack M. Millman

9
10
11
12
13
14
15
16   Subscribed and sworn to before me, the undersigned Notary Public, this
17   _18_ day of _June_____ 19 9 8
18
19                                    _Patricia a McNiff_
20                                         Notary Public
21
22
23
24
25
26
27
28

1   RUSSELL J. FRACKMAN
    YAKUB HAZZARD
2   MITCHELL SILBERBERG & KNUPP LLP                **98-6507**
    11377 West Olympic Boulevard
3   Los Angeles, CA 90064-1683
    Telephone: (310) 312-2000
4   Facsimile: (310) 312-3100

5   KAREN L. STETSON                               **CIV-MIDDLEBROOKS**
    2350 Prairie Avenue
6   Miami, FL 33140
    Telephone: (305) 532-4845                      **MAGISTRATE JUDGE**
7   Facsimile: (305) 604-0598                      **BROWN**

8   Attorneys for Plaintiffs

9              UNITED STATES DISTRICT COURT        **RECEIVED**

10             SOUTHERN DISTRICT OF FLORIDA        JUL 2 4 1998

11

12  SONY MUSIC ENTERTAINMENT INC., a      CASE NO.       Mitchell, Silberberg & Knupp LLP
    corporation; A & M RECORDS, INC., a   DEFENDANTS ANSWER TO
13  corporation; BMG MUSIC, d/b/a THE RCA **PLAINTIFFS' FIRST SET OF**
    RECORD LABEL, a general partnership;  **INTERROGATORIES TO**
14  CAPITOL RECORDS, INC., a corporation; **DEFENDANT JACK MILLMAN**
    ELEKTRA ENTERTAINMENT, a division of
15  WARNER COMMUNICATIONS, INC., a
    corporation; MCA RECORDS, INC., a
16  corporation; POLYGRAM RECORDS, INC.,
    a corporation; and WARNER BROS.
17  RECORDS INC., a corporation,

18                  Plaintiffs,

19      v.

20  GLOBAL ARTS PRODUCTIONS, an entity
    of unknown form; DANNY JORDAN, an
21  individual; SATURN RECORDS, an entity of
    unknown form; STACK-O-HITS, an entity of
22  unknown form; and JACK MILLMAN, an
    individual,
23
                    Defendants.
24

25

26  PROPOUNDING PARTY:        PLAINTIFFS

27  RESPONDING PARTY:         DEFENDANT JACK MILLMAN

28  SET NO.:                  One (1)

    0003084.1                 EXHIBIT "B"

Mitchell Silberberg &
   Knupp LLP

1

2        Pursuant to Rule 33 of the Federal Rules of Civil Procedure, plaintiffs hereby

3  request that defendant Jack Millman answer the following interrogatories in writing

4  separately, fully, and under oath, within thirty (30) days of service hereof or such other time

5  as may be ordered by the Court.

6

7                         **DEFINITIONS**

8

9       A.    "PHONORECORDS" means and refers to phonorecords as that term is

10  defined in Section 101 of the United States Copyright Act, 17 U.S.C § 101, including without

11  limitation compact discs, audio cassette tapes, long-playing disc record albums, digital audio

12  tapes, and reel to reel tapes.

13

14       B.    "PLAINTIFFS' RECORDINGS" means and refers to the specific sound

15  recordings listed and identified in Schedule A and Schedule B to the Complaint, copies of

16  which are attached hereto.

17

18       C.    "YOU" and "YOUR" means and refers to defendant Jack Millman, and any of

19  his licensees, assigns or successors in interest, and any corporation or entity under which he

20  conducts business.

