RUSSELL J. FRACKMAN
YAKUB HAZZARD
MITCHELL SILBERBERG & KNUPP LLP
11377 West Olympic Boulevard
Los Angeles, CA 90064-1683
Telephone: (310) 312-2000
Facsimile: (310) 312-3100

KAREN L. STETSON
2350 Prairie Avenue
Miami, FL 33140
Telephone: (305) 532-4845
Facsimile: (305) 604-0598

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| SONY MUSIC ENTERTAINMENT INC., a corporation; A & M RECORDS, INC., a corporation; BMG MUSIC, d/b/a THE RCA RECORD LABEL, a general partnership; CAPITOL RECORDS, INC., a corporation; ELEKTRA ENTERTAINMENT, a division of WARNER COMMUNICATIONS, INC., a corporation; MCA RECORDS, INC., a corporation; POLYGRAM RECORDS, INC., a corporation; and WARNER BROS. RECORDS INC., a corporation, | CASE NO. 98-6507-Civ-Middlebrooks |
| Plaintiffs, | |
| v. | **PLAINTIFFS' MOTION TO COMPEL AND FOR MONETARY SANCTIONS AGAINST DEFENDANT DANNY JORDAN AND MEMORANDUM OF LAW IN SUPPORT THEREOF** |
| GLOBAL ARTS PRODUCTIONS, an entity of unknown form; DANNY JORDAN, an individual; SATURN RECORDS, an entity of unknown form; STACK-O-HITS, an entity of unknown form; and JACK MILLMAN, an individual, | |
| Defendants. | |

Mitchell Silberberg &

1         Plaintiffs Sony Music Entertainment Inc. et al. ("Plaintiffs") respectfully request

2   this Court's entry of an Order, pursuant to Rule 37(d) of the Federal Rules of Civil Procedure,

3   requiring Defendant Danny Jordan ("Jordan") to appear for deposition and to reimburse Plaintiffs

4   for all costs incurred by them as the result of Jordan's willful failure to appear for his duly noticed

5   deposition in this matter.

6

7   **INTRODUCTION**

8

9         In yet another "startling display of intransigence," as aptly described by the Court in its

10  Order of October 14, 1998, Defendant Jordan has refused to be deposed.  He once again flouted

11  the authority of this Court by agreeing to appear for his deposition and then failing to appear

12  without seeking relief from the Court and apparently against the advice of his own counsel.

13  Jordan's deliberate refusal to participate in this litigation has previously resulted in the entry of

14  two discovery orders (both of which were ignored), two monetary sanction awards (both of

15  which remain unpaid to date), and a default against Jordan and one of the fictitious entities

16  through which he conducts business, Global Arts Productions.  The salient facts surrounding

17  Plaintiffs' attempts to depose Jordan follow.

18

19  **THE SCHEDULING AND NON-APPEARANCE**

20  **OF JORDAN'S DEPOSITION**

21

22        Plaintiffs have been eager to conduct Jordan's deposition for many months now, but were

23  told in approximately July 1998 by Jordan's predecessor counsel, David Seif, that irreconcilable

24  differences had arisen between him and Jordan and Jordan would be retaining other counsel.

25  However, as the Court will recall, new counsel was not voluntarily retained until this Court

26  entered an order on September 15, 1998, imposing a deadline within which to do so.  Even then,

27

28

Mitchell Silberberg &

0025532.1

1   It is apparent that Jordan has no regard for the consequences of his actions.[2] As a result,

2   Plaintiffs have needlessly incurred substantial expenses, including $1,670.00, representing

3   attorney's fees preparing for the deposition; $150.00, representing court reporter's fees; $832.65,

4   representing travel expenses incurred by Matthew J. Oppenheim, Esquire, who traveled from

5   Washington, D.C. to Los Angeles, California, for purposes of attending the deposition as

6   Plaintiffs' representative; $60.75, representing photocopy charges incurred in connection with

7   deposition preparation; and $1,420.00, representing attorney's fees incurred preparing and filing

8   the instant motion.  By this motion, Plaintiffs seek reimbursement of these expenses, as well as an

9   order compelling Jordan's appearance for deposition.

