UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 98-6507-CIV-MIDDLEBROOKS

FILED by _____ D.C.

NOV 4 1999

SONY MUSIC ENTERTAINMENT, INC.,
et al.
        Plaintiffs,

vs.

GLOBAL ARTS PRODUCTIONS; DANNY
JORDAN; SATURN RECORDS; STACK-O-
HITS; and JACK MILLMAN,

        Defendants.
_____/

## **FINAL DEFAULT JUDGMENT**

THIS CAUSE comes before the Court upon the Plaintiffs' Application For Entry of Default Judgment Against Defendants Global Arts Productions and Danny Jordan, filed October 4, 1999. DE #89. Defendants have failed to file a response.

### I.

The facts pertinent to the disposition of this matter are as follows. Sometime in late 1997, the Recording Industry Association of America, whose membership is essentially composed of the Plaintiffs in this case, began an investigation of Defendant Danny Jordan and his company, Defendant Global Arts Productions, based on a suspicion that the Defendants were engaging in a massive scheme to "pirate" records. The ensuing investigation suggested that these Defendants were in the business of copying and distributing recordings owned by the Plaintiff record companies. In addition, the evidence suggested that these Defendants also purported to own the rights to the recordings to third parties, both in the United States and around the world, and "licensed" these recordings to these parties, who proceeded to further copy



and distribute Plaintiffs' recordings. To date, Plaintiffs estimate that Defendants Danny Jordan and Global Arts Productions have usurped nearly 500 of Plaintiffs' sound recordings, and are responsible for the presence of over one million illicit compact discs on the market in the United States, Japan, Germany, the U.K., and thirteen other countries worldwide.

After an attempt to resolve the situation without court intervention failed, the Plaintiffs filed suit in this Court on May 18, 1998. To date, Defendant Jordan, acting for himself and his corporation Global Arts, has egregiously flouted this Court's authority on numerous occasions, resulting in the entry of two discovery orders, two monetary sanctions (both of which remain unpaid to date), and ultimately resulting in the striking of his pleadings and the entry of a default against both Jordan and Global Arts. And while Defendant Jordan may have been ignoring this Court's Orders and sanctions, he clearly has not been ignoring his business; the Plaintiffs present evidence that Global Arts issued another "license" on November 19, 1998, nearly a month after its default was entered in this case. On January 14, 1999, this Court entered partial default judgment against Jordan and Global Arts providing for injunctive relief, declaratory relief, notification of licensees, and delivery of infringing materials. Defendants' utter disregard for this Court's authority now includes their continued disobedience of the terms of the partial judgment. At the time Plaintiff's moved for and this Court granted entry of a partial judgment, Plaintiffs notified the Court that they would move for an award of damages against Global Arts and Jordan. Plaintiffs now seek an award calculated upon the statutory measure of damages under the Copyright Act (17 U.S.C. § 504(c)), including damages based upon Defendants' willful infringement.

## II.

Plaintiff's are entitled to the default judgment they seek. Because Global Arts and Jordan have defaulted, the well-pleaded factual allegations in the complaint are taken as true. *See*

*Nishimatsu Const. Co. Ltd. v. Houston Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). Thus, by virtue of this Court's entry of default against Global Arts and Jordan, Plaintiffs have established their entitlement to relief on all of the counts in the complaint, including the award of damages.

Further, not only are Plaintiffs entitled to damages, they are entitled to the maximum statutory damages for each of the 53 Copyrighted Recordings identified in their Complaint. Section 504(c) of the Copyright Act provides for a maximum statutory damage award of up to $100,000 per infringement in the event of a willful infringement.

> The copyright owner may elect, at any time before final judgment is rendered, to recover, instead of actual damages and profits, and award of statutory damages for all infringements involved in the action.. . .
> . . . .
> In a case where the copyright owner sustains the burden of proving, and the court finds, that the infringement was committed willfully, the court in its discretion may increase the award of statutory damage to a sum not more than $100,000.