21

22                      **INTERROGATORIES**

23

24       1.    Identify each of PLAINTIFFS' RECORDINGS for which YOU now

25  claim or ever have claimed the right to license, manufacture, distribute and/or sell

26  PHONORECORDS.

27

28

Mitchell Silberberg &
Knupp LLP

0003084.1

- 2 -

```
 1          answer; M/V Productions Inc. had non-exclusive rights to
 2                   versions of the following songs
 3
 4          "Baby, We Better Try And Get It Together" [Barry White]
 5          "Honey Please, Can't Ya See"              [Barry White]
 6          "Let The Music Play"..                    [Barry White]
 7          "Never Never Gonna Give Ya Up"            [Barry White]
 8          "You See The Trouble With Me"             [Barry White]
 9          "Benedictus"                       [Simon & Garfunkel]
10          "Peggy-O"                          [Simon & Garfunkel]
11          "Sparrow"                          [Simon & Garfunkel]
12          "The Sounds Of Silence"            [Simon & Garfunkel]
13          "Wednesday Morning - 3 A.M.        [Simon & Garfunkel]
```

13          2.      For each of PLAINTIFFS' RECORDINGS which YOU claim or have

14   claimed rights in YOUR response to Interrogatory No. 1 above, set forth in detail the nature

15   of the rights claimed and each and every basis for YOUR claim of rights.

16          answer;

```
17          Purchased via a non-exclusive Bill Of Sale from Marc Gordon
18          Productions/Colon United-Al Biaggi 1022 North Las Palmas Ave.
19          Hollywood California in 1980 or 1981.Bought by MV Prod.
```

20          3.      Identify by date, title, persons addressed, persons signatory, and any

21   other description sufficient to identify them, each and every document that evidences, refers

22   to or reflects YOUR claimed rights in PLAINTIFFS' RECORDINGS.

```
23          answer; Documents are not in my possession. Documents were
24                  deliverd to Joseph Vincent Exec.VP, SSV Music Publishing
25                  Company Suite#G-233, 20162 Highway #18, Apple Valley, Ca.
26                  92307-2935 (760 242 9263)
```

27          4.      State the last name, and present or last known business and residence

28   addresses and telephone numbers of each person who you believe has any knowledge or

29   information concerning the rights claimed by YOU in PLAINTIFFS' RECORDINGS, and

30   describe the nature of the information each such person possesses.

```
31          Danny Jordan(address unknown), Shelly Leibowitz Saturn Records
32          Florida(Current address unknown), Lawrence Steinberg Ontario
33          Canada (Current address unknown), John LaMonte Lancaster(Current
34          address unknown), Marshall Sehorn New Orleans Louisiana, Bob Reno
35          Hollywood Calif.,(Current address unknown), Bob Scherl Van Nuys
36          Calif.,(Address unknown), Rickey Ivie Esq. 201 North Figueroa
37          Street L.A. Calif.,90012-26301, San Juan Music(address unknown)
38          Richard kransdorff Esq.(present location somewhere in Los Angeles)
39          Frankie Moore(Somewhere in Texas), Thomas Bennetti[?], Bear
40          Records-Germany, HHO Records-England, Magnum Force Records-U.K.,
```

answer to #4 continued;

Tring Records-England, Pilz Records-Conchord Penn., RecTrak Records
Wilhelm Metrich Somerset New Jersey, Boog[?] Astin Music (can't
remember), Grover Wibmerley San Bernardino Calif., Toshi KanAmerica
Japan import-export (So. Calif.-?), Don Wayne Jet Records Canada,
Hans DeDutcht-Holland, Hubb Hermas-Holland, George
kukazellie-Uni Disc Canada, Morris Moe  Lydle-Gusto
King & Starday Records, Mike Shepherd & Hank Levine
Nashville Tennessee, United Monetary Leasing, Jerry
Dennon, Jules Kurz Esq. N.Y., Howard Silver Los Angeles
Calif., Paul Wyatt Nashville Tenn.(Deceased), Delta
Laserlight Records U.S. & Germany, Satellite Sounds Inc.
Mary Ann Laferty Darby PA., Odyssey Productions &
Morgan Emerson Eng.Paul Whitehead 920 Lynwood Ave.
Nashville Tenn.(deceased), Marc Gordon Colon United
1022 North Las Palmas Ave. Hollywood Calif., James
Horner CSI Norcross Georgia Classic Sounds Inc., Al
Schulman.............many other I can't recall.