10

11

12   **MEMORANDUM OF LAW**

13

14   Pursuant to Rule 37(d) of the Federal Rules of Civil Procedure, where a party fails

15   to appear for a duly noticed deposition, the Court "may make such orders in regard to the failure

16   as are just," including the entry of an order compelling that party's appearance for deposition.

17   Additionally, pursuant to Rule 37(d), the Court *must* award reasonable expenses, including

18   attorneys' fees, incurred by Plaintiffs as a result of Jordan's refusal to appear at his duly noticed

19   deposition unless Jordan can establish that his non-attendance was substantially justified or an

20   award of monetary sanctions would be unjust.  See F.R.C.P. 37(d) (". . . [t]he court shall require

21   the party failing to [appear for deposition] . . . to pay the reasonable expenses, including

22   attorney's fees caused by the failure, unless the court finds that the failure was substantially

23   justified or that other circumstances make an award of expenses unjust."); 8A Wright, Miller &

24   Marcus, Federal Practice and Procedure: Civil 2d § 2289 (2d ed. 1994) (monetary sanctions are

25

26   [2] It has also become apparent that Jordan is not alone among the cast of characters
    involved in this case in his  lack of regard for consequences.  Three days after Jordan failed to

27   appear for his deposition, Richard Perlman, apparently a principal of Global Arts (as well as a
    percipient fact witness), failed to appear for his deposition in California despite a valid subpoena

28   to appear.  Plaintiffs have filed a Motion for Contempt against Perlman which is pending in the
    United States District Court for the Central District of California.

Mitchell Silberberg &

0025532.1

- 5 -

1    the "one sanction that must always be considered no matter what action is taken under" the other

2    provisions of F.R.C.P. 37).   See also Jaffe v. Sundown Properties, Inc., 808 F.2d 1425, 1427

3    (11th Cir. 1987) (noting that a Rule 37(d) attorney's fee award is a sanction in and of itself,

4    irrespective of other alternatives the court may also deem appropriate).

5

6              Clearly, no justification or special circumstance exists here to excuse Jordan's

7    conduct.  Not only did Jordan wait until the last possible moment to express his refusal to appear

8    for deposition -- after the deposition was specifically rescheduled to accommodate his schedule --

9    but neither Jordan nor his counsel has offered any excuse for the refusal to appear, nor offered

10   any dates in the future when Jordan would agree to appear.  Plaintiffs have endeavored to avoid

11   Court intervention by working in good faith with Jordan to schedule his deposition, but their good

12   faith has not been reciprocated, causing them to incur needless expenses.  Accordingly, pursuant

13   to F.R.C.P. Rule 37(d), Plaintiffs request that Jordan be required, in addition to any and all other

14   sanctions the Court may deem appropriate, to reimburse Plaintiffs for their expenses, including

15   attorneys' fees, incurred in pursuing the discovery at issue.

16

17                              **CONCLUSION**

18

19              For all of the foregoing reasons, Plaintiffs respectfully request that the Court issue

20   the order requested.

21

22

23

24

25

26

27

28

Mitchell Silberberg &

0025532.1

1

## <u>CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 26.1(I)</u>

2

3          I HEREBY CERTIFY that Plaintiffs' counsel has conferred with opposing counsel

4    in a good faith attempt to resolve the issues raised in the foregoing Motion without success.

5

6    DATED: December 14, 1998                    RUSSELL J. FRACKMAN
                                                  YAKUB HAZZARD
7                                                 MITCHELL SILBERBERG & KNUPP LLP
                                                      and
8                                                 KAREN L. STETSON

9                                          By: _____
10                                              Russell J. Frackman
                                                Attorneys for Plaintiffs
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Mitchell Silberberg &

0025532.1

1

## CERTIFICATE OF SERVICE

2

3        I HEREBY CERTIFY that a true and correct copy of the foregoing Motion to Compel

4   and for Monetary Sanctions Against Jordan was mailed to Kevin McDermott, Esquire, 17452

5   Irvine Boulevard, Suite 200, Tustin, CA 92780 and Michael A. Vandetty, Esquire, 5601 Biscayne

6   Boulevard, Miami, Florida 33137 this 14th day of December, 1998.

7

8                                                    _____
                                                        Karen L. Stetson
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Mitchell Silberberg &

0025532.1

- ii -

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.  98-6507-CIV-MIDDLEBROOKS

SONY MUSIC ENTERTAINMENT
INC.,  et al.,

       Plaintiffs,

vs.