Defendants' conduct here is easily categorized as willful. Indeed, virtually all the factors courts have considered in determining willfulness support the imposition of maximum statutory damages. These factors include: (1) continued infringement with knowledge there was a question of ownership rights involved, *Dolman v. Agee*, 157 F.3d 708, 715 (9th Cir. 1998); (2) the identical nature of the infringing product, *N.A.S. Import Corp. v. Chenson Enterprises, Inc.*, 968 F.2d 250, 252-53 (2nd Cir. 1992); (3) continued infringement after notice, *Chi-Boy Music v. Charlie Club, Inc.*, 930 F.2d 1224, 1228-29 (7th Cir. 1991); (4) surreptitious business practices, *Superior Form Builders, Inc. v. Chase Taxidermy Supply Co.*, 74 F.3d 488, 497 (4th Cir. 1996); and, (5) the need for deterrence, *Kenbrooke Fabrics, Inc. v. Holland Fabrics, Inc.*, 602 F.Supp. 151, 156 (S.D.N.Y. 1984). Further, Defendants' entire business was built upon infringement. *See Superior Form Builders, Inc.*, 74 F.3d at 497. Moreover, Global Arts' and Jordan's defaults provide further

evidence of willfulness. *See Fallaci v. New Gazette Literary Corp.*, 568 F.Supp. 1172, 1173 (S.D.N.Y. 1983) ("We draw a further inference of willfulness from the defendant's failure to appear and defend this action and [the complaint's] demand for increased statutory damages applicable to willful infringers"). Based upon all of these factors we find that an award of maximum statutory damages is warranted in this case, and award $100,000 for each of the 53 Copyrighted Recordings willfully infringed by Global Arts and Jordan.

### III.

Plaintiffs also seek default judgment awarding compensatory and punitive damages arising from Defendants' misappropriation of Plaintiffs' Pre-1972 recordings. This misappropriation constitutes infringement of common law copyright, unfair competition, and conversion under Florida law. *See CBS, Inc. v. Garrod*, 622 F. Supp. 532, 532 (M.D. Fla. 1985). Although Plaintiffs have clearly been damaged by this tortious conduct, Defendants have made it impossible to ascertain the full extent of those damages by secreting themselves and refusing to comply with the orders of this Court. What is known, however is that Defendants licenced each of the 84 Pre-1972 Recordings at issue at least once and that Plaintiff's receive licensing fees for their recordings that include sizable advances and continuing royalties on a per album basis.

An infringer's lack of cooperation in ascertaining damages resulting from the infringing conduct such as experience in this case is one of the legislative purposes underlying the enactment of the Copyright Act's statutory damages provisions. Indeed, several courts have commented that "the purpose of statutory damages . . . is to permit a wronged plaintiff to recover where there is insufficient proof of actual damages or profits." *Doehrer v. Caldwell*, 207 U.S.P.Q. 391 (N.D. Ill. 1980). Accordingly, the Court finds that it is appropriate to look to the statutory damages provision of the Copyright Act for guidance as to the proper award of damages in a situation such as this where

Defendants' complete and utter disregard for the authority of this Court has been the sole reason for Plaintiffs' inability to prove the full extent of their damages. *Accord Walt Disney Co. v. Video 47, Inc.*, 972 F.Supp. 595, 603 (S.D. Fla. 1996) (utilizing statutory damage provisions as a measure of compensatory damages against repeat offender who violated terms of injunction). Further, utilizing the same analysis this Court applied in finding the infringing conduct as to the 53 Copyrighted Recordings willful, we find that Defendants' appropriation was willful and therefore that an award of $100,000 for the 84 Pre-1972 Recordings appropriated by Defendants is warranted in this case. However, the Court will not grant Plaintiffs' request for punitive damages.

### IV.

For the foregoing reasons it is, ORDERED AND ADJUDGED that:

1. Global Arts Productions and Danny Jordan shall be liable to Plaintiffs, jointly and severally, for the sum of $5,300,000 representing statutory damages for each willful infringement under 17 U.S.C. § 504(c) of each of the 53 Copyrighted Recordings listed and identified on Schedule A to the Complaint;

2. Global Arts Productions and Danny Jordan shall be liable, jointly and severally, in the sum of $8,400,000 as damages for common law copyright infringement, unfair competition, and conversion; and

3. The Court shall retain jurisdiction for a determination of costs and fees upon appropriate motion.

DONE AND ORDERED in Chambers at Miami, Florida this 1st day of November 1999.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

copies to counsel of record