5.   State the name and present or last known business and residence
addresses and telephone numbers of each person or entity to whom YOU have issued a
license, sold or transferred any rights in any of PLAINTIFFS' RECORDINGS, and the date
of each such license or transfer.

answer; Wesley E. Sanborn Koala Records Nashville Tennessee in
          1997-or-1980

6.   Describe the terms of each license or transfer identified in YOUR
response to Interrogatory No. 5.

answer; I can't recall, it's been some 18 years since then.
It was a non-exclusive Bill Of Sale. Sale was initiated by
N/V Productions Inc. to Koala Records.

7.   Identify by date, title, persons addressed, persons signatory, and any
other description sufficient to identify them, each and every document that evidences, refers
to or reflects the term of each license or transfer identified in response to Interrogatory No. 5.

answer; I have no documents in my possession and do not remember
          information from documents.

-4-

1      8.     State the name and present or last known business and residence

addresses and telephone numbers of each person who has or who YOU believe has any

2    knowledge or information concerning the licenses or transfers identified in your response to

3    Interrogatory No. 5.

4    answer; Unknown to me. I have no data nor knowledge regarding this question,
                        other than note and related in my previous answers.

5    DATED: April 28, 1998                 MITCHELL SILBERBERG & KNUPP LLP
                                           RUSSELL J. FRACKMAN
6                                          YAKUB HAZZARD

7                                                  and

8                                          KAREN L. STETSON

9

10   By: _____

11          RUSSELL J. FRACKMAN
            Attorneys for Plaintiffs

12

13

14   _____
        Jack M. Millman
15

16

17

18

19

     Subscribed and sworn to before me, the undersigned Notary Public, this
20   18 day of June              1998

21

22   _____
            Notary Public
23

24

25

26

27

LAW OFFICES
## MITCHELL SILBERBERG & KNUPP LLP
A PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS

Robert J. Frackman                TRIDENT CENTER                FILE NO: 11224-79
A Professional Corporation    11377 WEST OLYMPIC BOULEVARD
Telephone (310) 312-3119      LOS ANGELES, CALIFORNIA 90064-1683
FAX: (310) 312-3788
Internet Address RJF@MSK.COM        (310) 312-2000
                               FAX: (310) 312-3100

August 6, 1998

VIA TELECOPY

David Seif, Esq.
2400 E. Commercial Blvd., Suite 723
Ft. Lauderdale, Florida 33308

Frank Eman, Esq.
Bellanca, Beattie & DeLisle
20480 Vernier Road
Harper Woods, Michigan 48225

        Re:   Sony Music Entertainment Inc., et al. v. Global Arts Productions, et al.

Gentlemen:

        We are writing concerning Jack Millman's discovery responses. In response to Interrogatory No. 3 which requests Mr. Millman to identify the documents which support his claimed rights in Plaintiffs' recordings, Mr. Millman states that the documents were delivered to Joseph Vincent. As a result, in response to each of Plaintiffs' document requests, Mr. Millman states that he does not have any responsive documents.

        As you know, Under Rule 34 of the Federal Rules of Civil Procedure, Plaintiffs are entitled "to inspect and copy, test or sample any tangible things ... which are in the possession, custody or control" of Mr. Millman. Accordingly, we demand that Mr. Millman comply with his discovery obligations by retrieving the documents from Mr. Vincent, and producing them immediately. Please confirm in writing that Mr. Millman will forthwith obtain and produce the requested documents. If Mr. Millman either refuses to produce or cannot produce the documents, please explain when and under what circumstances the requested documents were given to Mr. Vincent, and why Mr. Millman did not retain copies of them. Of course, we reserve our right to seek appropriate sanctions against Mr. Millman for failure to comply with his discovery obligations, including an order that he cannot use the documents requested, or that he be precluded from contesting Plaintiffs' claims.

EXHIBIT "C"

David Seif, Esq.
August 6, 1998
Page 2

        Given that discovery requests have been pending for eleven weeks and is the subject of two Court orders directing Mr. Millman to provide full and complete responses to the requests, we expect an immediate response to this letter.

        Very truly yours,

Russell J. Frackman
of
Mitchell Silberberg & Knupp LLP

YH:cam