GLOBAL ARTS PRODUCTIONS,
et al.,

       Defendants.
_____/

## NOTICE OF TAKING DEPOSITION

TO:   Kevin Barry McDermott, Esq.        Michael A. Vandetty, Esq.
      Attorney for Defendants            5601 Biscayne Blvd.,
      17452 Irvine Blvd., Suite 200      Miami, FL 33137
      Tustin, CA 92680

       PLEASE TAKE NOTICE that the undersigned attorneys will take the depositions

of:

| **NAME** | **DATE AND TIME** | **PLACE** |
|---|---|---|
| Danny Jordan | November 11 & 12, 1998<br>10:00 a.m. | Mitchell Silberberg & Knupp<br>11377 W. Olympic Blvd.<br>Ste. 800<br>Los Angeles, CA 90064 |

upon oral examination before a Notary Public or officer authorized by law to take

KA

**EXHIBIT "A"**

depositions in the State of California. The oral examination will continue from day to day until completed. The deposition is being taken for the purpose of discovery, for use at trial, or for such other purposes as are permitted under the Rules of Court.

I HEREBY CERTIFY that a true and correct copy of the foregoing Notice of Taking Deposition was faxed and mailed to the above named addressees this __2d__ day of November, 1998.

Russell J. Frackman
Yakub Hazzard
Mitchell Silberberg & Knupp LLP
11377 W. Olympic Boulevard
Los Angeles, CA  90064
(310)  312-2000

and

Karen L. Stetson
P.O. Box 2731
Miami Beach, FL  33140
(305) 532-4845

Attorneys for Plaintiffs

By: _Karen L. Stetson_
Karen L. Stetson

-2-

LAW OFFICES OF
## KEVIN BARRY McDERMOTT
ATTORNEY AT LAW

KEVIN BARRY McDERMOTT*

17452 IRVINE BLVD., SUITE 200
TUSTIN, CALIFORNIA 92780

(714) 731-5297 (LAWS)
(714) 731-3649 (FAX)
(800) 723-6590 (VOICE PAGER)

* LICENSED TO PRACTICE IN ALL
STATE AND FEDERAL COURTS
FOR CALIFORNIA AND FLORIDA
AND ALL MILITARY COURTS
WORLDWIDE

November 7, 1998

Via U.S. Mail & telefax

Karen Stetson, Esq.
2350 Prairie Avenue
Miami, Florida 33140

Russell Frackman, Esq.
Mitchell Silberberg & Knupp, LLP
11377 West Olympic Boulevard
Los Angeles, California 90064

> Re: **Sony v. Global**
> Deposition of Danny Jordan

Dear Ms. Stetson and Mr. Frackman,

My client, Mr. Jordan, has informed me that, due to scheduling conflicts, he cannot possibly attend his deposition now scheduled for November 11 and 12, 1998. While my calendar was open for those dates, his calendar apparently was not.

I apologize for any inconvenience this may cause you. If I may suggest, it is my understanding that the deposition of Mr. Leibowitz will be scheduled soon for the first week of December. If at all possible, I will try to arrange for substitute dates that week with my client.

Your anticipated courtesy and understanding in this matter is greatly appreciated.

Sincerely,


LAW OFFICES OF KEVIN BARRY MC DERMOTT


BY KEVIN BARRY MC DERMOTT
KBM/ltm

cc: Jack Millman
    Danny Jordan
    Michael VanDetty, Esq.


**EXHIBIT "B"**

# *Karen L. Stetson, Esq.*

2350 Prairie Avenue
Post Office Box 2731
Miami Beach, Florida 33140

Telephone: (305) 532-4845                              Fax: (305) 604-0598

November 9, 1998

**VIA FACSIMILE**

Kevin Barry McDermott, Esquire
LAW OFFICES OF KEVIN BARRY McDERMOTT
17452 Irvine Blvd., Suite 200
Tustin, CA 92680

> RE:    Sony Music Entertainment Inc. et al. v Global Arts
>          Productions, et al.

Dear Kevin:

   We were surprised to receive your letter on Saturday informing us for the first time
that Mr. Jordan will be unavailable for deposition this week as scheduled. You have
indicated that your client cannot attend his deposition this week because he is in Europe.
Frankly, given your client's extensive infringing activities in Europe, we are concerned
that his very excuse for non-attendance may result in additional harm to the plaintiffs.

   As you know, we scheduled Mr. Jordan's deposition for November 11th and 12th
after specifically conferring with you on Friday, October 30th, at Mr. Millman's deposition
in Arizona. You will recall that when Mr. Jordan's notice was first faxed to you on
November 2, 1998 erroneously scheduling his deposition for November 18th and 19th, you
called me to point out my error and to request that it be re-noticed for the agreed-upon
dates this week. There was no mention of your client's unavailability at that time.

   As it stands now, Mr. Jordan is still subject to an outstanding, valid notice of
deposition. You have not sought protection from the Court and we reserve all rights to
seek appropriate relief from the Court to compel his attendance.

   In an attempt to assure Mr. Jordan's deposition without Court intervention,
however, we propose conducting his deposition in Los Angeles on December 3rd and 4th.
We would offer dates for next week, but we understand that your schedule is full all of
next week. The following week is a holiday week, making travel difficult, if not

**EXHIBIT "C"**

Kevin Barry McDermott, Esquire
November 9, 1998
Page two

impossible.  Although we are not happy about putting Mr. Jordan's deposition off until December, it appears, based on your schedule, that December 3rd and 4th are the earliest possible dates to re-schedule his deposition.

Please confirm by the end of the day that Mr. Jordan will appear for his deposition on December 3rd and 4th in Los Angeles to obviate our need to file a motion compelling his attendance.  Thank you.

Very truly yours,

Karen L. Stetson

KLS/fdb

cc: Russell J. Frackman, Esquire
    Yakub Hazzard, Esquire
    Matthew J. Oppenheim, Esquire

# Karen L. Stetson, Esq.

2350 Prairie Avenue
Post Office Box 2731
Miami Beach, Florida 33140

Telephone: (305) 532-4845                                    Fax: (305) 604-0598

November 12, 1998

**VIA FACSIMILE**

Kevin Barry McDermott, Esquire
LAW OFFICES OF KEVIN BARRY McDERMOTT
17452 Irvine Blvd., Suite 200
Tustin, CA 92680

>      RE:   Sony Music Entertainment Inc. et al. v Global Arts
>              Productions, et al.

Dear Kevin:

In accordance with our telephone conversation of yesterday, enclosed is a re-notice of Danny Jordan's deposition for December 3 & 4th in Los Angeles. You have indicated to me that you have confirmed Mr. Jordan's availability for those dates and location.

Very truly yours,

Karen L. Stetson

KLS/fdb

cc: Russell J. Frackman, Esquire
    Yakub Hazzard, Esquire
    Matthew J. Oppenheim, Esquire

**EXHIBIT "D"**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 98-6507-CIV-MIDDLEBROOKS

SONY MUSIC ENTERTAINMENT
INC., et al.,

      Plaintiffs,

vs.

GLOBAL ARTS PRODUCTIONS,
et al.,

      Defendants.
_____/

## RE-NOTICE OF TAKING DEPOSITION

TO:   Kevin Barry McDermott, Esq.         Michael A. Vandetty, Esq.
      Attorney for Defendants            5601 Biscayne Blvd.,
      17452 Irvine Blvd., Suite 200      Miami, FL 33137
      Tustin, CA 92680

      PLEASE TAKE NOTICE that the undersigned attorneys will take the depositions

of:

| NAME | DATE AND TIME | PLACE |
|------|---------------|-------|
| Danny Jordan | December 3 & 4, 1998<br>10:00 a.m. | Mitchell Silberberg & Knupp<br>11377 W. Olympic Blvd.<br>Ste. 800<br>Los Angeles, CA 90064 |

upon oral examination before a Notary Public or officer authorized by law to take

depositions in the State of California. The oral examination will continue from day to day until completed. The deposition is being taken for the purpose of discovery, for use at trial, or for such other purposes as are permitted under the Rules of Court.

I HEREBY CERTIFY that a true and correct copy of the foregoing Notice of Taking Deposition was faxed and mailed to the above named addressees this _12th_ day of November, 1998.

> Russell J. Frackman
> Yakub Hazzard
> Mitchell Silberberg & Knupp LLP
> 11377 W. Olympic Boulevard
> Los Angeles, CA  90064
> (310)  312-2000
>
> and
>
> Karen L. Stetson
> P.O. Box 2731
> Miami Beach, FL  33140
> (305) 532-4845
>
> Attorneys for Plaintiffs
>
> By: _Karen L. Stetson_
>     Karen L. Stetson

-2-

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

SONY MUSIC ENTERTAINMENT,   )
INC., et al.,               )
                            )
            Plaintiffs,     )   No. 98-6507-CIV
                            )      MIDDLEBROOKS
       vs.                  )
                            )
GLOBAL ARTS PRODUCTIONS,    )      Certificate
et al.,                     )   Re Nonappearance
                            )      of Witness
            Defendants.     )
_____)

            I, Theresa A. Crowley, CSR No. 5513,

a Certified Shorthand Reporter in and for the State

of California, do hereby certify:

            That at the request of Russell J.

Frackman, Esq., from Mitchell, Silberberg & Knupp,

attorneys for the Plaintiffs in the above-entitled

action, I appeared at 11377 West Olympic Boulevard,

Los Angeles, California, on Friday, December 4,

1998, for the purpose of administering the oath to

and reporting the deposition of Danny Jordan;

            That also present were Kevin Barry

McDermott, Esq., Matthew J. Oppenheim, Esq., and

**EXHIBIT "E"**

1    Yakub Hazzard, Esq.;

2              That at 10:15 a.m., the witness

3    having failed to appear, the following record was

4    made:

5              "MR. FRACKMAN:  We're here for the

6         deposition of Danny Jordan.  And present in

7         addition to myself is my colleague, Yakub

8         Hazzard; Matt Oppenheim, who has come out for

9         the deposition -- client representative who's

10        come out from Washington; and Mr. McDermott,

11        who's Mr. Jordan's and Global Arts' attorney

12        of record in this case.

13             "The deposition was scheduled to

14        commence at 10 o'clock this morning.  We were

15        advised by Mr. McDermott yesterday -- a

16        message was left on the machine, and our

17        office was closed yesterday.  We were advised

18        sometime yesterday that Mr. Jordan would not

19        appear today for his deposition.  And,

20        indeed, it is now 10:15 or so, and he has not

21        appeared.

22             "Just for the record, some background

23        on the setting of Mr. Jordan's deposition.

24        We discussed possible dates for Mr. Jordan's

25        deposition with Mr. McDermott at the

                                                    2

1        deposition of Mr. Millman on October 30.  At

2        that time we discussed setting Mr. Jordan's

3        deposition for November 12 and 13, I believe,

4        and notices were sent out.

5             "We were advised thereafter by

6        Mr. McDermott that Mr. Jordan was in Europe

7        during that period of time, and we did agree

8        to put over the deposition to December 3 and

9        December 4, yesterday and today.  And a new

10       notice was sent out reflecting those dates in

11       a timely fashion.

12           On Tuesday, December 1, at the

13       deposition of Mr. Liebowitz, I informed

14       Mr. McDermott that because of the death of

15       our senior partner, whose funeral was

16       yesterday, we could not take Mr. Jordan's

17       deposition on December 3, but we would go

18       forward on the 4th and hoped to continue the

19       deposition on Tuesday, December 8.  And we

20       agreed that the deposition would not take

21       place on the 3rd and that we would go forward

22       on the 4th and that Mr. McDermott would let

23       us know about his schedule for December 8th.

24           "And then, as I say, we were advised

25       yesterday, apparently after Mr. McDermott

1       conferred with his client, Mr. Jordan, that

2           Mr. Jordan would not appear.

3               "MR. McDERMOTT:   Contrary to my

4       advice and counsel that he should.   I want to

5       make it clear for the record that I did spend

6       time discussing with my client the

7       consequences and the importance of appearing

8       for the deposition here today.

9               "MR. FRACKMAN:   I think that's it.

10              "MR. McDERMOTT:   Thank you."

11

12              I certify under penalty of perjury

13  that the foregoing is true and correct.

14              Executed at Torrance, California,

15  this 4th day of December, 1998.

16

17

18                      _Theresa A Crowley_

19                  Theresa A. Crowley
                    Certified Shorthand Reporter
                            No. 5513

20

21

22

23

24

25

4